IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, et al.,<br><br>        Plaintiffs,<br><br>   vs.<br><br>PAULA HAYGARTH, et al.,<br><br>        Defendants. | CIVIL NO. 25-00297 JAO-RT<br><br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED |

**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED**

On July 17, 2025, Defendant Stefanie Horvath removed this case from the Circuit Court of the Fifth Circuit, State of Hawai'i, asserting diversity jurisdiction as the basis for subject matter jurisdiction in this action.  ECF No. 1 at 1.

Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679-80 (9th Cir. 2006). "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'"  *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Serv. LP*, 533

1

F.3d 1031, 1034 (9th Cir. 2008)); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court."); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Complete diversity must exist in so-called alienage cases. *See Yokeno v. Sekiguchi*, 754 F.3d 649, 653 (9th Cir. 2014). Corporations are citizens of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). By contrast, an LLC shares the citizenships of all of its owners/members. *See id.*

2

at 899, 902 ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").

Here, the Notice of Removal and attached exhibits aver that Plaintiff Life Mastery Network LLC was at the time of removal and is a Nevada limited liability company domiciled in Nevada. *See* ECF No. 1 ¶ 9(a). But none of the filed documents clearly allege the membership of Life Mastery Network LLC, or the citizenship of the member(s). The Court thus cannot determine whether complete diversity exists.

Accordingly, Defendants are ORDERED TO SHOW CAUSE why this action should not be remanded for lack of subject matter jurisdiction. Defendants must file a response to this Order to Show Cause by **August 11, 2025**, sufficiently identifying all parties' citizenships. Plaintiffs may also file a response by that date. Failure to timely or satisfactorily respond to this Order to Show Cause will result in remand.

IT IS SO ORDERED.

DATED:    Honolulu, Hawai'i, July 30, 2025.



Jill A. Otake
United States District Judge

CV 25-00297 JAO-RT, *Life Mastery Network LLC, et al. v. Haygarth, et al.*; ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED