CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY        1211
TROY C. YOUNG            11317
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone: (808) 521-9200
Fax: (808) 521-9210
Email:  jportnoy@cades.com
Email:  tcyoung@cades.com

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a Nevada
limited liability company dba LIANA
SHANTI ENTERPRISES and LIANE
WILSON, also known in the community as
LIANA SHANTI

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI, <br><br> Plaintiffs, <br> v. <br> PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10, <br><br> Defendants/Counterclaimants. | CIVIL NO. 1:25-cv-00297-JAO-RT <br><br> **PLAINTIFFS/COUNTERCLAIM DEFENDANTS' MOTION TO STRIKE DECLARATION OF AMANDA BRADY [ECF NO. 65-2] AND DECLARATION OF ANNA KELLEY [ECF NO. 65-3] OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING [ECF NOS. 60 AND 65]; DECLARATION OF TROY C. YOUNG; CERTIFICATE OF SERVICE** |



|  | Judge: | Hon. Jill A. Otake |
|--|--------|--------------------|
|  | Trial: | August 3, 2026 |

**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' MOTION TO STRIKE DECLARATION OF AMANDA BRADY [ECF NO. 65-2] AND DECLARATION OF ANNA KELLEY [ECF NO. 65-3] OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING [ECF NOS. 60 AND 65]**

Plaintiffs/Counterclaim Defendants LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI (collectively, "**Plaintiffs**"), by and through their counsel, Cades Schutte LLP, hereby move to strike the Declaration of Amanda Brady [ECF No. 65-2] and Declaration of Anna Kelley [ECF No. 65-3] (collectively, "**Declarations**"), or in the alternative, seek leave to file supplemental briefing to afford Plaintiffs an opportunity to respond to new arguments or evidence raised by Defendants/Counterclaimants PAULA HAYGARTH, BYRON HORVATH, and STEFANIE HORVATH (collectively, "**Defendants**") contained in the Declaration of Amanda Brady and Declaration of Anna Kelley filed herein and submitted in support of Defendants' Reply Memorandum in Support of Defendants/Counterclaimants' Motion for Summary Judgment on Plaintiffs' First Amended Complaint Filed July 3, 2025 (State Ct. Dkt. 443), Filed December 5, 2025 [ECF 46], filed on January 20, 2026 [ECF No. 66] (collectively, "**Reply**") (the "**Motion**").    Said Declarations are attached to

2

Defendants' Response to First Amended Concise Statement of Facts in Opposition to [Defendants'] Motion for Summary Judgment on Plaintiffs' First Amended Complaint Filed July 3, 2025 (State Ct. Dkt. 443) [ECF NO. 46], Filed On January 6, 2026 [ECF 63], filed on January 20, 2026 [ECF No. 65].

Plaintiffs bring this Motion pursuant to Rule 7 of the Federal Rules of Civil Procedure, and Local Rules of Practice for the United States District Court for the District of Hawaii ("**Local Rules**") 7.2, 7.5, and 7.8.  The Motion is based on the accompanying arguments, the attached declaration, the records and files in this case, and such other matters that may be brought before the Court, and is made following the conference of counsel on February 4, 2026 where they discussed the substance of the Motion and unsuccessfully resolved the issues raised herein without Court intervention.  Declaration of Troy C. Young at ¶3.

## I.    ARGUMENT

### A.    The Declarations Should Not Be Considered By the Court.

Where new evidence and/or argument are presented in a reply to a motion for summary judgment, the district court should not consider them without affording the non-movant an opportunity to respond.  *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (citing *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990)) ("[W]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the non-

3

movant an opportunity to respond.") (brackets omitted); *Rodero v. Inouye*, No. CV 23-00581 MWJS-WRP, 2024 WL 1703106, at *3 (D. Haw. Apr. 19, 2024) ("Although Inouye submitted a declaration of his own in connection with his reply, the Court need not—and here will not—consider arguments and evidence raised for the first time in reply."); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (concluding that the district court did not abuse its discretion in denying Rule 59(e) motion where district court did not consider litigation privilege argument because movants did not raise the argument until their reply brief and "the district court need not consider arguments raised for the first time in a reply brief"); Local Rule 7.2 (noting that "[a]ny argument raised for the first time in the reply **shall** be disregarded) (emphasis added).

In *Martinez*, the United States District Court for the Southern District of Florida addressed motions to strike affidavits concerning a motion to dismiss and summary judgment. *Martinez v. Weyerhaeuser Mortg. Co.*, 959 F.Supp. 1511, 1515 (S.D. Fla. 1996). There, the district court found cause to strike an affidavit and reply memorandum that raised new arguments because Local Rule 7.1(c) of the Southern District of Florida provided that reply memorandum "shall be strictly limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law. No further or additional memoranda of law shall be filed without prior leave of Court." *Id.* at

1515. The district court considered the plain language of the rule and concluded that the movant may not raise new arguments in the reply brief. *Id.*

In *Provenz*, the plaintiffs filed a motion to strike 'new' evidence contained in the defendants' reply relating to a motion for summary judgment. *Provenz*, 102 F.3d at 1483. The plaintiffs also filed a supplemental declaration rebutting the defendants' new evidence. *Id.* The United States Court of Appeals for the Ninth Circuit ("**Ninth Circuit**") concluded, in part, that the District Court for the Northern District of California erred in denying the plaintiffs' motion to strike the defendants' new evidence and in refusing to consider the plaintiffs' supplemental declaration. *Id.* The Ninth Circuit agreed with the Seventh Circuit holding that "where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Id.* (quoting *Black v. TIC INV. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990)). In resolving the appeal, the Ninth Circuit "considered both the evidence submitted by the defendants in their reply and the evidence submitted by the plaintiffs in their supplemental declaration." *Id.*

In this case, Defendants submitted the above-referenced Declarations in support of their Reply which contain new evidence/arguments not raised in the Defendants' Motion for Summary Judgment. *See* ECF Nos. 45-46. For instance, in paragraph 14 of the Declaration of Amanda Brady, the declarant describes how Ms.

Wilson appeared to be improving in "her life and business" as a result of individuals speaking out against her.  Declaration of Amanda Brady at ¶14 [ECF. 65-2 at PageID.1115-16].  Defendants present evidence through the Declaration of Amanda Brady to support a contention that Plaintiffs have not experienced reputational or financial harm as a result of Defendants' actions.  S*ee id.*  Such a statement should be construed as new evidence raised for the first time as to damages.

Similarly, as for the Declaration of Anna Kelley, Ms. Kelley asserts, among other things, that during the time Ms. Kelley followed Ms. Wilson "closely between May 2021 to mid-2024, [Ms. Wilson] frequently stated publicly that she was the happiest and healthiest she had ever been, that she experienced no bad days, slept perfectly, and had an ideal personal life."  Declaration of Anna Kelley at ¶15 [ECF. 65-3 at PageID.1129].   In other words, Defendants appear to similarly present evidence through the Declaration of Anna Kelley that Plaintiffs have not been damaged by the Defendants' conduct.  Ms. Kelley further asserts, among other things, that Ms. Wilson stated in group discussions throughout 2023 that "she was responsible for the strategy and direction of the website [www.exposingfamilyabuse.com] and that another individual would serve as the public face."  *Id.* at ¶16 [ECF. 65-3 PageID.1130].  But there is no reference to the www.exposingfamilyabuse.com website in the Defendants' Motion for Summary Judgment.  *See* ECF Nos. 45-46.   In other words, Defendants raise new

arguments/evidence relating to the www.exposingfamilyabuse.com website for the first time through their Reply.

Defendants should not be permitted to present new arguments/evidence for the first time in their Reply.  The Local Rules nullify such conduct.  *See* Local Rule 7.2 (providing that "[a]ny argument raised for the first time in the reply shall be disregarded).  Additionally, sandbagging evidence goes against the principles of fairness because the Plaintiffs, as the non-moving parties, are precluded from responding to the Reply without leave of Court.  *See id.* (prohibiting submission of further or supplemental briefing without leave of court).  Accordingly, this Court should disregard the new evidence/arguments raised in the Declarations and strike them from the record.

### B. <u>Plaintiffs Should Be Granted Leave to File Supplemental Briefing.</u>

Alternatively, this Court should afford the Plaintiffs an opportunity to respond to the new arguments/evidence raised in the Declarations by allowing Plaintiffs to file supplemental briefing, including a supplemental declaration of Liane Wilson, and to possibly take oral depositions of these declarants.  Courts have allowed the filing of supplemental briefing under similar circumstances.  *See Evangelical Lutheran Good Samaritan Soc'y v. IPCR, LLC*, Civil No. 12-00177 KSC, 2013 WL 12120528, at *3 (*D. Haw. July 25, 2013) ("It is within the Court's discretion to authorize supplemental briefing, and it regularly does, to ensure that it has before it

7

a complete record."); *Provenz*, 102 F.3d at 1483 (considering supplemental declaration submitted by plaintiffs in light of new evidence allegedly raised in defendants' reply after noting the unfairness in allowing defendants to submit new evidence in their reply without affording plaintiffs an opportunity to respond). A district court should also afford the parties reasonable opportunity to present all material made pertinent by Rule 56. *See, e.g.*, *Lucas v. Bechtel Corp.*, 633 F.2d 757, 759 (9th Cir. 1980) (recognizing that the district court summarily dismissed labor claims without allowing sufficient fact gathering as provided in the rules); *see also* Fed. R. Civ. P. 56(d) (2) (allowing discovery if a nonmovant cannot present facts essential to justify its opposition). Plaintiffs, therefore, respectfully ask the Court to grant them leave to file supplemental briefing to allow Plaintiffs an opportunity to respond to the new arguments/evidence and to possibly take oral depositions of the declarants.

//

//

//

//

//

//

## II.   CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court strike the Declarations or in the alternative, grant Plaintiffs leave to file supplemental briefing to respond to the new arguments/evidence asserted in the Declarations and to possibly take oral depositions of the declarants.

DATED:  Honolulu, Hawaii, February 6, 2026.

CADES SCHUTTE
A Limited Liability Law Partnership


*/s/ Jeffrey S. Portnoy*
JEFFREY S. PORTNOY, ESQ.
TROY C. YOUNG, ESQ.

Attorneys for Plaintiffs/Counterclaim Defendants
LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI, | CIVIL NO. 1:25-cv-00297 (Other Civil Action) |
| | **DECLARATION OF TROY C. YOUNG** |
| Plaintiffs, | |
| v. | |
| PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10, | |
| Defendants/Count erclaimants. | |

## DECLARATION OF TROY C. YOUNG

STATE OF HAWAII                                              )

                                                                          ) SS.

CITY AND COUNTY OF HONOLULU      )

I, TROY C. YOUNG, being first duly sworn, deposes and says:

1. I am an attorney at Cades Schutte LLP, counsel for Plaintiffs/Counterclaim Defendants LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE

WILSON, also known in the community as LIANA SHANTI (collectively, "**Plaintiffs**") named in the above-captioned civil matter docketed as *Life Mastery Network LLC, et al. v. Paula Haygarth, et al.*; Civil No. 1:25-cv-00297, United States District Court for the District of Hawaii (the "**Subject Lawsuit**").

2.     I submit this Declaration in support of Plaintiffs' MOTION TO STRIKE DECLARATION OF AMANDA BRADY [ECF NO. 65-2] AND DECLARATION OF ANNA KELLEY [ECF NO. 65-3] OR IN THE ALTERNATIVE, MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION OF LIANE WILSON [ECF NOS. 60 AND 65] ("**Motion**"), filed in the above-captioned case.

3.     On February 4, 2026, I had a discussion via Zoom with Defendants' counsel, Laura Moritz, Esq. and Louise Ing, Esq., wherein I explained the bases for this Motion and asked them to withdraw the Declaration of Amanda Brady and Anna Kelley (collectively, "**Declarations**") or otherwise agree to a stipulation granting Plaintiffs leave to file a supplemental response to Defendants' Reply Memorandum in Support of Defendants/Counterclaimants' Motion for Summary Judgment on Plaintiffs' First Amended Complaint Filed July 3, 2025 (State Ct. Dkt. 443), Filed December 5, 2025 [ECF 46], filed on January 20, 2026 [ECF No. 66] ("**Reply**") in order to afford Plaintiffs an opportunity to respond to new arguments/evidence raised in the Reply through the Declarations pursuant to the local rules and case law.

2

On February 5, 2026, I received an email from Laura Moritz, Esq., indicating that

the Defendants do not agree with our analysis.

I declare under penalty of perjury that the foregoing statements are true and

correct to the best of my knowledge, information, and belief.

DATED:  Honolulu, Hawaii, February 5, 2026.


/s/ Troy C. Young
TROY C. YOUNG

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI, <br><br>        Plaintiffs/Counterclaim Defendants, <br><br>    v. <br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10, <br><br>        Defendants/Counterclaimants. | CIVIL NO. 1:25-cv-00297-JAO-RT <br><br>**CERTIFICATE OF SERVICE** |

## **CERTIFICATE OF SERVICE**

The undersign hereby certifies that true and correct copies of the foregoing document were duly served on the following counsel for the parties by electronic means:

LOUISE K.Y. ING                    louise.ing@dentons.com
LAURA P. MORITZ                    laura.moritz@dentons.com
Dentons US LLP
1001 Bishop Street, Ste. 1800
Honolulu, HI  96813

Attorneys for Defendants
PAULA HAYGARTH,
BYRON HORVATH, and
STEFANIE HORVATH

DATED:  Honolulu, Hawaii, February 5, 2026.

CADES SCHUTTE
A Limited Liability Law Partnership


*/s/ Jeffrey S. Portnoy*
JEFFREY S. PORTNOY, ESQ.
TROY C. YOUNG, ESQ.

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a
Nevada limited liability company dba
LIANA SHANTI ENTERPRISES and
LIANE WILSON, also known in the
community as LIANA SHANTI

2