LOUISE K.Y. ING        2394
LAURA P. MORITZ        7860

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI 96813
Telephone:  808 524 1800
Facsimile:  808 524 4591
Email:        louise.ing@dentons.com
              laura.moritz@dentons.com

Attorneys for Defendants/Counterclaimants
PAULA HAYGARTH, BYRON HORVATH, and
STEFANIE HORVATH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>        Plaintiffs/Counterclaim Defendants,<br><br>    v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10,<br><br>        Defendants/ Counterclaimants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**DEFENDANTS/ COUNTERCLAIMANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS/COUNTERCLAIM DEFENDANTS'** *MOTION TO STRIKE DECLARATION OF AMANDA BRADY [ECF NO. 65-2] AND DECLARATION OF ANNA KELLEY [ECF NO. 65-3] OR IN THE ALTERNATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING [ECF NOS. 60 AND 65]*, **FILED FEBRUARY 5, 2026 [ECF 72];** DECLARATION OF LAURA P. MORITZ; EXHIBIT "A"<br><br>Trial: August 3, 2026.<br>Judge: Hon. Jill A. Otake |

15813736\000001\132268360

# TABLE OF CONTENTS

I.     INTRODUCTION................................................................................1

II.    RELEVANT PROCEDURAL HISTORY .......................................................2

    A.  The Scope of Defendants' Motion for Summary Judgment ...........................2

    B.  Plaintiffs' Opposition and Opposing Concise Statement Raised New, Immaterial Issues and Facts................................................................3

    C.  Defendants Appropriately Responded to Plaintiffs' New, Immaterial "Facts" in Their Reply ...................................................................4

III.    ARGUMENT................................................................................5

    A.  The Declarations Do Not Constitute "New Evidence" and are Properly Before the Court ...................................................................5

    B.  Plaintiffs Failed to Comply with LR7.8 in Bringing this Motion ..................8

    C.  Plaintiffs Should Not Be Granted Leave to File Supplemental Briefing ......10

IV.  CONCLUSION ..............................................................................10

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Feller v. Petty*,
   No. 2:18-cv-3460-KS, 2024 WL 4436886 (C.D.
   Cal. Aug. 26, 2024).............................................................................................8

*In ConAgra Foods, Inc*., ,
   302 F.R.D. 537 (C.D. Cal. 2014)................................................................6, 7, 8

*Living on the Edge, LLC v. Lee*,
   CV-14-5982-MWF, 2015 WL 12661917 (C.D. Cal. Aug. 25, 2015)..............7, 8

*Martinez v. Weyerhaeuser Mortg. Co*.,
   959 F.Supp. 1511 (S.D. Fla. 1996) ......................................................................6

*Provenz v. Miller*,
   102 F.3d 1478 (9th Cir. 1996) ......................................................................6, 7, 8

*Terrell v. Contra Costa County*,
   232 Fed.Appx. 626 (9th Cir. 2007) (unpub. disp.) ..............................................7

*Zamani v. Carnes*,
   491 F.3d 990 (9th Cir. 2007) ...............................................................................6

**Statutes**

47 U.S.C. § 230(c)(1).................................................................................................2

**Court Rules**

LR7.2..........................................................................................................................5

LR7.2..........................................................................................................................9

LR7.8...................................................................................................................2, 8, 10

FRCP Rule 56 ............................................................................................................6

i

**DEFENDANTS/COUNTERCLAIMANTS PAULA HAYGARTH, BYRON HORVATH, AND STEFANIE HORVATH'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS/COUNTERCLAIM DEFENDANTS'** *MOTION TO STRIKE DECLARATION OF AMANDA BRADY [ECF NO. 65-2] and DECLARATION OF ANNA KELLEY [ECF NO. 65-3] OR IN THE ALTERNATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING [ECF NOS. 60 AND 65]*, **FILED FEBRUARY 5, 2026 [ECF 72]**

## I.     INTRODUCTION

Plaintiffs/Counterclaimants Life Mastery Network LLC ("**LMN**") and Liane Wilson's ("**Ms. Wilson**") (collectively, "**Plaintiffs**") *Motion to Strike Declaration of Amanda Brady [ECF No. 65-2] and Declaration of Anna Kelley [ECF No. 65-3] or in the Alternative Motion for Leave to File Supplemental Briefing [ECF Nos. 60 and 65]*, filed February 5, 2023 ("**Motion to Strike**" or "**Motion**") lacks merit and should be denied. To summarize:

- Plaintiffs' Motion conspicuously omits the fact that Ms. Wilson raised new issues and "facts" in both her opposition to Defendants' MSJ[1] and in her Opposing Concise Statement[2] which were unrelated to the issues raised in Defendants' MSJ; and

- The *Declaration of Amanda Brady* (ECF 65-2) ("**Brady Declaration**") and *Declaration of Anna Kelley* (ECF 65-3) ("**Kelley Declaration**") were submitted for the limited purpose of disputing, for the record, the accuracy of the additional "facts" put forth by Ms. Wilson in support of Plaintiffs' Opposing Concise Statement, lest failure to rebut be deemed an admission or acquiescence.

---

[1] "**MSJ**" refers to *Defendants' Motion for Summary Judgment on Plaintiffs' First Amended Complaint filed July 3, 2025 (State Ct. Dkt. 443)* [ECF 46].

[2] "**Opposing Concise Statement**" refers to *Plaintiffs' First Amended Concise Statement of Material Facts in Opposition to [Defendants'] Motion for Summary Judgment on Plaintiffs' First Amended Complaint filed July 3, 2025 (State Ct. Dkt. 443) [ECF No. 46]*, filed January 6, 2026 [ECF 63].

1

Moving parties are entitled to respond to new facts or issues raised in opposition to a motion. Plaintiffs opened the door by introducing new information in opposition to Defendants' MSJ, and Defendants were therefore entitled to respond to that new information. Plaintiffs also failed to comply with LR7.8 in bringing the Motion. For the reasons discussed herein, Plaintiffs' Motion should be denied in its entirety.

## II.   RELEVANT PROCEDURAL HISTORY

### A.   The Scope of Defendants' Motion for Summary Judgment

Defendants' MSJ sought summary judgment on the bases that there are no facts supporting Plaintiffs' claims that Defendants' defamed her via anonymous online statements.[3] ECF 46. With respect to these anonymous statements, the MSJ did **not** address whether the alleged statements were true, but focused instead on the lack of evidence tying any of the anonymous statements to any of the Defendants. ECF 46 at PageID.423-425; Defendants' *Concise Statement of Facts in Support of their Motion for Summary Judgment on Plaintiffs' First Amended Complaint filed July 3, 2025 (State Ct. Dkt. 443)*, ECF 45 at PageID.350-51 (Facts 2-4, 6-10).

---

[3] The MSJ also sought a determination that other, non-anonymous statements by Defendants were subject to the litigation privilege and/or protection under 47 U.S.C. § 230(c)(1), but those arguments are not relevant to the dispute here, which pertains only to the anonymous statements and Plaintiffs' decision to put the truth of such statements at issue in the MSJ briefing, despite their immateriality to the issues raised by the MSJ.

2

**B.** **Plaintiffs' Opposition and Opposing Concise Statement Raised New, Immaterial Issues and Facts**

In her Opposition to the MSJ, however, Ms. Wilson chose to veer from issues raised in the MSJ and instead dispute the truth of the anonymous statements and introduce evidence regarding her business practices and interactions with her students.[4] In her declaration, Ms. Wilson made numerous affirmative statements regarding her business, claimed she "never received a complaint of extortion from any student or client," claimed she never "coached women on how to claim sexual/physical abuse against their partner," and made numerous other affirmative statements to support her assertion that the anonymous statements about her were "false" and "reckless," among other things. *Id.* She also affirmatively stated that she "has never posted on the [Exposing Family Cults] website." PageID.939 at ¶ 30. These purported "facts" were not relevant to whether Defendants made any of the anonymous statements alleged in the Complaint (regardless of whether they were true or not), but <u>Plaintiffs chose to introduce them</u> anyway as part of their Opposing Concise Statement and in their opposition to the MSJ (ECF 59 at PageID.836).[5]

---

[4] *See* Opposing Concise Statement (ECF 63) at ¶¶ 15-18, 20-25, 27-30, and 38 (PageID.924-927, PageID.929) and the Declaration of Liane Wilson submitted in support thereof, ¶¶ 9, 11-30 (PageID.934-939).

[5] Plaintiffs even sought leave of Court to exceed the word count limit and include all the immaterial information they wanted. *See Plaintiffs/Counterclaim Defendants' Ex Parte Motion to Exceed the Word Count Limit for their Concise Statement of Material Facts in Opposition to Defendants/Counterclaimants Paula Haygarth, Byron Horvath, and Stefanie Horvath's Motion for Summary Judgment on Plaintiffs'*

3

C.    **Defendants Appropriately Responded to Plaintiffs' New, Immaterial "Facts" in Their Reply**

Defendants dispute the accuracy of these statements by Ms. Wilson in her Opposing Concise Statement and supporting declaration. Accordingly, not wishing to waive their right to dispute such purported "facts" by failing to address them, Defendants submitted the Brady Declaration and Kelley Declaration. *See Defendants' Response to First Amended Concise Statement of Facts in Opposition to [Defendants'] Motion for Summary Judgment on Plaintiffs' First Amended Complaint filed July 3, 2025 (State Ct. Dkt. 443) [ECF no. 46], filed on January 6, 2026 [ECF 63]*, filed January 20, 2026 (ECF 65) ("**Defendants' Concise Statement in Reply**") at ¶¶ 15-18, 20-25, 27-30, and 38 (PageID.1085-1098, PageID.1103-04). Defendants cited the Brady Declaration and Kelley Declaration ***only in direct response*** to those new "facts" set forth by Plaintiffs in the Opposing Concise Statement. Indeed, each and every time Defendants referenced either the Brady Declaration or Kelley Declaration in ECF 65, they did so while expressly noting that although Ms. Wilson's statements did not address material facts and were irrelevant to a determination that Defendants were entitled to summary judgment, Defendants disputed the accuracy of such statements and cited evidence supporting such dispute.

---

*First Amended Complaint filed July 3, 2025 (State Ct. Dkt. 443) [ECF No. 46]*, filed January 5, 2026 (ECF 57). Most of the information included in the Opposing Concise Statement, however, were new "facts," though not responsive to the material statements of fact already identified by Defendants in the MSJ.

15813736\000001\132268360

*Id*. Defendants also addressed Ms. Wilson's involvement in the "Exposing Family Abuse"/"Exposing Family Cults" website (ECF 65 at Fact 11, PageID.1081) because Plaintiffs affirmatively raised the issue in their Opposing Concise Statement by accusing the Horvaths of submitting a letter in the Criminal Proceeding that "falsely claims that [Ms. Wilson] used a website titled "Exposing Family Cults" to post false and defamatory statements." *Id.*; ECF 63 at ¶ 11, PageID.924.

## III.   ARGUMENT

### A.   The Declarations Do Not Constitute "New Evidence" and are Properly Before the Court

The relevant portions of LR 7.2 (*Motions; briefing schedule*) provide: "A reply must respond only to arguments raised in the opposition. Any argument raised *for the first time* in the reply shall be disregarded" (emphasis provided). Here, Defendants' Concise Statement in Reply (ECF 65) did not raise new issues for the first time in reply; rather, it responded only to those issues *raised by Plaintiffs for the first time* in their Opposing Concise Statement. It did not independently raise new facts or issues for the consideration and thus, the responsive facts were therefore properly included. Rule 7.2 permits a reply to respond to matters raised in the opposition, and that is what the evidence presented by the Brady and Kelley Declarations do: they present evidence in response to new, albeit immaterial, facts and issues Ms. Wilson raised in her Opposing Concise Statement.

5

Plaintiffs rely on *Provenz v. Miller*, 102 F.3d 1478 (9th Cir. 1996) in support of their Motion, but *Provenz* does not support Plaintiffs' position.[6] Although *Provenz* does not discuss the details of the motion at issue therein, the case appeared to concern a situation where the new evidence raised on reply was ***not*** in response to new matters raised in the opposition, as is the case here. 102 F.3d at 1483. Further, the *Provenz* case was decided under a provision in the old version of FRCP Rule 56 which allowed parties to serve opposing affidavits prior to the day of the hearing, but which is no longer in the rule. *Id.* And, *Provenz* has been frequently criticized and/or distinguished by subsequent authorities more on point.

For example, the court in *In ConAgra Foods, Inc.*, 302 F.R.D. 537 (C.D. Cal. 2014) held a reply may properly address new matters raised in the opposition brief if the issues reasonably were unforeseen at the time of the opening brief. In specifically distinguishing the *Provenz* case, the *ConAgra* court instructs that

---

[6] None of Plaintiffs' authorities support the relief sought by the Motion. In *Zamani v. Carnes*, 491 F.3d 990 (9th Cir. 2007), the Ninth Circuit found the district court did not commit clear error in failing to consider a litigation privilege argument raised for the first time on reply in support of a motion for reconsideration. 491 F.3d at 997. Here, Defendants did not raise the veracity of the anonymous statements for the first time in their reply; it was initially raised by Plaintiffs in their Opposing Concise Statement. The case of *Martinez v. Weyerhaeuser Mortg. Co.*, 959 F.Supp. 1511 (S.D. Fla. 1996) was decided under Florida rules not applicable here, but nevertheless does not contradict the principle that the moving party may respond to matters raised in an opposition. 959 F.Supp. at 1515 (noting that a reply memorandum "shall be strictly limited to rebuttal of matters raised in the memorandum of opposition …").

"evidence submitted in direct response to evidence raised in the opposition … **is not 'new'**." 302 F.R.D. at 559, fn. 87 (emphasis added), citing *Edwards v. Toys 'R' Us*, 527 F.Supp.2d 1197, 1205 n. 31 (C.D. Cal. 2007) ("Evidence is not 'new' … if it is submitted in direct response to proof adduced in opposition to a motion") and *Terrell v. Contra Costa County*, 232 Fed.Appx. 626, 629 n.2 (9th Cir. 2007) (unpub. disp.) (evidence adduced in reply was not new where "[t]he Reply Brief addressed the same set of facts supplied in Terrell's opposition to the motion but provides the full context to Terrell's selected recitation of the facts").

Similarly here, Defendants' Reply addresses the same set of facts presented in Plaintiffs' opposition, but provides additional context to Ms. Wilson's self-serving statements. The veracity of the anonymous statements at issue was not raised in the MSJ; Defendants focused their MSJ on the fact that there was no evidence to support Plaintiffs' claims that the anonymous statements, whether true or not, were made by Defendants. Because Plaintiffs raised the new issue of veracity in the Opposing Concise Statement with Ms. Wilson's declaration, Defendants were entitled to provide additional context to her purported "facts," and the evidence in Defendants' reply thereto is not "new." *Id.*

Several other courts have criticized *Provenz* and refused to follow it in circumstances similar to those presented here. *Living on the Edge, LLC v. Lee*, CV-14-5982-MWF, 2015 WL 12661917 (C.D. Cal. Aug. 25, 2015) specifically

7

distinguished *Provenz* for reasons similar to *In ConAgra Foods, Inc.* Because the purpose of submitting the evidence in reply was to "rebut arguments raised by Plaintiff in its opposition to Defendants' Motion for Summary Judgment," plaintiffs' objections were overruled. 2015 WL 12661917, *3-4.

In *Feller v. Petty*, No. 2:18-cv-3460-KS, 2024 WL 4436886 (C.D. Cal. Aug. 26, 2024) the district court overruled objections to declarations submitted to support a reply brief. Citing *ConAgra Foods* and distinguishing *Provenz*, the court emphasized that evidence is not "new" if it is submitted in direct response to proof adduced in opposition to a motion and overruled the objections thereto.

If Plaintiffs did not want Defendants to respond to Ms. Wilson's factual statements made in support of her Opposing Concise Statement, she should not have made them (and did not need to). Plaintiffs had the option to simply respond to the material Facts Defendants submitted in support of their MSJ and not introduce new material not germane to the Motion, but they chose otherwise. Indeed, Plaintiffs' specifically sought the Court's permission to include the superfluous material. *See* fn. 5, *supra.*

**B.    Plaintiffs Failed to Comply with LR7.8 in Bringing this Motion**

LR7.8 (*Pre-filing conference*) requires that "…counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential partial or complete resolution. The conference shall take place at least seven (7) days

8

prior to the filing of the motion." Here, Plaintiffs failed to contact Defendants' counsel to arrange to discuss the motion at least seven days prior to the motion.

Plaintiffs' counsel first reached out February 3, 2026 about having a meet and confer regarding the Motion, and the parties discussed scheduling a time later in the week. Declaration of Laura P. Moritz ("**Moritz Decl**."), ¶ 3. Then, on the morning of February 4, Plaintiffs wrote to one of Defendants' attorneys asking to have "our very brief meet and confer today" because "there is a Motion deadline tomorrow." *Id.*, ¶ 4 Ex. A at p. 4.

Although calendars were full, Defendants' counsel made time to meet and confer the afternoon of February 4. *Id.* During the meet and confer, Plaintiffs identified two cases and cited LR7.2 in support of the motion to strike that they intended to file the next day. *Id.* at ¶ 5. Despite the short notice, Defendants reviewed the authorities in good faith, conducted additional research, and—in the hopes the Motion could be avoided—provided a detailed analysis early the next morning explaining the reasons the cited authority was not persuasive and offering additional authority demonstrating the weakness of Plaintiffs' argument. *Id.* at ¶ 6, Ex. A at pp. 1-2. Plaintiffs immediately responded with a short email stating that they were "moving forward," ironically accusing Defendants of "sand-bagging," but not addressing the points and authorities raised in the email. *Id.*, Ex. A at p. 1.

9

15813736\000001\132268360

Plaintiffs' decision to discuss this Motion only the day before it was filed (indicating that the decision to file was a foregone conclusion) does not satisfy the requirements of LR7.8. Plaintiffs did not timely raise their intent to file their Motion and they failed to consider or respond to the counter-authorities provided by Defendants before filing the Motion a few hours later. At best, Plaintiffs' efforts to "meet and confer" was simply a matter of feigning compliance with LR7.8.

**C.   Plaintiffs Should Not Be Granted Leave to File Supplemental Briefing**

In the unlikely event the Court finds the Brady Declaration and Kelley Declaration were improperly submitted, Defendants respectfully request that the Court strike the declarations rather than grant leave to Defendants to file supplemental briefing. As noted above, Plaintiffs' additional "facts" in the Opposing Concise Statement bear no weight on whether or not Defendants are responsible for the anonymous statements about Ms. Wilson, and permitting additional briefing on issues unrelated to the MSJ would place an unnecessary burden on the Court.

**IV.   CONCLUSION**

Based on the foregoing, Defendants respectfully request that Plaintiffs' Motion to Strike be denied in its entirety.

10

15813736\000001\132268360

DATED:  Honolulu, Hawai'i, February 13, 2026.

                /S/ LAURA P. MORITZ
                LOUISE K.Y. ING
                LAURA P. MORITZ

                Attorneys for Defendants/Counterclaimants
                PAULA HAYGARTH, BYRON
                HORVATH, and STEFANIE HORVATH

11

15813736\000001\132268360