IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>        Plaintiffs/Counterclaim Defendants,<br><br>    v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10,<br><br>        Defendants/ Counterclaimants. | Civil No. 1:25-cv-00297-JAO-RT<br><br>**DECLARATION OF LAURA P. MORITZ** |

**DECLARATION OF LAURA P. MORITZ**

I, Laura P. Moritz, do hereby declare and state under penalty of perjury that the following facts are true and correct:

1.      I am an attorney with DENTONS US LLP ("Dentons") and am counsel of record for Defendants/Counterclaimants Paula Haygarth, Byron Horvath, and Stefanie Horvath (collectively "**Defendants**"). I have personal knowledge of the facts contained in this declaration which are true and correct.

1

15813736\000001\132268360

2.      I am making this Declaration in support of Defendants' *Memorandum in Opposition to Plaintiffs Motion to Strike Declaration of Amanda Brady [EFC No. 65-2] and Declaration of Anna Kelley [ECF No. 65-3] or in the Alternative, Motion for Leave to file Supplemental Briefing [ECF NOS. and 65]*, filed February 5, 2026 (ECF 72) in the above-captioned case.

3.      On February 3, 2026, Plaintiffs' counsel requested (via email message to me) a meet and confer about an intended motion to strike, and the parties discussed a possible date to meet later in the week.

4.      The next day, on February 4, Plaintiffs requested the meet and confer be moved up to that very same day because "there is a Motion deadline tomorrow." Although my calendar was full that day, I informed my colleague (Louise Ing) about the last minute request and we both made time to meet and confer that afternoon on short notice. Attached hereto as **Exhibit A** is a true and accurate copy of my email correspondence with counsel regarding efforts to meet and confer regarding this Motion pursuant to LR7.8.

5.      During the meet and confer a few hours later in the afternoon of February 4 with Troy Young (lead counsel, Mr. Portnoy, did not participate), Mr. Young identified two cases (*Provenz v. Miller*, 102 F.3d 1478 (9th Cir. 1996) and *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007)) and cited LR7.2 in support of the motion to strike that they intended to file the next day.

2

15813736\000001\132268360

6.    Despite the short notice, I reviewed the authorities provided by Mr. Young and early the next morning, provided counsel a detailed response addressing not only those authorities but providing additional authorities explaining why there was no basis for the motion. *See* Ex. A at pp. 1-2. Mr. Portnoy immediately responded with a short email stating that they were "moving forward" and lashed out, accusing Defendants of "sand-bagging." *Id.*

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED:  Honolulu, Hawaiʻi, February 13, 2026.

/s/   LAURA P. MORIZ
LAURA P. MORITZ

3