LOUISE K.Y. ING        2394
LAURA P. MORITZ        7860

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI 96813
Telephone:  808 524 1800
Facsimile:   808 524 4591
Email:        louise.ing@dentons.com
              laura.moritz@dentons.com

Attorneys for Defendants/Counterclaimants
PAULA HAYGARTH, BYRON HORVATH, and
STEFANIE HORVATH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10,<br><br>Defendants/Counterclaimants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**DEFENDANTS' AMENDED RESPONSE TO *SECOND AMENDED CONCISE STATEMENT OF FACTS IN OPPOSITION TO [DEFENDANTS'] MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' FIRST AMENDED COMPLAINT FILED JULY 3, 2025 (STATE CT. DKT. 443) [ECF NO. 46]*, FILED ON JANUARY 6, 2026 [ECF 63], AS AMENDED BY ECF 71; REPLY DECLARATION OF LAURA P. MORITZ; DECLARATION OF AMANDA BRADY; DECLARATION OF ANNA KELLEY; EXHIBITS "K"-"M"**<br><br><u>**Hearing Date**</u><br>Date: April 9, 2026<br>Time: 9:00 a.m. |

Judge: Hon. Jill A. Otake

Trial: August 3, 2026
Judge: Hon. Jill A. Otake

**DEFENDANTS' AMENDED RESPONSE TO *SECOND AMENDED CONCISE STATEMENT OF FACTS IN OPPOSITION TO [DEFENDANTS'] MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' FIRST AMENDED COMPLAINT FILED JULY 3, 2025 (STATE CT. DKT. 443) [ECF NO. 46]*, FILED ON JANUARY 6, 2026 [ECF 63], AS AMENDED BY ECF 71**

Defendants/Counterclaimants Paula Haygarth, Byron Horvath, and Stefanie Horvath ("**Defendants**") respectfully submit this Response to Plaintiffs Life Mastery Network LLC and Liane Wilson's ***Second Amended*** *Concise Statement of Material Facts in Opposition to Defendants/Counterclaimants Paula Haygarth, Byron Horvath, and Stefanie Horvath's Motion for Summary Judgment on Plaintiffs' First Amended Complaint filed July 3, 2025 (State Ct. Dkt. 443) [ECF No. 46]*, filed January 28, 2026 [ECF 71] ("**Opposing Concise Statement**"), as amended by ECF 71 [1] pursuant to the General Civil Case Procedures Before Judge Otake,

---

[1] After Defendants filed their original *Response to Plaintiffs' First Amended Concise Statement of Facts in Opposition to [Defendants] Motion for Summary Judgment on Plaintiffs' First Amended Complaint filed July 3, 2025 (State Ct. Dt. 443) [ECF No.*

2

effective January 5, 2026 ("**Procedures**") and the Court's EO entered March 23, 2026 at ECF 79.

---

*46], filed on January 6, 2026 [ECF 63]* on January 20, 2026 [ECF 65], Plaintiffs filed a ***Second*** *Amended Concise Statement of Material Facts in Opposition to Defendants/Counterclaimants Paula Haygarth, Byron Horvath, and Stefanie Horvath's Motion for Summary Judgment on Plaintiffs' First Amended Complaint filed July 3, 2025 (State Ct. Dkt. 443) [ECF No. 46]* on January 28, 2026 [ECF 71] ("**Second Amended CSF**"). In addition to changing the formatting of the CSF Plaintiffs originally filed on January 6, 2026 at ECF 63, Plaintiffs' Second Amended CSF added pages to exhibits which had not been attached to their original filing. Defendants therefore submit this Amended Response to Plaintiffs' Second Amended CSF (ECF 71), as opposed to Plaintiffs' original filing at ECF 63.

15813736\000001\132610238

| Defendants' (Movants') Material Facts | Opposing Concise Statement | Defendants' Response to Opposing Concise Statement |
|---|---|---|
| **Fact 1.** Plaintiff Liane Wilson, aka Liana Shanti ("**Ms. Wilson**"), is a public figure with more than 35,000 social media followers and more than 100,000 customers in 90 countries.<br><br>**Evidence:** Declaration of Laura Moritz ("**Moritz Decl.**"), ¶ 5, Ex. A (Wilson Tr. Vol. I at 26:12-24); ¶ 6, Ex. B (screen shot of @lianashanti Instagram account taken December 3, 2025), ¶ 9, Ex. G (screen shot from the website www.lianashanti.com.) | 1. Partially disputed. Plaintiffs object to this statement as it not a fact, but a legal conclusion in that it claims that Plaintiff is a public figure.<br><br>Ex. A at 26; 12-24; Ex. B; Ex. G | 1. Plaintiffs do not dispute that Ms. Wilson has more than 35,000 social media followers and more than 100,000 customers in 90 countries and markets herself as "…a world renowned thought leader in quantum energy healing, spiritual psychology, nutrition, emotional transformation, and feminine wealth consciousness," and therefore deemed admitted. *See* Ex. G.<br><br>FRCP 56; LR56.1; Judge Otake's Procedures at pp. 5-6 (explaining that Opposing Concise Statement must include whether a fact is undisputed, disputed (and why), or disputed in part (and why) with citations to evidence). |
| **Fact 2.** None of the Defendants posted anything on the Internet or social media under anonymous user name "lianashanti_cult_recovery".<br><br>**Evidence:** Declaration of Stefanie Horvath ("**Stefanie Decl.**"), ¶ 4 Moritz Decl., ¶ 7, Ex. C (Byron Tr. at 99:16-25); ¶ 8, Ex. D (Paula Tr. at | 2. Disputed. Alexander Feil of Sourced Intelligence LLC investigated the harassment campaign relating to Ms. Shanti and the internet and believes with a high degree of confidence that Paula Haygarth may be the | 2. Plaintiffs' response is unsupported by cited evidence at Exs. 2, 8: Mr. Feil does not testify that Paula Haygarth is the primary actor responsible for posting under the anonymous user name "lianashanti_cult_recovery;" Ex. 8 does not state that Paula Haygarth is the primary actor responsible for posting under the anonymous user name |

1

| Defendants' (Movants') Material Facts | Opposing Concise Statement | Defendants' Response to Opposing Concise Statement |
|---|---|---|
| 90:4-19); Declaration of Paula Haygarth ("**Paula Decl.**"), ¶ 5; Declaration of Byron Horvath ("**Byron Decl.**"), ¶ 4 | primary actor responsible for the anonymous posts, including under the anonymous user name "lianashanti_cult_recovery"<br><br>Ex. 2 at 31: 17-20, 36: 17-20, 73: 22-25, 74: 1-2; 75: 1-25; 76: 1-4, 81: 8-25, 82: 1-12, 89: 24-25, and 90:1; Ex. 8 | "lianashanti_cult_recovery." Plaintiffs cite no other evidence that Defendants made any of the posts at issue.<br><br>**Objections:** Improper expert testimony. FRCP 26(a)(2)(D), FRCP 37(c)(1). FRE 701(c). |
| **Fact 3.** None of the Defendants posted anything on the Internet or social media under the anonymous user name "u/Liana_shanti_cult369".<br><br>Paula Decl., ¶ 6; Byron Decl., ¶ 5; Stefanie Decl., ¶ 5 | 3. Disputed. Alexander Feil of Sourced Intelligence LLC investigated the harassment campaign relating to Ms. Shanti and the internet and believes with a high degree of confidence that Paula Haygarth may be the primary actor responsible for the anonymous posts, including under the anonymous user name "u/Liana_shanti_cult369". | 3. Plaintiffs' response is unsupported by cited evidence at Exs. 2, 8: Mr. Feil does not testify that Paula Haygarth is the primary actor responsible for posting under the anonymous user name "u/Liana_shanti_cult369"; Ex. 8 does not state that Paula Haygarth is the primary actor responsible for posting under the anonymous user name "u/Liana_shanti_cult369." Plaintiffs cite no other evidence that Defendants made any of the posts at issue.  Plaintiffs admit Fact 3 as to Defendants Byron Horvath and Stefanie Horvath . FRCP 56; LR56.1; Procedures at pp. 5-6. |

2

| Defendants' (Movants') Material Facts | Opposing Concise Statement | Defendants' Response to Opposing Concise Statement |
|---|---|---|
| | Ex. 2 at 31: 17-20, 36: 17-20, 73: 22-25, 74: 1-2; 75: 1-25; 76: 1-4, 81: 8-25, 82: 1-12, 89: 24-25, and 90:1; Ex. 8 | **Objections:** Improper expert testimony. FRCP 26(a)(2)(D); FRCP 37(c)(1); FRE 701(c). |
| **Fact 4.** None of the Defendants posted anything on the Internet or social media under the anonymous user name "Alarmed_Aspect678."<br><br>Moritz Decl., Ex. C (Byron Tr. at 101:20-23); Paula Decl., ¶ 7; Byron Decl., ¶ 6; Stefanie Decl., ¶ 6 | 4. Disputed. Alexander Feil of Sourced Intelligence LLC investigated the harassment campaign relating to Ms. Shanti and the internet and believes with a high degree of confidence that Paula Haygarth may be the primary actor responsible for anonymous posts, including under the anonymous user name "Alarmed_Aspect678".<br><br>Ex. 2 at 31: 17-20, 36: 17-20, 73: 22-25, 74: 1-2; 75: 1-25; 76: 1-4, 81: 8-25, 82: 1-12, 89: 24-25, and 90: 1; Ex. 8 at SOURCED_INTEL_00758 | 4. Plaintiffs' statement is unsupported by cited evidence at Exs. 2, 8: Mr. Feil does not testify that Paula Haygarth is the primary actor responsible for posting under the anonymous user name "Alarmed_Aspect678"; Ex. 8 does not mention the user name "Alarmed_Aspect678" on SOURCED_INTEL_00758 (nor anywhere else in Exhibit 8), so there are no facts to support attributing that anonymous user name to Paula Haygarth. Plaintiffs admit Fact 4 as to Defendants Byron Horvath and Stefanie Horvath. FRCP 56; LR56.1; Procedures at pp. 5-6. Plaintiffs cite no other evidence that Defendants made any of the posts at issue.<br><br>**Objections:** Improper expert testimony. FRCP 26(a)(2)(D); FRCP 37(c)(1); FRE 701(c). |

3

| Defendants' (Movants') Material Facts | Opposing Concise Statement | Defendants' Response to Opposing Concise Statement |
|---|---|---|
| **Fact 5.** Paula Haygarth made a single re-post of "The Shanti Summary" subreddit article on her personal (not anonymous) Facebook page on or about May 9, 2022 and removed it of her own accord on or about May 25, 2022. Paula Decl., ¶ 3. | 5. Disputed. On May 9, 2022, Paula Haygarth made a post directly referencing Liana Shanti on her Facebook page and shared a link to a Subreddit article entitled "The Shanti Summary". Ex. 8 at SOURCED_INTEL_00773 through SOURCED_INTEL_00774 | 5. Plaintiffs do not dispute that Paula Haygarth made only a single re-post of "The Shanti Summary" subreddit article on her personal (not anonymous) Facebook page on or about May 9, 2022 and removed it of her own accord on or about May 25, 2022. |
| **Fact 6.** Paula Haygarth did not author the subreddit article entitled "The Shanti Summary" **Paula Decl., ¶ 4** | 6. Disputed. Alexander Feil of Sourced Intelligence LLC investigated the harassment campaign relating to Ms. Shanti and the internet and believes with a high degree of confidence that Paula Haygarth may be the primary actor responsible for the anonymous posts, including the author of the | 6. Plaintiffs' response is unsupported by cited evidence at Exs. 2, 8: Mr. Feil did not testify that Paula Haygarth was the author of "The Shanti Summary." Ex. 8 at SOURCED_INTEL_00758 does not attribute authorship of "The Shanti Summary" to Paula Haygarth, nor does any part of Exhibit 8 attribute authorship of "The Shanti Summary" to Paula Haygarth. Plaintiffs cite no other evidence that Ms. Haygarth authored the article at issue. |

4

| Defendants' (Movants') Material Facts | Opposing Concise Statement | Defendants' Response to Opposing Concise Statement |
|---|---|---|
| | subreddit article entitled "The Shanti Summary."<br><br>Ex. 2 at 31: 17-20, 73: 22-25, 74: 1-2; 75 1-25; 76: 1-4, 81: 8-25, 82: 1-12, 89: 24-25, and 90: 1; Ex. 8 at SOURCED_INTEL_00758 | **Objections:** Plaintiffs' Opposing Concise Statement refers to improper expert testimony. FRCP 26(a)(2)(D); FRCP 37(c)(1); FRE 701(c). |
| **Fact 7.** Byron Horvath did not author the subreddit article entitled "The Shanti Summary"<br><br>Moritz Decl., Ex. C (Byron Tr. at 100:21-101:8); Byron Decl., ¶ 3 | 7. Disputed. Alexander Feil of Sourced Intelligence LLC investigated the harassment campaign relating to Ms. Shanti and the internet and believes that Byron Haygarth may be an actor responsible for anonymous posts, including the author of the subreddit article entitled "The Shanti Summary."<br><br>Ex. 8 at SOURCED_INTEL_00758 | 7. "Byron Haygarth" is not a party to this proceeding. Plaintiffs' statement is unsupported by the cited evidence: Ex. 8 at SOURCED_INTEL_00758 does not attribute authorship of "The Shanti Summary" to Byron Horvath (nor "Byron Haygarth"), nor does any part of Exhibit 8 attribute authorship of "The Shanti Summary" to Byron Horvath (nor "Byron Haygarth"). Plaintiffs cite no other evidence that Mr. Horvath made any of the posts at issue.<br>**Objections:** Improper expert testimony. FRCP 26(a)(2)(D); FRCP 37(c)(1); FRE 701(c). |

5

| Defendants' (Movants') Material Facts | Opposing Concise Statement | Defendants' Response to Opposing Concise Statement |
|---|---|---|
| **Fact 8.** Stefanie Horvath did not author the subreddit article entitled "The Shanti Summary"<br><br>Stefanie Decl., ¶ 3 | 8. Disputed. Alexander Feil of Sourced Intelligence LLC investigated the harassment campaign relating to Ms. Shanti and the internet and believes with a high degree of confidence that Paula Haygarth may be the primary actor responsible for anonymous posts, and that Byron Horvath and others may be additional actors responsible for anonymous posts including the author of the subreddit article entitled "The Shanti Summary"<br><br>Ex. 8 at SOURCED_INTEL_00758 | 8. None of Plaintiffs' cited evidence mentions Stefanie Horvath, and Plaintiffs' statement is unsupported by the cited evidence. Stefanie Horvath's name does not appear in Ex. 8. In addition, Ex. 8 does not attribute authorship of "The Shanti Summary" to Stefanie Horvath.<br><br>**Objection:** Ex. 8 also constitutes improper expert testimony. FRCP 26(a)(2)(D); FRCP 37(c)(1). |
| **Fact 9.** Defendants did not post anything on the Internet or social media under the anonymous user name "lianarecovery". | 9. Disputed. Alexander Feil of Sourced Intelligence LLC investigated the harassment campaign relating to Ms. Shanti and | 9. Plaintiffs' statement is unsupported by the cited evidence. Ex. 8 at SOURCED_INTEL_00758 does not attribute any posts under the anonymous user name "lianarecovery" or |

6

| Defendants' (Movants') Material Facts | Opposing Concise Statement | Defendants' Response to Opposing Concise Statement |
|---|---|---|
| Moritz Decl., Ex. C (Byron Tr. at 102:8-10); Paula Decl., ¶ 8; Byron Decl., ¶ 7; Stefanie Decl., ¶ 7 | the internet and believes with a high degree of confidence that Paula Haygarth may be the primary actor responsible for anonymous posts, and that Byron Horvath and others may be additional actors responsible for anonymous posts including under the anonymous user names "lianarecovery" and "lianashanti_cult_recovery"<br><br>Ex. 8 at SOURCED_INTEL_00758 | "lianashanti_cult_recovery" to Paula Haygarth, Byron Horvath, or Stefanie Horvath.<br>**Objection:** Improper expert testimony. FRCP 26(a)(2)(D); FRCP 37(c)(1). |
| **Fact 10.** Defendants did not post anything on the Internet or social media under the anonymous user name "WhiteKnight".<br><br>Moritz Decl., Ex. C (Byron Tr. at 103:8-10), Ex. D (Paula Tr. at 262:22-24; Paula Decl., ¶ 9; Byron Decl., ¶ 8; Stefanie Decl., ¶ 8 | 10. Disputed. Alexander Feil of Sourced Intelligence LLC investigated the harassment campaign relating to Ms. Shanti and the internet and believes with a high degree of confidence that Paula Haygarth may be the primary actor responsible | 10. Plaintiffs' response does not address the anonymous username referenced in Fact 10 (*i.e.*, "WhiteKnight"). Therefore, Fact 10 is deemed admitted. FRCP 56; LR56.1; Procedures at pp. 5-6.<br><br>As to the anonymous user name "WhiteKnight9898" referenced in Plaintiffs' Opposing Concise Statement, Plaintiffs' statement is unsupported by the cited |

7

| Defendants' (Movants') Material Facts | Opposing Concise Statement | Defendants' Response to Opposing Concise Statement |
|---|---|---|
| | for anonymous posts, and that Bryon Horvath and others may be additional actors responsible for anonymous posts including under the anonymous user name "WhiteKinght9898." <br><br> Ex. 8 at SOURCED_INTEL_00758 | evidence. Ex. 8 at SOURCED_INTEL_00758 does not attribute any posts under the user name "WhiteKinght9898" to Paula Haygarth, Byron Horvath, or Stefanie Horvath. <br><br> **Objection:** Improper expert testimony. FRCP 26(a)(2)(D); FRCP 37(c)(1). |
| **Fact 11.** In April 2022, Byron Horvath, with the assistance of Stefanie Horvath, submitted a letter to Judge Mollway in Civ. No. 1:19-cr-00105-SOM (the "Criminal Case") truthfully describing the impact Ms. Wilson has had on him and his family. <br><br> Byron Decl., ¶ 10, Ex. F; Stefanie Decl., ¶ 10, Ex. F | 11. Disputed. Bryon Horvath and Stefanie Horvath submitted a letter to Judge Mollway in *United States of America v. Liane Wilson*; Case 1:19-cr-00105-SOM; United States District Court for the District of Hawaii which falsely claims that Liana Shanti used a website titled "Exposing Family Cults" to post false and defamatory statements. | 11. Plaintiffs' response does not address those parts of Fact 11 which are not disputed. FRCP 56; LR56.1; Procedures at pp. 5-6. No other part of Byron Horvath's letter to Judge Mollway (Ex. F) is disputed by Plaintiffs, and it is therefore deemed admitted. <br><br> Plaintiffs' statement is unsupported by the cited evidence: the Declaration of Liane Wilson, ¶ 31 does not reference a website titled "Exposing Family Cults." *See* also Exs. L, M, wherein Ms. Wilson discusses her use of the website in a separate proceeding. |

8

| Defendants' (Movants') Material Facts | Opposing Concise Statement | Defendants' Response to Opposing Concise Statement |
|---|---|---|
| | Ex. F; Exhibit 7. Declaration of Liane Wilson at ¶31. | |
| **Fact 12.** On or about April 19, 2022, Paula Haygarth, with her partner (Wade Martin), submitted a letter to Judge Mollway in the Criminal Case truthfully describing their family's experience with Ms. Wilson.<br><br>Paula Decl., ¶ 11, Ex. E | 12. Disputed. Paula Haygarth along with her partner, Wade Martin, submitted a letter to Judge Mollway in *United States of America v. Liane Wilson*; Case 1:19-cr-00105-SOM; United States District Court for the District of Hawaii which falsely accuses Ms. Shanti of creating a false story that Paula Haygarth was being tailed by the FBI.<br><br>Ex. E; Exhibit 8. Declaration of Liane Wilson at ¶32. | 12. None of the evidence cited by Plaintiffs supports their contention that Paula Haygarth's statement in the letter (accusing Ms. Wilson of creating a false story about Paula being tailed by the FBI) was false.<br><br>No other part of Paula Haygarth's letter to Judge Mollway is disputed by Plaintiffs, and is deemed admitted. FRCP 56; LR56.1, Procedures at pp. 5-6. Plaintiffs do not dispute that the letter truthfully describes the experience of Paula Haygarth and Wade Martin's family with Ms. Wilson, and is therefore deemed admitted. |

| Plaintiffs' Purported Material Fact, Dkt. 71 | Defendants' Response to Opposing Concise Statement |
|---|---|
| **1.** The letters submitted by Defendants and the anonymous Liana Shanti Cult Recovery group to | 1. Disputed. Paula Decl., ¶ 11; Byron Decl., ¶ 20; Stefanie Decl., ¶ 10. **Objections:** Non-responsive to a |

9

| | |
|---|---|
| Judge Mollway in *United States of America v. Liane Wilson*; Case 1:19-cr-00105-SOM; United States District Court for the District of Hawaii were intended to provoke scrutiny of Ms. Shanti's probation status as retaliation for her support of women and families escaping abuse.<br><br>Declaration of Liane Wilson at ¶7. | material fact and does not create any genuine issue of material fact. Unsupported by cited evidence. Ms. Wilson lacks personal knowledge of Defendants' intentions or purpose in submitting two letters to Judge Mollway in the Criminal Proceeding. FRCP 56(c)(4). Other than on a narrow issue, Plaintiffs do not deny that Defendants' letters to Judge Mollway truthfully described their family's experience with Ms. Wilson. |
| **2.** Defendants' actions painted Ms. Shanti and her business in a false light, harmed her reputation, and caused her emotional distress and financial and business harms.<br><br>Declaration of Liane Wilson at ¶ 8. | 2. Disputed. Paula Decl., ¶¶ 4-10; Byron Decl., ¶¶ 3-9; Stefanie Decl., ¶¶ 3-9. **Objections:** Unsupported by admissible evidence. *See* Defendants' CSF Facts 2, 3, 4, 5, 6, 7, 8, 9, 10. |
| **3.** Ms. Shanti has been running a lawful business for 14 years and she has never received a complaint of extortion from any student or client during such time—accusing her of such conduct is reckless.<br><br>Declaration of Liane Wilson at ¶ 9. | 3. Disputed. *See* Declaration of Amanda Brady ("**Brady Decl.**") (¶¶ 22-25) (disputing the claim of no complaints) and the Declaration of Anna Kelley ("**Kelley Decl.**") (¶¶ 3-6) (describing payments of $110,000 for which she did not receive promised deliverables). Also disputed as to that portion of the statement which is merely a legal conclusion, *i.e.*, "…accusing her of such conduct is reckless." Further, there is no evidence suggesting Defendants accused her of such conduct. **Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant to current MSJ. |
| **4.** Ms. Shanti has never coached women on how to claim sexual/physical abuse against their partner nor taught women how to fabricate abuse allegations | 4. Disputed. *See* Brady Decl., ¶¶ 25-28 (describing Ms. Brady's observations of Ms. Wilson shaping narratives of abuse for students), Kelley Decl., ¶ 7 (describing how |

10

| | |
|---|---|
| against them—she listens to, believes in, and supports victims who report abuse—accusing her of such conduct is reckless.<br><br>Declaration of Liane Wilson at ¶ 11. | Ms. Wilson told her she suffered abuse for which there was no independent memory). Also disputed as to that portion of the statement which is merely a legal conclusion, *i.e.*, "…accusing her of such conduct is reckless." Further, there is no evidence suggesting Defendants accused her of such conduct. **Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. |
| **5.** Ms. Shanti has never encouraged false police reports – accusing her of such conduct is reckless and directly attacks the heart of her advocacy mission built on supporting and believing victims of abuse and teaching health, wellness, spiritual and practical business tools for healing and autonomy.<br><br>Declaration of Liane Wilson at ¶ 12. | 5. Disputed. *See* Kelley Decl., ¶ 14 (describing how Ms. Wilson encouraged members of her community to report former students to CPS and/or tag their employers with the aim of getting them fired). Further disputed in that stating "…accusing her of such conduct is reckless and directly attacks the heart of her advocacy mission…" is a legal conclusion. Further, there is no evidence suggesting Defendants accused her of such conduct. **Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. Unsupported by cited evidence. |
| **6.** Ms. Shanti has never funneled investors' money out of Canada into Florida, used tax loopholes to fund a mansion and cult, or used programming and undue influence, societal pressures and private groups to extort women into disconnecting from their families, friends, and spouses to truly heal – such accusations are reckless.<br><br>Declaration of Liane Wilson at ¶ 13. | 6. Partially disputed as to never using "programming and undue influence, societal pressures and private groups to extort women into disconnecting from their families." *See* Brady Decl., ¶¶ 29, 31-32 (describing how Ms. Wilson encouraged students to cut off contact with family members or other close relationships). Also partially disputed as that portion of the statement which is merely a legal conclusion, *i.e.*, "…such accusations are reckless." Further, there is no evidence suggesting |

11

| | Defendants accused her of such conduct. **Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. Unsupported by admissible evidence. |
|---|---|
| **7.** Ms. Shanti has never traveled to Florida to visit students or to operate any compound, mansion or cult house, or hold a retreat, event or public speaking engagement in Florida, and has never owned any property in Florida or solicited investments for same.<br><br>Declaration of Liane Wilson at ¶ 13. | 7. Undisputed.<br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. |
| **8.** Ms. Shanti teaches her students respect for the law and warns against "going rogue" in custody disputes and is not aware of her students or clients ever claiming that she extorted them, threatened them, or forced them to cut off ties to their families.<br><br>Declaration of Liane Wilson at ¶ 14. | 8. Disputed. *See* Brady Decl., ¶¶ 29-36 (describing how Ms. Wilson encouraged students to disconnect from their families and relocate), Kelley Decl., ¶ 8, 13 (describing how Ms. Wilson encouraged students to disconnect from their families and relocate "without regard for legal consequences").<br><br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. |
| **9.** Accusing Ms. Shanti of encouraging child kidnapping and systematic violations of custody orders is reckless.<br><br>Declaration of Liane Wilson at ¶ 15. | 9. Disputed. *See* Brady Decl., ¶¶ 29-36 (describing how Ms. Wilson encouraged students to disconnect from their families and relocate); Kelley Decl., ¶¶ 8, 12-13 (describing how students were encouraged to leave husbands or cut off family members "without regard for legal consequences"). Also disputed as to that portion of the statement which is merely a legal conclusion, *i.e.*, |

12

| | "…is reckless." Further, there is no evidence suggesting Defendants accused her of such conduct.<br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. Unsupported by admissible evidence. |
|---|---|
| **10.** Ms. Shanti has never (1) participated in human or child trafficking, (2) stolen money from her students, (3) intentionally harmed students by keeping them "stuck," (4) plagiarized and stolen business content from others, or (5) defrauded clients by expelling them from groups while retaining their money (falsely accusing her of committing such crimes is reckless).<br><br>Declaration of Liane Wilson at ¶ 16. | 10. Disputed. *See* Kelley Decl., ¶¶ 3-6 (describing payments of $110,000 for which she did not receive promised deliverables). Further disputed as to that portion of the statement which is merely a legal conclusion, *i.e.*, "… accusing her of committing such crimes is reckless." Further, there is no evidence suggesting Defendants accused her of such conduct.<br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. Unsupported by admissible evidence. |
| **11.** The statement that "possible crimes committed by her followers as a result of Liana's narratives and coaching techniques online deem her a potential accomplice" is false and made with reckless disregard for the truth as it accuses Ms. Shanti of being an accomplice to a crime without any supporting evidence.<br><br>Declaration of Liane Wilson at ¶17. | 11. Disputed. *See* Kelley Decl., ¶ 14 (describing how Ms. Wilson encouraged students to post negatively about former students on social media with the aim of disrupting their lives). Further disputed as to that portion of the statement which is merely a legal conclusion, *i.e.*, "…made with reckless disregard for the truth …." Further, there is no evidence suggesting Defendants accused her of such conduct.<br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. Unsupported by cited evidence. |

13

| | |
|---|---|
| **12.** Women voluntarily pay Ms. Shanti for courses and coaching programs that she creates—there is no investment scheme, no joint accounts, and no financial control by Ms. Shanti over a student's ex-husband.<br><br>Declaration of Liane Wilson at ¶ 18. | 12. Disputed. *See* Brady Decl., ¶ 16 (describing "coercive pressure" by Ms. Wilson to keep her students financially invested in her courses), Kelley Decl., ¶¶ 9-10 (describing how Ms. Wilson's students are pressured to sign up for courses and programs).<br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. Unsupported by admissible evidence. |
| **13.** The statement "[Ms. Shanti] was working on scamming and manipulating [a person] out of all his money and then take off somewhere. The B**** used the kids to manipulate him and then accuse him of the worst possible things with the kids" accuses Ms. Shanti of committing financial fraud and weaponizing children by fabricating false abuse allegations against their father and is false and reckless.<br><br>Declaration of Liane Wilson at ¶18. | 13. Disputed as to Ms. Wilson's suggestion that she has been wrongfully accused "of committing financial fraud and weaponizing children by fabricating false abuse allegations…" *See* Brady Decl., ¶¶ 25-28; Kelley Decl., ¶¶ 3-7. Further disputed in that the statement "…is false and reckless" is a merely a legal conclusion. Further, there is no evidence suggesting Defendants accused her of such conduct.<br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. Unsupported by admissible evidence. |
| **14.** Ms. Shanti never created or plagiarized a number of health protocols – accusing her of same is false and reckless because it accuses her of committing professional intellectual property theft and plagiarism which negatively affects her personal career and reputation.<br><br>Declaration of Liane Wilson at ¶19. | 14. Disputed as to that portion which constitutes a legal conclusion, i.e., "…is false and reckless because it accuses her of committing professional intellectual property theft and plagiarism which negatively affects her personal career and reputation." Further, there is no evidence suggesting Defendants accused her of such conduct. |

14

15813736\000001\132610238

| | Objections: Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. Unsupported by admissible evidence. |
|---|---|
| 15. The statement "[Ms. Shanti's] programs are heavily rooted in traditional psychology but use though programming and undue influence, social pressure and side groups to extort women" is false and reckless—Ms. Shanti reminds students to follow the law, make their own decisions, and not to act from fear or coercion.<br><br>Declaration of Liane Wilson at ¶20. | 15. Disputed as to the statement that Ms. Wilson "reminds students to follow the law, make their own decisions, and not to act from fear or coercion." *See* Brady Decl., ¶¶ 23-24, 29, 31-32, 34-36 (describing Ms. Wilson's pressure on Ms. Brady and others to relocate from Canada to the U.S.); Kelley Decl., ¶¶ 8, 11 (describing how Ms. Wilson encouraged students to leave their home countries without regard for consequences). Also disputed as to that portion of the statement which is merely a legal conclusion, *i.e.*, "…is false and reckless." Further, there is no evidence suggesting Defendants accused her of such conduct.<br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. Unsupported by admissible evidence. |
| 16. Ms. Shanti's reputation as a spiritual teacher is built on ethical practice, trauma informed support, and empowering women to make autonomous, legally sound decisions.<br><br>Declaration of Liane Wilson at ¶21. | 16. Disputed. *See* Brady Decl., ¶¶ ¶¶ 23-24, 29-32, 34-38; Kelley Decl., ¶ 11.<br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. |
| 17. The statement "[Ms. Shanti] influence[s] women to leave their husbands, file for sole custody, and go no contact with them or any other family member … We have been inundated with stories from fathers of | 17. Disputed as to the accuracy Ms. Wilson's claim that she has been wrongfully accused of "targeting marriages and encouraging [women] to leave their husbands." *See* Brady Decl., ¶¶ 29, 31-36; Kelley Decl., ¶ 12. Also |

15

| | |
|---|---|
| their wives and ex wives violating custody orders and preventing them from seeing their children" is false and reckless and falsely accuses Ms. Shanti of targeting marriages and encouraging them to leave their husbands.<br><br>Declaration of Liane Wilson at ¶22. | disputed as to that portion of the statement which is merely a legal conclusion, i.e., "…is false and reckless…" Further, there is no evidence suggesting Defendants accused her of such conduct.<br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. Unsupported by admissible evidence. |
| **18.** The statement "[Liana] has influenced at least 2 dozen women and their children to pick up and leave their states/countries and families (regardless of custody decisions) and move – primarily to the United States. We know of at least one woman who attempted to kidnap her children and cross the border from Canada into the United States." is false and reckless because it wrongfully accuse Ms. Shanti of routinely inducing women to violate custody orders and uprooting children across borders, and having caused at least one woman to attempt a kidnapping (it accuses her of orchestrating or inciting criminal conduct).<br><br>Declaration of Liane Wilson at ¶23. | 18. Disputed as to the accuracy of Ms. Wilson's claim that she has been wrongfully accused of inducing women to violate custody orders. *See* Brady Decl., ¶¶ 34-36 (describing Ms. Wilson's pressure on Ms. Brady and others to relocate from Canada to the U.S.), Kelley Decl., ¶ 8, 12, 13 (describing how Ms. Wilson encouraged students to leave their home countries without regard for consequences). Also disputed as to that portion of the statement which is merely a legal conclusion, i.e., "…is false and reckless…" Further, there is no evidence suggesting Defendants accused her of such conduct.<br><br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. |
| **19.** The statement "[an] expert we consulted has called this an online version of human and child trafficking" is false and made with reckless disregard for the truth because it falsely attaches Ms. Shanti and her business to crimes – human trafficking and child trafficking. | 19. Disputed as to that portion of the statement which is merely a legal conclusion, i.e., "….made with reckless disregard for the truth …" Further, there is no evidence suggesting Defendants accused her of such conduct.<br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. |

16

| | |
|---|---|
| Declaration of Liane Wilson at ¶24. | Unsupported by cited evidence. ECF 71 at PageID.1420, ¶ 24. |
| **20.** The statement "Liana cherry picks her cult psychology from [Jonestown, Heaven's Gate, and Waco]" is false and reckless because it paints Ms. Shanti as a dangerous cult operator who consciously uses the same psychological tactics of infamous, deadly cults.<br><br>Declaration of Liane Wilson at ¶25. | 20. Disputed as to that portion of the statement which is merely a legal conclusion, *i.e.*, "…is false and reckless…" Further, there is no evidence suggesting Defendants accused her of such conduct.<br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. Unsupported by cited evidence. ECF 71 at PageID.1420, ¶ 25. |
| **21.** Ms. Shanti has never modeled her teaching methods after Jonestown, Heaven's Gate or Waco.<br><br>Declaration of Liane Wilson at ¶25. | 21. Undisputed.<br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. Unsupported by cited evidence. *See* ECF 71 at PageID.1420, ¶ 25. |
| **22.** The statement "[o]nce a follower has been removed from the group, there have been instances of public shaming by releasing 'personal details' to humiliate that individual and intimidate others. Liana makes false and outrageous claims regarding having personal IP information revealing location details for her critics[.]" is false and reckless as it insinuates that Ms. Shanti is vengeful, dishonest, and unsafe with confidential information and attacks her honesty, ethics, and fitness to practice as a spiritual teacher and coach.<br><br>Declaration of Liane Wilson at ¶ 26. | 22. Disputed as to that portion of the statement which is merely a legal conclusion, *i.e.*, "…is false and reckless as it insinuates that Ms. Shanti is vengeful, dishonest, and unsafe with confidential information and attacks her honesty, ethics, and fitness to practice as a spiritual teacher and coach." Further, there is no evidence suggesting Defendants accused her of such conduct.<br><br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. Unsupported by cited evidence. ECF 71 at PageID.1421, ¶ 26. |

17

| | |
|---|---|
| **23.** Ms. Shanti suffered and continues to suffer severe emotional, psychological, reputational and financial harm as a direct result of the Defendants' conduct and coordinated defamation campaign.<br><br>Declaration of Liane Wilson at ¶ 27. | 23. Disputed. This statement fails to provide any factual details regarding Ms. Wilson's alleged harm and emotional, psychological, or reputational suffering. ECF 71 at PageID.1421, ¶ 27, nor how such alleged damage was caused by Defendants.<br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. |
| **24.** The damage to Ms. Shanti's well-being has been catastrophic—she experienced sustained harassment, stalking, and psychological trauma and her sense of safety has been shattered.<br><br>Declaration of Liane Wilson at ¶28. | 24. Disputed. This statement fails to provide any factual details regarding how Ms. Wilson's "well-being" has been damaged in a "catastrophic" manner, nor how such alleged damage was caused by Defendants.<br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. Unsupported by cited evidence. |
| **25.** As a result of Defendants' conduct, Ms. Shanti suffers from debilitating panic, loss of sleep, emotional numbness, and persistent PTSD symptoms.<br><br>Declaration of Liane Wilson at ¶29. | 25. Disputed. Plaintiffs fail to provide any factual evidence regarding how Ms. Wilson's "suffers from debilitating panic, loss of sleep, emotional numbness, and persistent PTSD symptoms," nor how such alleged damage was caused by Defendants.<br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. Unsupported by cited evidence. ECF 63 at PageID.1421, ¶ 29. |
| **26.** Ms. Shanti's once thriving educational platform with over 2,000 testimonials from students has been severely handicapped.<br><br>Declaration of Liane Wilson at ¶30. | 26. Disputed. *See* Brady Decl., ¶¶ 15-17 (describing how decline in Ms. Wilson's educational platform resulted from internal dynamics in her own community, not alleged actions by Defendants). |

18

15813736\000001\132610238

| | **Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. Unsupported by cited evidence. *See* ECF 71 at PageID.1421, ¶ 30. |
|---|---|
| **27.** Jennings Brown of *The Daily Best* published three damaging articles about Ms. Shanti which can be found at the following links: https://www.thedailybeast.com/inside-liana-shantis-lumerian-mystery-school/; https://www.thedailybeast.com/mysterious-guru-liana-shanti-summoned-to-court-after-beast-investigation/; https://www.thedailybeast.com/federal-judge-grills-liana-shanti-mysterious-guru-accused-of-breaking-up-families/.<br><br>Declaration of Liane Wilson at ¶33. | 27. Undisputed.<br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. Unsupported by cited evidence. *See* ECF 63 at PageID.1422, ¶ 33. |
| **28.** The Liana Shanti Cult Recovery group encouraged people to submit a victim impact statement about their interactions with Ms. Shanti.<br><br>Ex. "4" at 42: 16-20. | 28. Undisputed.<br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. |
| **29.** Defendants joined in a zoom call with the anonymous Liana Shanti Cult Recovery group to discuss the status of Ms. Shanti's criminal proceeding, have been a part of an undisclosed email list with the anonymous group, and submitted letters to Judge Mollway in *United States of America v. Liane Wilson*; | 29. Undisputed.<br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. |

19

15813736\000001\132610238

| | |
|---|---|
| Case 1:19-cr-00105-SOM; United States District Court for the District of Hawaii.<br><br>Byron Decl. at ¶10; Exhibit "F"; Stefanie Decl. at ¶10; Paula Decl. at ¶11; Ex. "9"; Ex. "10"; copy of SH000067 through SH000075 attached as Ex. "11"; Ex. "3" at 136: 18-19; Exhibit "4" at 40: 12-25 and 41:1-2; Ex. "5" at 151: 15-18 and 152: 8-10. | |
| **30.** Defendants met up several years ago at a restaurant to discuss their "custody situations" and concerns of Ms. Shanti.<br><br>Ex. "4" at 14: 14-17 and 15: 5-24; Ex. "5" at 18: 20-25, 19: 1-7 and 23-25, 21: 10-23. | 30. Undisputed.<br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. |
| **31.** Stefanie Horvath and Byron Horvath asked Wade Martin and Paula Haygarth to write a statement about their experience in Byron Horvath's and Haley Winter's custody case.<br><br>Ex. "4" at 18: 18:25. | 31. Undisputed.<br>**Objections:** Non-responsive to a material fact and does not create any genuine issue of material fact. Irrelevant. |

DATED:  Honolulu, Hawai'i, March 27, 2026.

 /s/Laura P. Moritz                                    .
LOUISE K.Y. ING
LAURA P. MORITZ

Attorneys for Defendants/Counterclaimants
PAULA HAYGARTH, BYRON HORVATH, and
STEFANIE HORVATH

20

15813736\000001\132610238

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>       Plaintiffs/Counterclaim Defendants,<br><br>    v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10,<br><br>       Defendants/ Counterclaimants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**DECLARATION OF LAURA P. MORITZ** |

**DECLARATION OF LAURA P. MORITZ**

I, LAURA P. MORITZ, hereby declare as follows:

1.     I am an attorney with the law firm of Dentons US LLP, attorneys for Defendants PAULA HAYGARTH, BYRON HORVATH and STEFANIE HORVATH ("Defendants") in the above-entitled matter.

2.     Unless otherwise indicated, I make this Declaration based on my personal knowledge and am competent to testify concerning the matters set forth below.

15813736\000001\132610238

3.      Attached hereto as **Exhibit K** are true and correct copies of the relevant pages from the Condensed Transcript of the Rule 30(b)(6) Deposition for Sourced Intelligence, LLC (Alexander Feil) taken on January 10, 2025, with key portions highlighted for ease of review.

4.      Attached hereto as **Exhibit L** is a true and accurate copy of PageID.1802, PageID.1821, and PageID.1822 from the Criminal Proceeding. These pages were part of Ms. Wilson's *Redacted August 2, 2025 Position Statement* filed in the Criminal Proceeding at Dkt. 125. Because portions of the original document contains are highlighted in yellow, those portions referred to in the *Reply in Support of Motion for Summary Judgment on First Amended Complaint* filed concurrently herewith are highlighted in blue. These pages were produced in discovery as PH000023, BH001114, and BH001115.

5.      Attached hereto as **Exhibit M** is a true and accurate copy of PageID.1738 from Document 123-1 filed by Plaintiff Liane Wilson in Case 1:19-cr-00105-SOM on July 26, 2023. The page is part of Ms. Wilson's *Redacted Defendant's Position Statement Regarding July 11, 2023 EO* filed in the Criminal Proceeding at ECF 123. Because portions of the original document contains are highlighted in yellow, those portions referred to in the *Reply in Support of Motion for Summary Judgment on First Amended Complaint* filed concurrently herewith are highlighted in blue. This document was produced in discovery as PH000034.

2

15813736\000001\132610238

6. I respectfully request the Court take judicial notice of the foregoing matters as adjudicative facts pursuant to Federal Rule of Evidence 201. The existence of these filings in the Criminal Case is not subject to reasonable dispute and can be accurately determined from sources whose accuracy cannot reasonably be questioned.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Honolulu, Hawaiʻi, March 27, 2026.

/s/ Laura P. Moritz
LAURA P. MORITZ

3

15813736\000001\132610238