IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>      Plaintiffs/Counterclaim Defendants,<br><br>      v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10,<br><br>      Defendants/ Counterclaimants. | Civil No. 1:25-cv-00297-JAO-RT<br><br>**DECLARATION OF LOUISE K.Y. ING** |

**DECLARATION OF LOUISE K.Y. ING**

I, Louise K.Y. Ing, do hereby declare and state under penalty of perjury that the following facts are true and correct:

1.    I am a partner with DENTONS US LLP ("Dentons") and am counsel of record for Defendants/Counterclaimants Paula Haygarth, Byron Horvath, and Stefanie Horvath (collectively "**Defendants**"). I have personal knowledge of the facts contained in this declaration which are true and correct.

15813736\000001\137863197\V-4

2.    I am making this Declaration in support of Defendants/ Counterclaimants' *Motion in Limine*.

3.    Defendants respectfully request that the Court consider Defendants' motions *in limine* even though our efforts to schedule the LR 7.8 meet and confer occurred less than seven days before the motion in limine filing date set by the Court. Although we and our clients have weighed various potential subjects for motions *in limine* over the past few weeks, the specific topics and number of the motions were only finalized this week Tuesday after assessing next steps after a June 12 settlement conference. As detailed below, Defense counsel contacted Plaintiffs' counsel as promptly as possible to schedule a meet and confer after narrowing down anticipated motions in limine.

4.    On Tuesday afternoon, June 16, 2026 during a telephone call with Plaintiffs' counsel Mr. Portnoy, I inquired about scheduling a meet and confer regarding the motions *in limine* we planned to file with the Court on June 18. Mr. Portnoy took the position that because we were beyond the seven days before the motions deadline, filing motions *in limine* was no longer appropriate. His position was surprising given that (a) Plaintiffs have themselves filed motions with this Court without meeting the 7-day meet and confer timeframe under LR 7.8. (s*ee* ECF 57 and 72), and (b) the parties and counsel had also been focused last week on preparing for a June 12 settlement conference they had jointly requested.

15813736\000001\137863197\V-4

5.      Nevertheless, with time remaining before filing of the motions and in a further effort to have a potentially useful meet and confer before filing the motions, I emailed Mr. Portnoy on Wednesday, June 17, 2026 about scheduling a meet and confer. In that email, I also included details about the anticipated topics for each of the five motions being drafted in order to facilitate the discussion. Mr. Portnoy emailed me back the same day, reiterating his position that our request to meet and confer was untimely. He refused to meet and confer about the motions, even though discussions even at that late date may have helped clarify evidentiary issues in dispute and not in dispute.

6.      Late Wednesday night, actually a little before 2 a.m. on July 18, I sent a responsive email to Mr. Portnoy, explaining the circumstances leading to less than seven days' notice (as had also occurred with Plaintiffs' counsel previously), pointing out it will be the court's decision whether to consider the motions, explaining that we were motivated to file motions anyway in an effort to streamline case presentation at trial, and again offering to meet and confer. Mr. Portnoy responded in writing the morning of June 18 reiterating his objection to meeting and conferring and filing of motions and declining to meet and confer.

15813736\000001\137863197\V-4

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED:  Honolulu, Hawai'i, June 18, 2026.

      /s/   LOUISE K.Y. ING
      LOUISE K.Y. ING

15813736\000001\137863197\V-4