LOUISE K.Y. ING          2394
LAURA P. MORITZ          7860

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI 96813
Telephone:    808 524 1800
Facsimile:    808 524 4591
Email: louise.ing@dentons.com
        laura.moritz@dentons.com

Attorneys for Defendants/Counterclaimants
PAULA HAYGARTH and
BYRON HORVATH

IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| LIANI SHANTI ENTERPRISES, LIANA SHANTI,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>PAULA HAYGARTH, BYRON HOROVATH, JANE DOES 1-10, and JOHN DOES 1-10,<br><br>Defendants/ Counterclaimants. | CIVIL NO. 5CCV-22-0000107<br>(Other Civil Action)<br><br>**DEFENDANT/COUNTERCLAIMANT BYRON HORVATH'S FIRST REQUEST TO PLAINTIFF/COUNTERCLAIM DEFENDANT LIANA SHANTI FOR PRODUCTION OF DOCUMENTS**<br><br>Judge:  Honorable Kathleen N.A. Watanabe<br>No trial date set. |

**DEFENDANT/COUNTERCLAIMANT BYRON HORVATH'S
FIRST REQUEST TO PLAINTIFF/COUNTERCLAIM
DEFENDANT LIANA SHANTI FOR PRODUCTION OF DOCUMENTS**

TO:    JEFFREY S. PORTNOY, ESQ.
       Cades Schutte Building
       1000 Bishop Street, Suite 1200
       Honolulu, Hawaiʻi  96813

       Attorneys for Plaintiffs/Counterclaim Defendants
       LIANA SHANTI and
       LIANA SHANTI ENTERPRISES

15813736\000001\125267411\V-2

# EXHIBIT G

Defendant Byron Horvath ("Mr. Horvath"), by and through his attorneys, Dentons US LLP, hereby requests that Plaintiff/Counterclaim Defendant Liana Shanti ("Ms. Shanti") produce for examination, inspection and copying all of the following Documents (see definition under "Definitions and Instructions", attached) and items which are in her possession, custody or control at the law offices of Dentons US LLP, 1001 Bishop Street, Suite 1800, Honolulu, Hawai'i 96813 or at some other convenient location mutually agreed upon by the parties within thirty (30) days from service hereof.

Ms. Shanti is required by Rule 34 of the Hawai'i Rules of Civil Procedure to file a written response hereto within thirty (30) days after service, and failure to respond or produce the items required will be grounds for a motion by Mr. Horvath pursuant to Rule 37 of Hawai'i Rules of Civil Procedure to compel production and impose sanctions.

If Ms. Shanti asserts that any of the Documents and things requested above are protected from discovery by attorney-client privilege, the attorney work product doctrine, or any other evidentiary privilege, please specify in Ms. Shanti's written response (1) the grounds asserted the reason for non-production; (2) the date the Document was prepared; (3) the identity of the attorney(s) who drafted or received the Document(s) (if attorney-client privilege or attorney work product production is claimed), (4) the identity of the parties who prepared or received the Document; and (5) the nature of the Document.

Please note that under the Definitions and Instructions, which are attached hereto and incorporated into this Request, the term "Document is not limited to papers, but also includes

//

//

2

data on cellular devices and computer disks or drives.  Please contact the undersigned counsel if

Ms. Shanti needs to make arrangements to copy and deliver computer files electronically.

DATED:  Honolulu, Hawaiʻi, December 7, 2023.

/s/ Louise K.Y. Ing
LOUISE K.Y. ING
LAURA P. MORITZ

Attorneys for Defendants/Counterclaimants
PAULA HAYGARTH and
BYRON HORVATH

3

## DEFINITIONS AND INSTRUCTIONS

Each of these definitions and instructions is hereby incorporated into each of the requests to which it pertains.

1. "You," "Your," and "Ms. Shanti" refer to Plaintiff Liana Shanti, her agents, attorneys, insurance companies, and all other persons or entities acting or purporting to act on her behalf.

2. "Shanti Enterprises" refers to Plaintiff Liana Shanti Enterprises.

3. "Mr. Horvath" refers to Defendant Byron Horvath.

4. "Ms. Haygarth" refers to Defendant Paula Haygarth.

5. The "Complaint" refers to the *Complaint; Summons* filed by Shanti Enterprises and Ms. Shanti on December 4, 2022, entitled *Liana Shanti Enterprises, Liana Shanti v. Paula Haygarth, Bryon Horovath*, Civil No. 5CCV-22-0000207, in the Circuit Court of the Fifth Circuit, State of Hawaiʻi.

6. "Person" includes a natural person, firm, association, organization, partnership, business trust, corporation, public entity, or any other form of entity.

7. "Conversation" refers to any written or oral exchange of information, including but not limited to any discussion, conference, meeting, interview, telephone call, and notes thereof, whether in person, electronically, or by telephone, and any statement or representation made therein.

8. "Communication" means any verbal or written contact between two or more Persons, by whatever manner or means, and regardless of how or by whom the communication was initiated, including, but not limited to, correspondence, conversations, face-to-face meetings, telephone conversations, and computerized transmissions, including e-mail.

15813736\000001\125267411\V-2

9.      "Document" is used in the broadest possible manner and includes any written, printed, typed, photocopied, photographic, electronic, stenographic or recorded matter of any kind or character, including but not limited to, all notes, drafts, diaries, journals, calendars, date books, medical records, correspondence, e-mails, text messages, iMessages, social media communications posts and updates (including but not limited to Facebook, Twitter, WhatsApp, Instagram, Reddit, LinkedIn, and other social media postings), audio and video recordings, instant messages, voicemails, letters, faxes, communications, memoranda reports, manuals, guidelines, rules, instructions, lists, forms, files, notebooks, and information stored in any data processing or word processing system. (You can retrieve Facebook postings by going to Your Facebook account, clicking on "Account" in the upper right, choosing "Account Settings"; toward the bottom of that page there will be instructions to "Download Your Information." Follow those instructions and provide a copy of that download.)

"Document" also includes any document in your possession, custody, or control, including but not limited to any document that other persons or entities possess of which you are aware. "Document" is also defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Hawai'i Rules of Civil Procedure ("HRCP") Rule 34. "Document" also includes the original (or a copy thereof if the original is not available) and all non-identical copies or versions that differ in any respect from the original, including but not limited to any notation, underlining, highlighting, marking, handwriting, or other information not on the original.

10.      "Referring to" and "relating to" mean directly or indirectly supporting, contradicting, undermining, documenting, pertaining to, concerning, discussing, commenting on, constituting, comprising, containing information regarding, consisting of, setting forth, alluding to, proposing, showing, disclosing, describing, depicting, explaining, summarizing, reflecting,

2

authorizing, mentioning, detecting, bearing upon, commenting upon, evidencing, or discussing in any way logically or factually connected to the matter described in the request.

11.     The following instructions are applicable to the attached request for production of Documents:

A.     In producing these Documents, You are requested to furnish all Documents known or available to You regardless of whether these Documents are possessed directly by You or Your agents, employees, representatives, investigators, or by Your attorneys or their agents, employees, representatives or investigators.

B.     If any of these Documents cannot be produced in full, they shall be produced to the extent possible, and You must specify Your reason for Your inability or refusal to produce the remainder and state whatever information, knowledge or belief You do have concerning the unproduced portion.

C.     If any Documents requested are no longer in existence, please explain and specify for each Document (1) its type (e.g., letter, diary entry, text message, etc.); (2) the information it contained (including its date); (3) the date it ceased to exist; (4) the identities of all persons with knowledge of the circumstances under which it ceased to exist; and (5) the identities of all persons with knowledge or who had knowledge of its contents.

D.     "And" and "or" shall be construed conjunctively or disjunctively as necessary, to bring within the scope of a request all responsive information which might otherwise be construed to be outside its scope.

E.     Words or terms in the singular shall include the plural, and words or terms in the plural shall include the singular.

F.     "Any" shall include "all," and "all" shall include "any."

3

15813736\000001\125267411\V-2

G.      Use of a verb in any tense shall be construed as the use of the verb in all other tenses.

This request shall be deemed continuing, pursuant to HRCP Rule 26(e), so as to require supplemental production if Ms. Shanti or her attorneys become aware of or obtain further Documents responsive to it.

4

**DOCUMENTS OR THINGS TO BE PRODUCED**

1.      All Documents (see Definitions) that are referenced or described in, or that support or otherwise relate to Your answers to *Defendant/Counterclaimant Byron Horvath's First Request to Plaintiff Liana Shanti for Answers to Interrogatories*, served concurrently with this Request.

2.      All Documents (see Definitions) relating to or supporting each of the factual allegations in Your Complaint as they pertain to You and Mr. Horvath, including but not limited to any investigative or forensic reports or other work product relating to alleged wrongdoing by Mr. Horvath against Ms. Shanti.

3.      All audio recordings You claim to have of Mr. Horvath speaking to anyone.

4.      All Documents (see Definitions) relating to an injunction allegedly obtained against Mr. Horvath in a jurisdiction within the state of Florida.

5.      A copy of the recorded video You refer to in an Instagram post stating "On recorded VIDEO Byron horvaths [sic] daughter Isla SPEAKS to her aunt Elise Winter about her father HITTING HER REPEATEDLY in her own voice and words," a screen shot of which is attached hereto as Exhibit 1.

6.      All Documents, including but not limited to the referenced photographs, relating to or supporting Your statement in an Instagram post that "[t]here are photographs of Isla's body BRUISED ALL OVER which her mother said happened AFTER she was with Byron," a screen shot of which is attached hereto as Exhibit 2 including the alleged photographs themselves.

7.      All Documents relating to or supporting Your claim in an Instagram post stating "Grandmother Donna Winter and Aunt Elise Winter called CPS when that heard from Isla that she was being harmed. They REPORTED BYRON," a screen shot of which is attached hereto as Exhibit 3

8.      All Documents relating to or supporting Your claim in an Instagram post stating "There are MANY texts of Byron telling Haley he is having her followed and watched, evidencing his pattern of stalking women," a screen shot of which is attached hereto as Exhibit 4.

9.      All Documents relating to or supporting Your claim in an Instagram post stating "There are direct records of everything he and his wife have done," a screen shot of which is attached hereto as Exhibit 5.

10.     All Documents relating to or supporting Your claim in an Instagram post stating "…Isla disclosed Byron's abuse," a screen shot of which is attached hereto as Exhibit 6.

11.     All Documents relating to or supporting Your claim in an Instagram post stating "…Byron was attacking his small child when she went into a panic" (*id.*).

15813736\000001\125267411\V-2