LOUISE K.Y. ING          2394
LAURA P. MORITZ          7860

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI 96813
Telephone:  808 524 1800
Facsimile:   808 524 4591
Email:        louise.ing@dentons.com
              laura.moritz@dentons.com

Attorneys for Defendants/Counterclaimants
PAULA HAYGARTH, BYRON HORVATH, and
STEFANIE HORVATH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>              Plaintiffs/Counterclaim Defendants,<br><br>       v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10,<br><br>              Defendants/ Counterclaimants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**DEFENDANTS/ COUNTERCLAIMANTS PAULA HAYGARTH, BYRON HORVATH, AND STEFANIE HORVATH'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE TESTIMONY RE ALLEGED STALKING DUE TO SPOLIATION; DECLARATION OF LOUISE K.Y. ING; DECLARATION OF LAURA P. MORITZ; EXHIBIT "A"**<br><br><br>Judge: Honorable Jill A. Otake<br>Trial: August 3, 2026. |

**DEFENDANTS/COUNTERCLAIMANTS PAULA HAYGARTH,
BYRON HORVATH, AND STEFANIE HORVATH'S
MOTION *IN LIMINE* NO. 2 TO EXCLUDE REFERENCE TO
ALLEGED STALKING DUE TO SPOLIATION**

Defendants PAULA HAYGARTH, BYRON HORVATH, and STEFANIE

HORVATH ("Defendants"), by and through its attorneys, Dentons US LLP, hereby

moves this Court for an order *in limine* precluding admission at trial of any argument

and evidence, including documents and testimony, concerning or regarding alleged

stalking by Mr. Horvath of Plaintiff Liane Wilson. Plaintiff testified about such

alleged activity at her deposition, but never produced any of the alleged

photographic evidence she claimed her family had of the incident.

This Motion is made pursuant to Federal Rules of Civil Procedure 7 and 26,

LR 7.1, and Federal Rules of Evidence 102, 401, 402, and 403. This motion is made

following counsel's unsuccessful but good faith efforts to meet and confer pursuant

to LR 7.8 of the Local Rules.[1]

## I.    BACKGROUND

At her deposition, Plaintiff Wilson made a number of unsubstantiated claims

that Mr. Horvath—a resident of Saskatchewan—had stalked her at her home on

Kauai in a single incident on an unspecified date in 2022. The testimony was vague

at best, and Plaintiffs never produced the documentary evidence of the incident they

---

[1] Counsel made two requests to meet and confer with Plaintiffs prior to filing this
Motion, both of which were refused. Declaration of Louise K.Y. Ing, ¶¶ 3-6.

US_ACTIVE\137863196\V-2

claimed to have. Specifically, Wilson testified, that she "believed" Mr. Horvath stalked her because:

> **Q:  And what makes you think he [Mr. Horvath] came to your home?**
>
> A:  …And several times there was a car that stopped right in front of our house which had a man driving which looked very much like Byron. I didn't go out to the car. My husband on several occasions went out to see – to confront the person, and they sped off. … And I believe that the person that was doing to me was Byron because it looked like him in the car.
>
> **Q:  Did you take any pictures or photographs of the car out in front of your house?**
>
> A:  I took some – I think my son and my husband took some pictures. But they're not – I don't think they would be exact – you know, they're too far away. And by the time we got close enough. Not we, meaning not me. I stayed in the house. …
>
> **Q:  Will you produce those photos in discovery?**
>
> A:  I don't know if I still have them. I don't think we still have those because I don't think they showed anything that was – you know, anything other than like a car speeding off because by time they went out there to get the photos, the car – each time it happened, the car sped off. If I remember correctly – I'll ask my husband, but if I remember correctly, they're kind of with the car in motion.
>
> **Q:  But you didn't keep the photos?**
>
> A:  They may. I'd have to ask my husband.

Ex. __(Wilson Transcript Vol. I, page 44:17-46:16) (underscore added).

Unsurprisingly, no photos were ever produced. Assuming such photos ever existed, this is another example of Plaintiffs disposing of evidence potentially relevant to Mr. Horvath's claims and defenses. Moreover, Mr. Horvath, a farmer thousands of

miles away from Hawaiʻi in Saskatchewan, Canada, has denied ever stalking Wilson, much less on Kauai.

## II.    ARGUMENT

District courts may impose sanctions under their inherent power to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Williams v. Kohl's Department Stores, Inc.*, Civ. No. EDCV 19-397, 2020 WL 3882953, *3 (C.D. Cal. June 16, 2020). Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Id.* In the case of photos of alleged stalking incidents that were not preserved, the Court is free to use its discretion to fashion an appropriate remedy, such as an instruction that any reference to the alleged stalking be prohibited at trial. *Continental Cas. Co. v. St. Paul Surplus Lines Ins. Co.*, 265 F.R.D. 510, 533 (E.D. Cal. 2010) (court is permitted to exclude witness testimony based on the spoliated evidence).

Here, Plaintiffs allegedly had photographic evidence of what they contend was stalking by Mr. Horvath—a resident of Saskatchewan, Canada—at Plaintiffs' home on Kauai. Wilson testified that she was sure such photos were taken and that they showed some sort of evidence of a car speeding away, but that they were not retained for further examination or production in discovery. This missing information is key because it could have proven—or disproven—Wilson's vague

3

contentions that a person with Mr. Horvath's description was seen outside her home on an unspecified number of occasions and that the car quickly sped away after being spotted by her and her family. Even blurry photos or photos taken at a distance would have had the potential to yield relevant evidence worthy of examination about the alleged incident(s), but instead, Plaintiffs took it upon themselves not to preserve the alleged photos they took and produce them in discovery.

Plaintiffs had an obligation to preserve photographic evidence as soon as it knows or reasonably should know its relevance to the action. *Williams*, *supra*, at *7, citing *In re Napster*, 462 F.Supp.2d 1060, 1067 (N.D. Cal. 2006). Plaintiffs offer no reason for why the photos were not retained, and the failure to preserve such evidence was negligent at best. *Id.* Finally, the destroyed evidence (assuming it ever existed) was clearly relevant to the claims and defenses in this action, and the content of the deleted photos will never be determined. Taking all into account, it is necessary and appropriate for the Court to exclude any argument or testimony about the alleged stalking incident(s) by Mr. Horvath because it could be severely prejudicial to the jury, and the information Plaintiffs deleted could have been exculpatory for Mr. Horvath. *See Continental Cas. Co. v. St. Paul Surplus Lines Ins. Co.*, *supra*, 265 F.R.D. at 533 (court is permitted to exclude witness testimony based on the spoliated evidence).

US_ACTIVE\137863196\V-2

## III.    CONCLUSION

Defendants request that this Court grant this motion and preclude admission at trial of any argument and evidence, including documents and testimony, concerning or regarding alleged stalking by Mr. Horvath of Plaintiff Liane Wilson.

Executed in Honolulu, Hawaiʻi, June 18, 2026.

/s/ Laura P. Moritz
LOUISE K.Y. ING
LAURA P. MORITZ

5

US_ACTIVE\137863196\V-2