LOUISE K.Y. ING        2394
LAURA P. MORITZ        7860

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI 96813
Telephone:   808 524 1800
Facsimile:   808 524 4591
Email:       louise.ing@dentons.com
             laura.moritz@dentons.com

Attorneys for Defendants/Counterclaimants
PAULA HAYGARTH, BYRON HORVATH, and
STEFANIE HORVATH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>       Plaintiffs/Counterclaim Defendants,<br><br>       v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10,<br><br>       Defendants/ Counterclaimants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**DEFENDANTS/ COUNTERCLAIMANTS PAULA HAYGARTH, BYRON HORVATH, AND STEFANIE HORVATH'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE DEFENDANTS' COMMUNICATIONS WITH THIRD PARTIES AFTER DECEMBER 6, 2022; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF LOUISE K.Y. ING; DECLARATION OF LAURA P. MORITZ; EXHIBITS "A"-"I"**<br><br>Judge: Honorable Jill A. Otake<br>Trial: August 3, 2026. |

15813736\000001\137863197\V-4

**DEFENDANTS/COUNTERCLAIMANTS PAULA HAYGARTH,
BYRON HORVATH, AND STEFANIE HORVATH'S
MOTION *IN LIMINE* NO. 3 TO EXCLUDE DEFENDANTS'
COMMUNICATIONS WITH THIRD PARTIES AFTER
DECEMBER 6, 2022**

Defendants Paula Haygarth, Bryon Horvath, and Stefanie ("**Defendants**"), by and through their attorneys, Dentons US LLP, hereby move this Court for an order *in limine* excluding any argument or evidence regarding Defendants' communications about Plaintiffs with third parties to this litigation ***after*** the Defendants were served with the Complaint on January 7, 2023.

This Motion is made pursuant to Federal Rules of Civil Procedure 7 and 26, LR 7.1, and Federal Rules of Evidence 102, 401, 402, and 403, the attached memorandum in support, declarations, and exhibits thereto. This motion is made following counsel's unsuccessful but good faith efforts to meet and confer pursuant to LR 7.8 of the Local Rules.[1]

Executed in Honolulu, Hawai'i, June 18, 2026.

/s/ Laura P. Moritz
LOUISE K.Y. ING
LAURA P. MORITZ

---

[1] Counsel made two requests to meet and confer with Plaintiffs prior to filing this Motion, both of which were refused. Declaration of Louise K.Y. Ing, ¶¶ 3-6.

1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>       Plaintiffs/Counterclaim Defendants,<br><br>   v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10,<br><br>       Defendants/ Counterclaimants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**MEMORANDUM IN SUPPORT OF MOTION**<br><br><br><br>Judge: Honorable Jill A. Otake<br>Trial: August 3, 2026. |

**MEMORANDUM IN SUPPORT OF MOTION**

## I.    INTRODUCTION

In litigation, parties are entitled to obtain relevant information about their claims and defenses informally, not solely through opposing party disclosures or discovery during litigation. Such informal information includes speaking with nonparty witnesses, reviewing documents or other evidence received from nonparty witnesses, or searching for publicly-available information about the opposing party or the events underlying the lawsuit. RUTTER PRACTICE GUIDE: Fed. Civ. Procedure

1

15813736\000001\137863197\V-4

Before Trial (Calif. and 9th Cir. Edition), Ch. 11 (Disclosure and Discovery) § 11:65 (April 2026 Update). To that end, after Plaintiffs sued Defendants in December 2022 and served them the next month, Plaintiffs were entitled to gather information about Plaintiffs and the alleged events underlying Plaintiffs' claims in order to prepare their defense and counterclaims. Plaintiffs should be precluded from eliciting evidence at trial about these actions in support of their remaining claims, including claims that Defendants conspired with others to defame Plaintiffs.

## II.    FACTUAL BACKGROUND

Plaintiffs filed their initial Complaint herein on December 6, 2022, alleging claims for defamation and false light on the theory that Defendants Paula Haygarth and Byron Horvath were responsible for anonymous posts about Plaintiffs on various social media platforms.[2] Ex. A. Defendants answered the Complaint and filed counterclaims against Plaintiffs, alleging they had been defamed by numerous posts made by the @lianashanti Instagram account operated by Plaintiffs. Exs. C, D.

In the weeks and months after being served with the Complaint,[3] Defendants were contacted by third parties about opportunities to speak to potential witnesses with knowledge about Plaintiffs and to learn about events which may have led to the

---

[2] On June 3, 2025, Plaintiffs amended their Complaint and added claims for emotional distress and conspiracy. Ex. B.

[3] Mr. Horvath was served with the Complaint on January 6, 2023 (Ex. F) and Ms. Haygarth was served with the Complaint on January 7, 2023 (Ex. E).

2

underlying lawsuit. In particular, Defendants were approached by persons via social media messaging and email from time to time purporting to have information about Plaintiffs and their activities. *See* Ex. G (Ms. Haygarth's discovery response),[4] Ex. H (Mr. Horvath's deposition testimony), and Ex. I (Ms. Horvath's deposition testimony), by way of example. On one occasion in 2023, Defendants were invited to and attended a Zoom meeting about Plaintiffs in which all participants remained anonymous with their cameras turned off and at which was discussed submitting victim impact statements in a probation proceeding pending in the District of Hawaii (statements which this Court already found to be protected by the litigation privilege). *Id.*

Plaintiffs contend these activities, at least in part, form the basis for their claims. Specifically, Plaintiffs allege:

- "Bryron Horvath, through his wife, Stefanie Horvath, and Paula Haygarth engaged with an anonymous group known as the Liana Shanti Cult Recovery Team," (Ex. B at ¶ 54) and

- "Bryron Horvath, through his wife, Stefanie Horvath, and Paula Haygarth participated with the Liana Shanti Cult Recovery Team in a smear campaign against Plaintiffs…" (*id.*, at ¶¶ 55, 75).

---

[4] Ms. Haygarth stated: "I have received information about Plaintiffs from the Liana Shanti Cult Recovery Group whose Instagram account is lianashanti_cult_recovery and whose email address is [lianashanticultrecovery@gmail.com](mailto:lianashanticultrecovery@gmail.com). I do not know the names or contact information of the individuals behind this Instagram account or email address. The group shared with me public court documents and screen shots of Liana Shanti's posts."

15813736\000001\137863197\V-4

To the extent Defendants' communications with third parties about Plaintiffs occurred after the Complaint was served, those interactions should not be allowed at trial as purported evidence that Defendants somehow conspired to defame or otherwise harm Plaintiffs.

## III.    ARGUMENT

Voluntary, informal interviews are not prohibited and constitute a legitimate way in which parties may learn about facts underlying the claims in a particular case. *In re JDS Uniphase Corp. Securities Litigation*, 238 F.Supp.2d 1127, 1134 (N.D. Cal. 2002) (a stay under the Reform Act 15 U.S.C. § 78u-4(b)(3)(B) did not prohibit parties from conducting voluntary interviews about the issues in the case); *Wharton v. Calderon*, 127 F.3d 1201, 1205 (9th Cir. 1997) (district court lacked authority to issue a protective order which prohibited voluntary, out-of-court interviews).

After Plaintiffs filed the Complaint, Defendants were entitled to discuss issues pertaining to the litigation against them with outside parties without fear of incurring additional liability. *Heitkoetter v. Domm*, No. 1:22-cv-00368-KES-BAM, 2025 WL 2391178, *12 (E.D. Cal. Aug. 18, 2025) (holding that defendant's public discussion about his counterclaim in a YouTube video was privileged under the litigation privilege and true report privilege). Defendants have testified they were approached by anonymous individuals and/or groups via direct message who wished to share information about Plaintiffs' social media attacks against various people. Exs. G, H,

4

I. Defendants were under no obligation to turn a blind eye and ignore volunteered information from third parties that shed light on the actions of a party who had sued them. Indeed, they were entitled to speak to these individuals to learn what they could as part of their efforts to learn about Plaintiffs' background and activities in connection with defending themselves and pursuing counterclaims against Plaintiffs. *Bhattacharya v. Murray*, 93 F.4th 675, 698-99 (4th Cir. 2024) (affirming district court's holding that a medical student's actions to obtain a protective order did not constitute unlawful conspiracy). Defendants' communications with third parties about Plaintiffs *after* Plaintiffs sued them and triggered the need for Defendants to defend themselves, should not be allowed as evidence at trial of a conspiracy; doing so could be highly prejudicial and confusing to suggest Defendants engaged in improper concerted action by acting to defend themselves against Plaintiffs and seek their own redress for Plaintiffs' unfounded actions.

## IV.   CONCLUSION

Defendants request that this Court grant this motion and exclude any argument or evidence regarding Defendants' communications about Plaintiffs with third parties occurring *after* the Complaint in this litigation was served (January 7, 2023).

Executed in Honolulu, Hawai'i, June 18, 2026.

/s/ Laura P. Moritz
LOUISE K.Y. ING
LAURA P. MORITZ

5

15813736\000001\137863197\V-4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>    v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10,<br><br>    Defendants/ Counterclaimants. | Civil No. 1:25-cv-00297-JAO-RT<br><br>**DECLARATION OF LOUISE K.Y. ING** |

**DECLARATION OF LOUISE K.Y. ING**

I, Louise K.Y. Ing, do hereby declare and state under penalty of perjury that the following facts are true and correct:

1.      I am a partner with DENTONS US LLP ("Dentons") and am counsel of record for Defendants/Counterclaimants Paula Haygarth, Byron Horvath, and Stefanie Horvath (collectively "**Defendants**"). I have personal knowledge of the facts contained in this declaration which are true and correct.

15813736\000001\137863197\V-4

2.    I am making this Declaration in support of Defendants/ Counterclaimants' *Motion in Limine.*

3.    Defendants respectfully request that the Court consider Defendants' motions *in limine* even though our efforts to schedule the LR 7.8 meet and confer occurred less than seven days before the motion in limine filing date set by the Court. Although we and our clients have weighed various potential subjects for motions *in limine* over the past few weeks, the specific topics and number of the motions were only finalized this week Tuesday after assessing next steps after a June 12 settlement conference. As detailed below, Defense counsel contacted Plaintiffs' counsel as promptly as possible to schedule a meet and confer after narrowing down anticipated motions in limine.

4.    On Tuesday afternoon, June 16, 2026 during a telephone call with Plaintiffs' counsel Mr. Portnoy, I inquired about scheduling a meet and confer regarding the motions *in limine* we planned to file with the Court on June 18. Mr. Portnoy took the position that because we were beyond the seven days before the motions deadline, filing motions *in limine* was no longer appropriate. His position was surprising given that (a) Plaintiffs have themselves filed motions with this Court without meeting the 7-day meet and confer timeframe under LR 7.8. (s*ee* ECF 57 and 72), and (b) the parties and counsel had also been focused last week on preparing for a June 12 settlement conference they had jointly requested.

2

15813736\000001\137863197\V-4

5.    Nevertheless, with time remaining before filing of the motions and in a further effort to have a potentially useful meet and confer before filing the motions, I emailed Mr. Portnoy on Wednesday, June 17, 2026 about scheduling a meet and confer. In that email, I also included details about the anticipated topics for each of the five motions being drafted in order to facilitate the discussion. Mr. Portnoy emailed me back the same day, reiterating his position that our request to meet and confer was untimely. He refused to meet and confer about the motions, even though discussions even at that late date may have helped clarify evidentiary issues in dispute and not in dispute.

6.    Late Wednesday night, actually a little before 2 a.m. on July 18, I sent a responsive email to Mr. Portnoy, explaining the circumstances leading to less than seven days' notice (as had also occurred with Plaintiffs' counsel previously), pointing out it will be the court's decision whether to consider the motions, explaining that we were motivated to file motions anyway in an effort to streamline case presentation at trial, and again offering to meet and confer. Mr. Portnoy responded in writing the morning of June 18 reiterating his objection to meeting and conferring and filing of motions and declining to meet and confer.

15813736\000001\137863197\V-4

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED:  Honolulu, Hawai'i, June 18, 2026.

　　　　　　　　　　/s/   LOUISE K.Y. ING
　　　　　　　　　　LOUISE K.Y. ING

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>   Plaintiffs/Counterclaim Defendants,<br><br>  v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10,<br><br>   Defendants/ Counterclaimants. | Civil No. 1:25-cv-00297-JAO-RT<br><br>**DECLARATION OF LAURA P. MORITZ** |

**DECLARATION OF LAURA P. MORITZ**

I, Laura P. Moritz, do hereby declare and state under penalty of perjury that the following facts are true and correct:

7. I am an attorney with DENTONS US LLP ("Dentons") and am counsel of record for Defendants/Counterclaimants Paula Haygarth, Byron Horvath, and Stefanie Horvath (collectively "**Defendants**"). I have personal knowledge of the facts contained in this declaration which are true and correct.

8. I am making this Declaration in support of Defendants/Counterclaimants' *Motion in Limine No. 3 to Exclude Defendants' Communications with Third Parties After December 6, 2022* filed concurrently herewith and to provide the Court with documents referred to in the accompanying motion.

9. Attached as Exhibit "A" is a true and accurate copy of the original *Complaint* filed in the Fifth Circuit Court, State of Hawai'i on December 6, 2022 at Dkt. 1.

10. Attached as Exhibit "B" is a true and accurate copy of the *First Amended Complaint* filed in the Fifth Circuit Court, State of Hawai'i on July 3, 2022.

11. Attached as Exhibit "C" is a true and accurate copy of *Defendant's Answer to Complaint; Counterclaim* [Paula Haygarth], filed January 25, 2023.

12. Attached as Exhibit "D" is a true and accurate copy of *Defendant's Answer to Complaint; Counterclaim* [Byron Horvath], filed January 23, 2023.

13. Attached as Exhibit "E" is a true and accurate copy of *Proof of Service*, service of certified copy of Complaint; Summons on Defendant Paula Haygarth, filed January 11, 2023.

14. Attached as Exhibit "F" is a true and accurate copy of *Proof of Service*, service of certified copy of Complaint; Summons on Defendant Byron Horvath, filed January 11, 2023.

2

15813736\000001\137863197\V-4

15.     Attached as Exhibit "G" is a true and accurate copy of relevant portions from *Defendant Paula Haygarth's Response to Plaintiffs Liana Shanti Enterprises and Liana Shanti's First Request for Answers to Interrogatories dated June 28, 2023*, dated October 4, 2023. My office has highlighted relevant portions of this exhibit for the Court's ease of reference.

16.     Attached as Exhibit "H" is a true and accurate copy of the relevant portions from Byron Horvath's remote deposition taken on November 2024, Volume 2. My office has highlighted relevant portions of this exhibit for the Court's ease of reference.

17.     Attached as Exhibit "I" is a true and accurate copy of the relevant portions from Stephanie Horvath's Zoom videoconference deposition taken on April 25, 2025. My office has highlighted relevant portions of this exhibit for the Court's ease of reference.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED:  Honolulu, Hawai'i, June 18, 2026.

 /S/   LAURA P. MORITZ
LAURA P. MORITZ

2

15813736\000001\137863197\V-4