LOUISE K.Y. ING        2394
LAURA P. MORITZ        7860

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI 96813
Telephone:    808 524 1800
Facsimile:    808 524 4591
Email: louise.ing@dentons.com
        laura.moritz@dentons.com

Attorneys for Defendants
PAULA HAYGARTH and
BYRON HORVATH

IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| LIANA SHANTI ENTERPRISES, LIANA SHANTI, <br><br> Plaintiffs, <br> v. <br><br> PAULA HAYGARTH, BYRON HOROVATH, JANE DOES 1-10, and JOHN DOES 1-10, <br><br> Defendants. | CIVIL NO. 5CCV-22-0000107 <br> (Other Civil Action) <br><br> **DEFENDANT PAULA HAYGARTH'S RESPONSE TO PLAINTIFFS LIANA SHANTI ENTERPRISES AND LIANA SHANTI'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES DATED JUNE 28, 2023** <br><br><br> Judge: Honorable Kathleen N.A. Watanabe <br> No trial date set. |

**DEFENDANT PAULA HAYGARTH'S RESPONSE TO PLAINTIFFS
LIANA SHANTI ENTERPRISES AND LIANA SHANTI'S FIRST REQUEST FOR
ANSWERS TO INTERROGATORIES DATED JUNE 28, 2023**

Defendant Paula Haygarth ("Defendant Haygarth"), by and through her attorneys,

DENTONS US LLP, hereby provides her objections and responses to *Plaintiffs' First Request*

*for Answers to Interrogatories to Defendant Paula Haygarth*, dated June 28, 2023 (the

"Request") pursuant to Rule 34 of the Hawai`i Rules of Civil Procedure, as follows:

15813736\000001\125059386\V-4

# EXHIBIT G

**GENERAL OBJECTIONS**

1.      Defendant Haygarth objects to Plaintiffs Liana Shanti Enterprises and Liana Shanti's (collectively "Plaintiffs") Request for Answers Interrogatories ("Interrogatories") to the extent they seek information and/or documents:  (i) protected from disclosure by the attorney-client privilege; (ii) protected by the attorney work product doctrine, including information or documents prepared in anticipation of litigation or for trial or that reflect the mental impressions, conclusions, opinions, or legal theories of attorneys or other agents or representatives of Sorensen; and/or (iii) protected from disclosure by any other privilege or immunity.  Nothing contained in either these objections, responses, or in any testimony or documents related thereto is intended as, or shall in any way be deemed, a waiver of any attorney-client privilege, attorney work product doctrine, or any other applicable privilege or immunity.

2.      In responding to the Interrogatories, Defendant Haygarth does not waive but rather preserves her right to:  (i) object on the basis of competency, relevancy, materiality, privilege, work product, and admissibility; (ii) object on any ground to the use of any of the responses herein or documents produced in response thereto in any subsequent proceeding, including at trial in this case or in any other action; and (iii) object on any other ground.

3.      Defendant Haygarth responds to the Interrogatories to the best of her present knowledge, information, and belief.  Defendant Haygarth's investigation is ongoing, and Defendant Haygarth reserves the right to supplement her objections and responses to the Interrogatories at any point.  Defendant Haygarth's responses are at all times subject to additional or different information that discovery or further information may disclose.

4.      Defendant Haygarth incorporates her General Objections into each and every response that follows.  Although specific objections are also interposed in response to the

2

individual Interrogatories, in part for clarity, Defendant Haygarth's failure to repeat any part of her General Objections shall not be construed as a waiver of these objections.

For purposes of brevity and efficiency, all objections made in this answer to the Interrogatories have been made by the undersigned, and the signature below shall take the place of a signature after each and every objection.

DATED:  Honolulu, Hawai'i, October 4, 2023.

LOUISE K.Y. ING
LAURA P. MORITZ

Attorneys for Defendants
PAULA HAYGARTH and
BYRON HORVATH

3

15813736\000001\125059386\V-4

**SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES**

1.    Identify by name, address, and telephone number every person with whom you have discussed Plaintiffs within the last five years, including but not limited to the people with whom you discussed the allegations made in the statements described in paragraphs 16, 18, 20, 22, 24, 25, 27, 29, 31, 33, 35, 37, 39, 41, 43, 45, and 47 of the Complaint.

**OBJECTION AND ANSWER:**

Defendant Haygarth objects to this Interrogatory on the grounds it lacks foundation to the extent it falsely assumes that Defendant Haygarth made the statements alleged in the paragraphs of the Complaint referred to in this Interrogatory.  Defendant Haygarth also objects to this Interrogatory's request to identify persons with whom Defendant Haygarth has discussed Plaintiffs within the last five years, on the grounds that the request is vague, ambiguous, overbroad, unduly burdensome and harassing in scope; seeks information that is protected by the privacy rights of third party non-litigants; seeks information that is not relevant to the subject matter of the pending action; seeks information that is not reasonably calculated to lead to the discovery of admissible evidence; and seeks information about third party non-litigants that could be misused by Plaintiffs to harass such persons online and through unwarranted litigation as they done before against Defendants Haygarth and Horvath.  Due to concerns about Plaintiffs' improper use of names of third-party non-litigants not identified below, we will provide such information only under a protective order which limits the use of such information only to the pending lawsuit, provides the requested information on an attorneys' eyes only basis and orders that such individuals be contacted only through Plaintiffs' attorney and not by Plaintiffs directly or at Plaintiffs' direction.

Subject to and without waiving the foregoing general and specific objections, Defendant Haygarth responds as follows:

   a.   First of all, I did not make any of the statements that are described in the Complaint paragraphs referred to in Interrogatory no. 1 to any of the persons listed below or anyone else.

   b.   I have had confidential, privileged communications about Plaintiffs and the false claims they have made against me with my lawyers in Saskatchewan, Canada (Roxanne Ouellette) and Hawai`i (Louise Ing);

   c.   I have received information about Plaintiffs from the Liana Shanti Cult Recovery Group whose Instagram account is lianashanti_cult_recovery  and whose email address is lianashanticultrecovery@gmail.com.  I do not know the names or contact information of the individuals behind this Instagram account or email address.  The group shared with me public court documents and screen shots of Liana Shanti's posts.

d. Constable Jake Sonnenberg, Weyburn City Police, jsonnenberg@weyburnpolice.ca. I gave statements to the Weyburn City Police about Liana Shanti's harassment, defamation and cyber-bullying of me.

e. Saskatchewan MLA (Member of the Legislative Assembly) Dustin Duncan. 306-787-7339. I had an interview with him about Liana Shanti's actions and its effects in Saskatchewan in order to ask him to help my husband Wade Martin reunite with his children after they have been taken across the Canadian border to Florida without my husband's consent by his former wife Amanda Brady, aka Malie Oriana.

f. RCMP Officer Jim Bjorklund of Weyburn, Saskatchewan. 306-848-4640.  I asked officer Bjorkland about what could be done by RCMP or other authorities about the online harassment of my husband Wade Martin and me by Liana Shanti and what could be done to help my husband Wade Martin reunite with his children after they have been taken across the Canadian border to Florida without my husband's consent by his former wife Amanda Brady.

g. My husband Wade Martin.

h. Byron Horvath.  We only met because of Liana Shanti's false accusations against both of us and in the course of seeking legal help to stop Liana Shanti's harassment, defamation and cyber-bullying of us.

Discovery is continuing and Defendant Haygarth reserves the right to supplement this response.

2. State all names, usernames, profiles, handles, or other identities you have used on any social media platform, internet forum, or website within the last ten years, including but not limited to Instagram, Reddit, Facebook, and Cult Education Institute.

**OBJECTION AND ANSWER:**

Defendant Haygarth objects to this Interrogatory on the grounds it lacks foundation to the extent it assumes that Defendant Haygarth used the social media platforms listed in this Interrogatory.  Defendant Haygarth also objects that this Interrogatory is also overbroad and unduly burdensome because it seeks information about Defendant Haygarth's social media identities for the past ten years, even if they were not involved with the events set forth in Plaintiffs' Complaint.

Subject to and without waiving the foregoing general and specific objections, Defendant Haygarth responds as follows:

I do not and never did have a handle or username for "Cult Education Institute."
I no longer have a Reddit username but when I had one, it was my legal name Paula Haygarth.
I also used my legal name on all other social media accounts and websites for the past ten years and more.

2

Subject to and without waiving the foregoing general and specific objections, Defendant Haygarth responds as follows:

I did not publish any of the statements referred to in this Interrogatory, nor was I involved in the creation of those statements. Therefore, I do not have information on any persons with knowledge of any facts pertaining to those statements.

14.    Identify by name, address, and telephone number all persons that you intend to present as a witness in this Action.

**OBJECTION AND ANSWER:**

Defendant Haygarth objects to this Interrogatory on the grounds that it is premature as it requests identification of witnesses prior to the applicable deadlines under court rules and any Rule 16 Scheduling Order.

Subject to and without waiving the foregoing general and specific objections, Defendant Haygarth reserves the right to identify witnesses by the appropriate deadline set by the Court, and will supplement her response in accordance with Rule 26 of the Hawai`i Rules of Civil Procedure.

OBJECTIONS TO THE ABOVE ANSWERS TO
INTERROGATORIES ARE HEREBY MADE
BY THE UNDERSIGNED

LOUISE K. Y. ING
LAURA P. MORITZ
Attorneys for Defendants
PAULA HAYGARTH and
BYRON HORVATH

16

## VERIFICATION

I, PAULA HAYGARTH, have read *DEFENDANT PAULA HAYGARTH'S RESPONSE TO PLAINTIFFS LIANA SHANTI ENTERPRISES AND LIANA SHANTI'S FIRST REQUEST FOR ANSWERS TO INTERROGATORIES DATED JUNE 28, 2023*, and declare under penalty of perjury under the laws of Hawai`i, the United States of America and Canada that the answers are true and correct to the best of my knowledge, information and belief.

By _____
Paula Haygarth

19