LOUISE K.Y. ING         2394
LAURA P. MORITZ         7860

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI 96813
Telephone:  808 524 1800
Facsimile:   808 524 4591
Email:         louise.ing@dentons.com
                   laura.moritz@dentons.com

Attorneys for Defendants/Counterclaimants
PAULA HAYGARTH, BYRON HORVATH, and
STEFANIE HORVATH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10,<br><br>Defendants/ Counterclaimants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**DEFENDANTS/ COUNTERCLAIMANTS PAULA HAYGARTH, BYRON HORVATH, AND STEFANIE HORVATH'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE FACEBOOK POST BY PAULA HAYGARTH; DECLARATION OF LOUISE K.Y. ING; DECLARATION OF LAURA P. MORITZ; EXHIBIT "A"**<br><br>Judge: Honorable Jill A. Otake<br>Trial: August 3, 2026. |

**DEFENDANTS/COUNTERCLAIMANTS PAULA HAYGARTH,
BYRON HORVATH, AND STEFANIE HORVATH'S
MOTION *IN LIMINE* NO. 4 TO EXCLUDE FACEBOOK POST BY
PAULA HAYGARTH**

Defendants/Counterclaimants Paula Haygarth, Byron Horvath, and Stefanie Horvath ("Defendants"), by and through their attorneys, Dentons US LLP, hereby move this Court for an order *in limine* excluding any argument or evidence regarding Ms. Haygarth's re-posting of an article entitled "The Shanti Summary" on her personal Facebook page with commentary, as alleged in ¶ 39 in the First Amended Complaint (Ex. A).

This Motion is made pursuant to Federal Rules of Civil Procedure 7 and 26, LR 7.1, and Federal Rules of Evidence 102, 401, 402, and 403. This motion is made following counsel's unsuccessful but good faith efforts to meet and confer pursuant to LR 7.8 of the Local Rules.[1]

## I.    BACKGROUND AND ARGUMENT

In the First Amended Complaint, Plaintiffs alleged that Ms. Haygarth's re-posting of an article entitled "The Shanti Summary" on her personal Facebook page was defamatory. (Ex. A, ¶ 39.) Plaintiffs later argued that her commentary accompanying the re-post was also unprotected, defamatory speech. ECF 92 at PageID.1838.

---

[1] Counsel made two requests to meet and confer with Plaintiff prior to filing this Motion, both of which were refused. Declaration of Louise K.Y. Ing, ¶¶ 3-6.

In this Court's *Order (1) Granting in Part Defendants' Daubert Motion, ECF No. 42; (2) Granting in Part Defendants' Motion for Summary Judgment on Plaintiffs' Complaint, ECF No. 46; (3) Granting in Part Defendants' Motion for Summary Judgment on Defendants' Counterclaims, ECF No. 49; and Denying Plaintiffs' Motion to Strike, ECF No. 72* ("**Order**"), summary judgment was granted in Ms. Haygarth's favor with respect to both her re-posting of the article and her commentary about it. ECF 92 at PageID.1838.

Now that the issue has been resolved by the Court, Plaintiffs should not be permitted to refer to Ms. Haygarth's protected speech during the trial of this matter. Given that this claim has been dismissed, any evidence about the reposting by Ms. Haygarth is irrelevant. *Stanton v. City of Detroit*, No. 22-13072, 2024 WL 4278751, *2 (E.D. Mich. Sept. 24, 2024) (in holding that claims dismissed on summary judgment should be excluded from trial under FRE 401, 402, and 403, court noted that the evidence posed "a high risk of inflaming the jury's passions, allowing the jury to reach a decision on improper bases). Here, Ms. Haygarth's social media re-post does not provide relevant background or information for any of Plaintiffs' surviving claims for defamation, intentional infliction of emotional distress, or conspiracy, and introducing evidence that Plaintiffs unsuccessfully argued was defamatory can only unfairly taint Ms. Haygarth's image before the finder of fact. Plaintiffs' surviving claims arise from their false contention that

2

Ms. Haygarth and perhaps Mr. Horvath[2] are the authors of certain anonymous posts about Plaintiffs. Thus, allowing evidence and argument relating to Ms. Haygarth's Facebook post has the potential to be prejudicial and confusing. *Targonski v. City of Oak Ridge*, 921 F.Supp.2d 820 (E.D. Tenn. 2013) (holding that the probative value of a pending EEOC investigation was substantially outweighed by danger of unfair prejudice); *Andazola v. Logan's Roadhouse, Inc.*, Civ. CV-10-S-316-NW, 2013 WL 1834308, *8 (N.D. Ala. April 29, 2013) (granting motion to exclude evidence where dismissed claims were not shown to be "inextricably intertwined" with the evidence of the remaining claims or how such evidence is "material, relevant, and probative" on any remaining issue).

The probative value of any evidence relating to Ms. Haygarth's post—evidence which the Court has found to be protected speech—would be substantially outweighed by the danger of unfair prejudice to the defense, confusion of the issues, misleading the jury, undue delay, wasted time, and needless presentation of cumulative evidence. FRE 403. Further, it would not be material, relevant, or probative on any remaining issue. Simply stated, Ms. Haygarth's reposted content has no relevance to the issues remaining in this litigation, and any reference or argument about the reposted content should be excluded from further proceedings.

---

[2] The focus of Plaintiffs' misplaced ire over authorship of the anonymous posts has been on Ms. Haygarth, rather than Mr. Horvath.

US_ACTIVE\137863195\V-2

## II.    CONCLUSION

For the reasons discussed above, Defendants respectfully request that this Court grant this motion and preclude any testimony, reference, or argument about Ms. Haygarth's re-posting of "The Shanti Summary" article and her accompanying commentary.

Executed in Honolulu, Hawaiʻi, June 18, 2026.

/s/ Laura P. Moritz

LOUISE K.Y. ING
LAURA P. MORITZ

US_ACTIVE\137863195\V-2