CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY          1211
TROY C. YOUNG               11317
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone: (808) 521-9200
Fax: (808) 521-9210
Email:   jportnoy@cades.com
Email:   tcyoung@cades.com

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a Nevada
limited liability company dba LIANA
SHANTI ENTERPRISES and LIANE
WILSON, also known in the community as
LIANA SHANTI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>              Plaintiffs,<br><br>   v.<br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10,<br><br>              Defendants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' PRETRIAL STATEMENT; CERTIFICATE OF SERVICE**<br><br>Judge:    Hon. Jill A. Otake<br>Magistrate Judge: Hon. Rom Trader<br>Trial:      August 3, 2026 |

## PLAINTIFFS/COUNTERCLAIM DEFENDANTS' PRETRIAL STATEMENT

Plaintiffs/Counterclaim Defendants LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI ("**Ms. Shanti**") (collectively, "**Plaintiffs**"), by and through their counsel, Cades Schutte LLP, hereby submit their Pretrial Statement pursuant to LR 16.4 and that certain electronic order entered as Document No. 98.

## I.    PARTIES

This pretrial statement is filed on behalf of Plaintiffs/Counterclaim Defendants LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI.

## II.    JURISDICTION AND VENUE

This Court has diversity jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332. There is complete diversity between Plaintiffs and all Defendants. The amount in controversy exceeds $75,000. It is undisputed that venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in the State of Hawaii.

## III.    SUBSTANCE OF ACTION

This case arises following defamatory statements posted on Instagram, Reddit, and Cult Education Institute under anonymous social media accounts relating to Ms. Shanti and her businesses.  *See generally* First Amended Compl.

Plaintiffs bring five (5) counts against Defendants: (1) Defamation – Libel; (2) False Light; Intentional/Negligent Infliction of Emotional Distress (dismissed); (4) Civil Conspiracy; and (5) Punitive Damages.

Plaintiffs allege, among other things, that Defendants posted false and defamatory statements about Plaintiffs under anonymous social media accounts painting them in a false light and that Defendants participated in a smear campaign against Plaintiffs with a group known as the Liana Shanti Cult Recovery Team.

Defendants filed Counterclaims against Plaintiffs alleging claims of defamation and false light stemming from posts allegedly made about Defendants and their families through Ms. Shanti's Instagram account and a website.

## IV.    UNDISPUTED FACTS

The parties agree that paragraph 4 of the First Amended Complaint is undisputed.

As for paragraph 12 of the First Amended Complaint, the parties agree that Ms. Shanti resides in the State of Hawaii.

As for paragraph 39 of the First Amended Complaint, the parties agree that

3

Paula Haygarth posted a link to a subreddit entitled "The Shanti Summary" on her personal Facebook page on or about May 9, 2022.

As for paragraph 54 of the First Amended Complaint, the parties agree that Defendants received email messages from lianashanticultrecovery@gmail.com and attended a Zoom meeting they were invited to attend by an anonymous person and/or persons using the email address lianashanticultrecovery@gmail.com.

As for paragraph 55 of the First Amended Complaint, the parties agree that Byron Horvath and Paula Haygarth each submitted statements in the federal case entitled United States of America v. Liane Wilson, Case No. 1:19-cr-00105-SOM, United States District Court for the District of Hawaii.

As for paragraph 56 of the First Amended Complaint, the parties agree that Byron Horvath submitted a victim impact statement in the federal case entitled United States of America v. Liane Wilson, Case No. 1:19-cr-00105-SOM, United States District Court for the District of Hawaii.

The parties agree that paragraphs 1, 2, 3, 13, 15, 17, and 19 of the First Amended Counterclaim are undisputed.

## V.    **DISPUTED FACTS**

All other facts asserted in the First Amended Complaint and First Amended Counterclaim are in dispute.

4

## VI.     RELIEF SOUGHT

Plaintiffs seek an award of general damages, punitive damages, an injunction order, attorneys' fees and costs, and other such relief as this Court deems proper.

Defendants seek an award of general damages, punitive damages, and an injunction order.

## VII.     DISPUTED POINTS OF LAW

Plaintiffs do not anticipate disputed points of law.

## VIII.     LIST OF PREVIOUS MOTIONS AND THEIR DISPOSITIONS

1. Defendants' Motion for Protective Order (State Ct. 5CCV-22-0000107; Dkt. 64) – granted, in part, and denied in part.

2. Plaintiffs' Motion to Compel Deposition Testimony of Byron Horvath and Paula Haygarth (State Ct. 5CCV-22-0000107; Dkt. 185) – granted.

3. Plaintiffs' Motion to Compel Defendants to Return, Sequester, and Destroy Inadvertently Produced Documents (State Ct. 5CCV-22-0000107; Dkt. 288) – granted.

4. Defendants' Daubert Motion (ECF No. 42) – granted, in part, and denied, in part.

5. Defendants' Motion for Summary Judgment against Plaintiffs' First Amended Complaint (ECF No. 46) – granted, in part, and denied, in part.

6. Defendants' Motion for Summary Judgment as to Defendants' First Amended Counterclaims (ECF No. 49) – granted, in part, and denied, in part.

7. Plaintiffs' Motion to Strike (ECF No. 72) – denied.

## IX.     WITNESSES TO BE CALLED

Plaintiffs will serve and file a final comprehensive witness list indicating the

identity of each witness that the party will call at trial and describing the substance

of the testimony to be given and the estimated time required for the testimony of the

witness by July 13, 2026 pursuant to the Amended Rule 16 Scheduling Order [ECF

No. 30].

## X.    <u>EXHIBITS, SCHEDULES, AND SUMMARIES</u>

Plaintiffs will furnish their exhibit list by the July 6, 2026 deadline.  Plaintiffs

anticipate the following list of documents and other items that may be offered as

exhibits at the trial:

1.   Any relevant screenshots of social media posts and websites relating to defamatory statements concerning Plaintiffs.

2.   Copies of articles posted by The Daily Beast about Ms. Shanti.

3.   Documents Produced by Meta Platforms, Inc. relating to the anonymous Instagram account "lianshanti_cult_recovery"

4.   Chart/diagram relating to geolocation and timing of posts made by the anonymous Instagram account "lianshanti_cult_recovery"

5.   Letters submitted in support of Ms. Shanti in United States of America v. Liane Wilson; Case 1:19-cr-00105-SOM; United States District Court for the District of Hawaii

6.   All relevant video recordings posted by Paula Haygarth.

7.   Sourced Intelligence Report (SOURCED_INTEL_00755 through SOURCED_INTEL_00786).

8.   Financial documents relating to Plaintiffs.

9.   Diagrams/charts related to economic figures used to calculate business damages.

10. All screenshots of communications/documents relating to alleged defamatory statements and/or smear campaign.

11. All screenshots of communications, video recordings, and audio files related to abuse, threats, and/or stalking.

12. All screenshots of communications relating to cocaine use.

13. All screenshots of communications between any Defendant and the Liana Shanti Cult Recovery Team.

14. All screenshots of communications between any Defendant and anonymous social media accounts, including the Instagram account known as "lianashanti_cult_recovery".

15. Malie Oriana aka Amanda Brady's Affidavit in Support of Liana Shanti (SHANTI-002516 through SHANTI-002532).

16. All deposition transcripts.

17. Any exhibit listed by Defendants.

18. Impeachment exhibits.

19. Rebuttal exhibits.

## XI. **FURTHER DISCOVERY OR MOTIONS**

Discovery is closed.  Defendants filed various motions in limine.  A hearing on said motions in limine is set for July 10, 2026 at 1:30 p.m. before the Hon. Jill A. Otake.

## XII. **STIPULATIONS**

Plaintiffs do not propose any stipulations for trial purposes at this time.

## XIII. **AMENDMENTS/DISMISSALS**

The Court dismissed Plaintiffs' claims for emotional distress.  *See* ECF No. 92.

7

## XIV.  SUMMARY OF SETTLEMENT NEGOTIATIONS

On January 7, 2025, Plaintiffs furnished a settlement offer to Defendants.  On January 9, 2025, Defendants sent their counter-demand to Plaintiffs.  On January 17, 2025, a settlement conference was held before the Honorable Randal Valenciano of the Circuit Court of the Fifth Circuit, State of Hawaii.  A further settlement conference was held on October 30, 2025 before the Honorable Rom Trader of the United States District Court for the District of Hawaii.  A further settlement conference was held on June 12, 2026 before the Honorable Kenneth Mansfield and the Honorable Rom Trader, and progress toward settlement was not accomplished. Settlement is not feasible.  Mediation is not desired by the Plaintiffs.

## XV.  AGREED STATEMENT

Presentation of the action or proceeding, in whole or in part, upon an agreed statement of facts is not feasible and not desired by the Plaintiffs.

## XVI.  BIFURCATION/SEPARATE TRIAL OF ISSUES

Bifurcation or a separate trial of specific issues is not feasible and not desired by the Plaintiffs.

## XVII. REFERENCE TO MASTER OR MAGISTRATE JUDGE

Reference of all or part of the action or proceeding to a master or magistrate judge is not feasible and not desired by the Plaintiffs.

## XVIII.  APPOINTMENT AND LIMITATION OF EXPERTS

Plaintiffs have not disclosed an expert.  Defendants have disclosed one expert.

8

Limitation on the number of expert witnesses is not necessary for this case.

## XIX.  TRIAL

Trial is scheduled to commence on August 3, 2026.  A request for a jury trial is on file in the action.

## XX.  ESTIMATE OF TRIAL TIME

Plaintiffs estimate that 4 court days may be required for the presentation of Plaintiffs' case-in-chief, assuming reasonable cross-examination.  Plaintiffs estimate that 1 court day may be required for rebuttal evidence and testimony relating to Defendants' counterclaims.

## XXI.  CLAIMS OF PRIVILEGE/WORK PRODUCT

Plaintiffs do not claim that any matter required to be stated by Local Rule 16.4 is covered by the work product doctrine or any privilege.  The Court has already ruled that the statements submitted in United States of America v. Liane Wilson; Case 1:19-cr-00105-SOM; United States District Court for the District of Hawaii as victim impact statements are protected by the litigation privilege.  *See* ECF. 92.

//

//

//

//

//

//

## XXII. <u>MISCELLANEOUS</u>

Nothing further.

DATED:  Honolulu, Hawaii, June 23, 2026.

> CADES SCHUTTE
> A Limited Liability Law Partnership
>
>
> */s/ Jeffrey S. Portnoy*
> JEFFREY S. PORTNOY, ESQ.
> TROY C. YOUNG, ESQ.
>
> Attorneys for Plaintiffs
> LIFE MASTERY NETWORK LLC, a
> Nevada limited liability company dba
> LIANA SHANTI ENTERPRISES and
> LIANE WILSON, also known in the
> community as LIANA SHANTI