CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY          1211
TROY C. YOUNG               11317
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone: (808) 521-9200
Fax: (808) 521-9210
Email:  jportnoy@cades.com
Email:  tcyoung@cades.com

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a Nevada
limited liability company dba LIANA
SHANTI ENTERPRISES and LIANE
WILSON, also known in the community as
LIANA SHANTI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>   Plaintiffs,<br><br>  v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10,<br><br>   Defendants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' MEMORANDUM IN OPPOSITION TO DEFENDANTS/COUNTERCLAIMANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF ALLEGED DEATH THREATS DUE TO SPOLIATION OF EVIDENCE [ECF NO. 101]; DECLARATION OF LIANE WILSON; DECLARATION OF JEFFREY S. PORTNOY; EXHIBIT "1"; AND** |

Judge:   Hon. Jill A. Otake
Trial:   August 3, 2026

**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' MEMORANDUM IN OPPOSITION TO DEFENDANTS/COUNTERCLAIMANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF ALLEGED DEATH THREATS DUE TO SPOLIATION OF EVIDENCE [ECF NO. 101]**

## I.   INTRODUCTION

Plaintiffs/Counterclaim Defendants LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI ("**Ms. Shanti**") (collectively, "**Plaintiffs**"), by and through their counsel, Cades Schutte LLP, hereby submit their Memorandum in Opposition to Defendants/Counterclaimants PAULA HAYGARTH, BYRON HORVATH, and STEFANIE HORVATH's (collectively, "**Defendants**") Motion in Limine No. 1 [ECF No. 101] ("**Motion in Limine**").  Defendants ask this Court to preclude any argument or evidence concerning or regarding alleged death threats made to Ms. Shanti's cell phone.

## II.   ARGUMENT

"A rule is a rule."  *Thermodyne Food Serv. Products, Inc. v. McDonald's Corp.*, 960 F.Supp. 138, 141 (N.D. Ill. 1997).  As a threshold matter, Defendants' Motion in Limine is procedurally defective and should be denied for failing to abide

by the Court's rule and order requiring the parties to meet and confer at least 7 days prior to the filing of any motion in limine.[1]  Notwithstanding the foregoing, the Motion in Limine should also be denied pursuant to Rules 104(a) and 403 of the Federal Rules of Evidence.[2]

Byron Horvath alleges, among other things, that Plaintiffs falsely stated on Instagram that Byron Horvath makes "death threats."  *See* First Amended Counterclaim at ¶¶31-32.  Indeed, evidence to support or disprove the truth of such a statement is relevant because truth is an absolute defense to defamation claims. *See Nakamoto v. Kawauchi*, 142 Hawaii 259, 274, 418 P.3d 600, 615 (2018).  Thus, to support Plaintiffs' defense—that the statement about Byron making death threats is based upon truth—Plaintiffs should be allowed to introduce any evidence that formed the basis of Plaintiffs' belief that Byron Horvath made death threats, including audio recordings of threats, communications with Haley Winter corroborating threats, communications with Amanda Brady relating to threats, etc.

---

[1] See procedural arguments raised in Plaintiffs' Memorandum in Opposition to Defendants/Counterclaimants' Motion in Limine No. 2 to Exclude Testimony Re Alleged Stalking Due to Spoliation [ECF No. 102] filed concurrently herein and Declaration of Counsel.

[2] While the Court must decide preliminary questions as to the admissibility of evidence, the Court is not bound by evidence rules except those on privilege.  Fed. R. Evid. 104(a).  The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless presentation of cumulative evidence.

3

Plaintiffs produced to Defendants all audio recordings of alleged threats within their possession and control, among other documents and things. Declaration of Liane Wilson at ¶9. The fact that Ms. Shanti is no longer in possession of her cell phone should not preclude her from introducing any argument or evidence to support her defense against the counterclaim especially since her old phone was replaced prior to Byron Horvath's filing of his initial counterclaim and Plaintiffs produced audio recordings of threats from Ms. Shanti's old phone. *Id.* at ¶¶2-9. The probative value of such evidence is not outweighed by any danger of unfair prejudice or any other danger outlined in Rule 403 of the Federal Rules of Evidence. It is for the jury to decide whether the audio recordings are reliable.

Finally, Defendants mistakenly accuse Plaintiffs of purposefully destroying evidence to avoid litigation obligations. *See* ECF. No. 101-1 at PageID.1941. That is simply not the case. *See* Declaration of Liane Wilson at ¶10. Ms. Shanti routinely replaces old phones with new phones. *See* Exhibit "1". That is not uncommon. Sanctions under FRAP 37 are not appropriate. In fact, Defendants' Motion in Limine is really a discovery motion disguised as a motion in limine because Defendants missed the deadline for filing discovery motions. *See* Amended Scheduling Order (noting deadline for filing discovery motions as November 4, 2025). Any argument relating to spoliation of metadata has been waived. *See Duchatellier v. Lewis*, No. 3:20-CV-526-SJF, 2025 WL 2972268, at *5 (N.D. Ind.

4

Oct. 22, 2025) (affirming earlier holding that party waived spoliation argument).

## III.    <u>CONCLUSION</u>

Based on the foregoing, Plaintiffs respectfully request that this Court deny Defendants' Motion in Limine.

DATED:  Honolulu, Hawaii, June 26, 2026.

CADES SCHUTTE
A Limited Liability Law Partnership


*/s/ Jeffrey S. Portnoy*
JEFFREY S. PORTNOY, ESQ.
TROY C. YOUNG, ESQ.

Attorneys for Plaintiffs/Counterclaim Defendants
LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI