CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY          1211
TROY C. YOUNG              11317
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone: (808) 521-9200
Fax: (808) 521-9210
Email:  jportnoy@cades.com
Email:  tcyoung@cades.com

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a Nevada
limited liability company dba LIANA
SHANTI ENTERPRISES and LIANE
WILSON, also known in the community as
LIANA SHANTI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>Plaintiffs,<br><br>v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10,<br><br>Defendants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' MEMORANDUM IN OPPOSITION TO DEFENDANTS/COUNTERCLAIMANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE TESTIMONY RE ALLEGED STALKING DUE TO SPOLIATION [ECF NO. 102]; DECLARATION OF JEFFREY S. PORTNOY; AND CERTIFICATE OF SERVICE** |

| | Judge: Hon. Jill A. Otake |
| | Trial: August 3, 2026 |

**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' MEMORANDUM IN OPPOSITION TO DEFENDANTS/COUNTERCLAIMANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE TESTIMONY RE ALLEGED STALKING DUE TO SPOLIATION [ECF NO. 102]**

## I.    INTRODUCTION

Plaintiffs/Counterclaim Defendants LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI (collectively, "**Plaintiffs**"), by and through their counsel, Cades Schutte LLP, hereby submit their Memorandum in Opposition to Defendants/Counterclaimants PAULA HAYGARTH, BYRON HORVATH, and STEFANIE HORVATH's (collectively, "**Defendants**") Motion in Limine No. 2 [ECF No. 102] ("**Motion in Limine**"). Defendants' Motion in Limine should be denied on procedural grounds for the reasons stated herein.

## II.    ARGUMENT

"A rule is a rule." *Thermodyne Food Serv. Products, Inc. v. McDonald's Corp.*, 960 F.Supp. 138, 141 (N.D. Ill. 1997). Defendants' Motion in Limine is procedurally defective and should be denied. In fact, Defendants should promptly withdraw their Motion in Limine to save time and resources for all parties and this Court.

On April 30, 2026, this Court reminded counsel for the parties to abide by the Court's specific rules regarding Motions in Limine.  *See* ECF No. 89: "The Court ADVANCES the deadlines for the motions in limine consistent with the parties' [88] letter. Motions in limine shall be filed no later than 6/18/2026 and oppositions shall be filed no later than 6/26/2026. **The Court asks counsel to review Judge Otake's General Civil Case Procedure IV.J. before filing any motions in limine**."  ECF No. 89 (emphasis added).

Judge Otake's General Civil Case Procedure IV.J. emphasizes that this Court "requires Local Rule 7.8 compliance for motions in limine."  Local Rule 7.8 requires a pre-trial conference at least seven (7) days before the filing of a motion.  L.R.7.8.

In the afternoon of June 17, 2026, the day before the deadline for filing motions in limine, counsel for Defendants emailed Plaintiffs' counsel a list of motions in limine topics and requested a meet and confer.  Declaration of Counsel at ¶2.  This was the first time Defendants' counsel contacted Plaintiffs' counsel regarding motions in limine topics and requested a meet and confer on motions in limine.  *Id.* at ¶3.  Plaintiffs' counsel reminded Defendants' counsel of Defendants' failure to abide by the strict seven-day pre-filing conference rule regarding motions in limine and that this Court made clear that counsel cannot unilaterally alter the Court's rules.  *Id.* at ¶4.  The fact that the parties had a June 12, 2026 settlement conference and allegedly needed to focus on preparing for the settlement conference

is not a legitimate excuse for disregarding ECF No. 89, Judge Otake's General Civil Case Procedure IV.J., and Local Rule 7.8 as Plaintiffs were likewise impacted by the settlement conference and Defendants clearly had the resources and time to request a meet and confer at least 7 days before the filing of their motions in limine—Defendants are represented by Dentons LLP which, according to its website, consists of at least 5,900 lawyers across the globe, with at least 22 lawyers within the Litigation and Dispute Resolution practice group in its Honolulu office. *See* Dentons, *Our Professionals* (last visited June 26, 2026), https://www.dentons.com/en/our-professionals?Filters=%26sectorid%3D%26practiceid%3D3745679ALITIG%26positionid%3D%26languageid%3D%26inpid%3D%26countryid%3D%26regionid%3D0037696AHONOL%26page%3D1.

Despite these warnings, Defendants filed this Motion in Limine. ECF No. 102. Because Defendants filed the Motion in Limine on June 18, 2026 without a required pre-filing conference at least seven days before such filing, in blatant violation of Local Rule 7.8 and Judge Otake's General Civil Case Procedure IV.J., this Court should deny the Motion in Limine on procedural grounds.

A court may deny a motion in limine for failing to abide by local rules requiring a pre-filing conference. *See, e.g., Aldava v. Smith's Food & Drug Centers, Inc.*, No. 2:23-CV-1660 JCM (MDC), 2025 WL 2754043, at *2 (D. Nev. Sept. 29,

4

2025) (denying motions in limine on the grounds that the parties failed to meaningfully meet and confer as required by local rules).  There is no reason to depart from this approach here.  Counsel was reminded by this Court to follow Judge Otake's General Civil Case Procedure IV.J. on April 30, 2026, forty-nine days before the filing of Defendants' Motion in Limine.  *See* ECF No. 89.  Defendants, therefore, had adequate notice of Judge Otake's seven-day meet and confer requirement relating to motions in limine.  Accordingly, the Motion in Limine should be denied.

## III.    <u>CONCLUSION</u>

Based on the foregoing, Plaintiffs respectfully request that this Court deny Defendants' Motion in Limine.

DATED:  Honolulu, Hawaii, June 26, 2026.

CADES SCHUTTE
A Limited Liability Law Partnership


*/s/ Jeffrey S. Portnoy*
JEFFREY S. PORTNOY, ESQ.
TROY C. YOUNG, ESQ.

Attorneys for Plaintiffs/Counterclaim
Defendants
LIFE MASTERY NETWORK LLC, a
Nevada limited liability company dba
LIANA SHANTI ENTERPRISES and
LIANE WILSON, also known in the
community as LIANA SHANTI

5