CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY        1211
TROY C. YOUNG             11317
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone: (808) 521-9200
Fax: (808) 521-9210
Email:  jportnoy@cades.com
Email:  tcyoung@cades.com

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a Nevada
limited liability company dba LIANA
SHANTI ENTERPRISES and LIANE
WILSON, also known in the community as
LIANA SHANTI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10,<br><br>　　　　Defendants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' MEMORANDUM IN OPPOSITION TO DEFENDANTS/COUNTERCLAIMANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE DEFENDANTS' COMMUNICATIONS WITH THIRD PARTIES AFTER JANUARY 7, 2023 [ECF NO. 103]; DECLARATION OF JEFFREY S. PORTNOY; EXHIBIT "1"; AND CERTIFICATE OF SERVICE** |

Judge:    Hon. Jill A. Otake
Trial:     August 3, 2026

**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' MEMORANDUM IN OPPOSITION TO DEFENDANTS/COUNTERCLAIMANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE DEFENDANTS' COMMUNICATIONS WITH THIRD PARTIES AFTER JANUARY 7, 2023 [ECF NO. 103]**

## I.    <u>INTRODUCTION</u>

Plaintiffs/Counterclaim Defendants LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI (collectively, "**Plaintiffs**"), by and through their counsel, Cades Schutte LLP, hereby submit their Memorandum in Opposition to Defendants/Counterclaimants PAULA HAYGARTH, BYRON HORVATH, and STEFANIE HORVATH's (collectively, "**Defendants**") Motion in Limine No. 3 [ECF No. 103] ("**Motion in Limine**").

## II.    <u>ARGUMENT</u>

"A rule is a rule."  *Thermodyne Food Serv. Products, Inc. v. McDonald's Corp.*, 960 F.Supp. 138, 141 (N.D. Ill. 1997).  As a threshold matter, Defendants' Motion in Limine is procedurally defective and should be denied for failing to abide by the Court's rule and order requiring the parties to meet and confer at least 7 days

2

prior to the filing of any motion in limine.[1]

While the Court must decide preliminary questions as to the admissibility of evidence, the Court is not bound by evidence rules except those on privilege.  Fed. R. Evid. 104(a).  The Court **may** exclude relevant evidence if its probative value is **substantially** outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless presentation of cumulative evidence.  Fed. R. Evid. 403.

Defendants ask this Court to exclude any argument or evidence of Defendants' communications about Plaintiffs with third parties relating to this litigation after Defendants were served with the Complaint on January 7, 2023. Defendants mistakenly rely upon *Bhattacharya v. Murray*, 93 F.4th 675 (4th Cir. 2024) to support their Motion.  *Bhattacharya* has nothing to do with rulings on motions in limine.  There, the Fourth Circuit agreed with the district court's refusal to grant the appellant leave to amend his complaint and add a claim for conspiracy because the appellant had no plausible claim that his ex-girlfriend shared with administrators an illegal objective nor that she committed any tortious conduct that would sustain a claim against her and under Virginia's intercorporate conspiracy

---

[1] See procedural arguments raised in Plaintiffs' Memorandum in Opposition to Defendants/Counterclaimants' Motion in Limine No. 2 to Exclude Testimony Re Alleged Stalking Due to Spoliation [ECF No. 102] filed concurrently herein and Declaration of Counsel.

3

doctrine school officials cannot conspire with each other. *Bhattacharya v. Murray*, 93 F.4th 675, 698 (4th Cir. 2024).

This case involves, among other things, a conspiracy claim against the Defendants. *See generally* First Amended Complaint, a true and correct certified filed copy of which is attached hereto as Exhibit "1". Over the course of this litigation, Defendants have produced documents confirming that Defendants have been communicating with the anonymous group known as the Liana Shanti Cult Recovery Team. *See, e.g.*, Document 69-10 at Page ID. 1349 (Email dated August 25, 2023 from lianashanticultrecovery@gmail.com to undisclosed group attached as Exhibit "10"). Such evidence is directly relevant to Plaintiffs' conspiracy claim against the Defendants because it supports their claims that Defendants engaged with the anonymous group in a smear campaign against Plaintiffs. *See* Exhibit "1" at ¶¶54, 75, and 76. If Defendants really had nothing to do with the anonymous group, they should never have communicated with the anonymous group. The jury must be made aware of all communications made by and between Defendants and third parties about Plaintiffs in order to fairly evaluate the merits of this case, including communications with the anonymous group as such evidence serves as circumstantial evidence that the Defendants engaged in a conspiracy to defame Plaintiffs. The probative value of such evidence is not outweighed by any danger of unfair prejudice or any other danger outlined in Rule 403 of the Federal Rules of

Evidence.[2]  Moreover, the Motion in Limine should be denied.

## III.   <u>CONCLUSION</u>

Based on the foregoing, Plaintiffs respectfully request that this Court deny

Defendants' Motion in Limine.

DATED:  Honolulu, Hawaii, June 26, 2026.

> CADES SCHUTTE
> A Limited Liability Law Partnership
>
>
> */s/ Jeffrey S. Portnoy*
> JEFFREY S. PORTNOY, ESQ.
> TROY C. YOUNG, ESQ.
>
> Attorneys for Plaintiffs
> LIFE MASTERY NETWORK LLC, a
> Nevada limited liability company dba
> LIANA SHANTI ENTERPRISES and
> LIANE WILSON, also known in the
> community as LIANA SHANTI

---

[2] Finally, Section J of the General Civil Procedures Before Judge Otake cautions the parties to "avoid filing motions in limine that amount to nothing more than a request for a broad evidentiary ruling."  Here, Defendants request a broad evidentiary ruling asking this Court to enter an order precluding communications about Plaintiffs with **any third party** relating to this litigation after Defendants were served with the Complaint on January 7, 2023.