IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>      Plaintiffs,<br><br>  v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10,<br><br>      Defendants. | CIVIL NO. 1:25-cv-00297<br>(Other Civil Action)<br><br>**DECLARATION OF COUNSEL** |

## <u>DECLARATION OF COUNSEL</u>

| | |
|---|---|
| STATE OF HAWAII | ) |
| | ) SS. |
| CITY AND COUNTY OF HONOLULU | ) |

I, JEFFREY S. PORTNOY, being first duly sworn, deposes and says:

1.      I am a partner at Cades Schutte LLP, counsel for
Plaintiffs/Counterclaim Defendants LIFE MASTERY NETWORK LLC, a Nevada
limited liability company dba LIANA SHANTI ENTERPRISES and LIANE
WILSON, also known in the community as LIANA SHANTI (collectively,
"**Plaintiffs**") named in the above-captioned civil matter docketed as *Life Mastery
Network LLC, et al. v. Paula Haygarth, et al.*; Civil No. 1:25-cv-00297, United
States District Court for the District of Hawaii (the "**Subject Lawsuit**").

2.      On June 17, 2026, at 1:10 p.m., counsel for Defendants emailed
Plaintiffs' counsel a list of motions in limine topics and requested a meet and
confer.

3.      This was the first time Defendants' counsel contacted Plaintiffs'
counsel regarding motions in limine topics and to request a meet and confer on
motions in limine.

4.      I reminded Defendants' counsel of Defendants' failure to abide by the
strict seven-day pre-filing conference rule regarding motions in limine and that this
Court made clear that counsel cannot unilaterally alter the Court's rules.

5.      I also alerted Defendants' counsel that Plaintiffs intentionally did not
seek a meet and confer as counsel was well aware of the rule and had no intention
of filing any motion in limine, and that Plaintiffs intend to oppose any effort by
Defendants to try and assert any motion in limine.

6.  Upon review of paragraph 3 of the Declaration of Louise K.Y. Ing filed in support of the subject motion in limine, Defendants clearly concede that they "weighed various potential subjects for motions in limine over the past few weeks" which further underscores that despite having weeks to meet and confer with counsel, Defendants decided to wait until the eve of filing their motions in limine before requesting a meet and confer.

7.  Attached hereto as Exhibit "1" is a true and correct certified filed copy of the First Amended Complaint filed in Life Mastery Network LLC v. Paula Haygarth, et al.; Civil No. 5CCV-22-0000107; Circuit Court of the Fifth Circuit, State of Hawaii, as Dkt. 443.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

DATED:  Honolulu, Hawaii, June 26, 2026.

/s/ Jefrey S. Portnoy
JEFFREY S. PORTNOY