CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY          1211
TROY C. YOUNG              11317
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone: (808) 521-9200
Fax: (808) 521-9210
Email:  jportnoy@cades.com
Email:  tcyoung@cades.com

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a Nevada
limited liability company dba LIANA
SHANTI ENTERPRISES and LIANE
WILSON, also known in the community as
LIANA SHANTI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10,<br><br>　　　　Defendants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' MEMORANDUM IN OPPOSITION TO DEFENDANTS/COUNTERCLAIMANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE FACEBOOK POST BY PAULA HAYGARTH [ECF NO. 104]; DECLARATION OF JEFFREY S. PORTNOY; EXHIBIT "1"; AND CERTIFICATE OF SERVICE** |

Judge:   Hon. Jill A. Otake
Trial:   August 3, 2026

**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' MEMORANDUM IN OPPOSITION TO DEFENDANTS/COUNTERCLAIMANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE FACEBOOK POST BY PAULA HAYGARTH [ECF NO. 104]**

## I.      INTRODUCTION

Plaintiffs/Counterclaim Defendants LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI (collectively, "**Plaintiffs**"), by and through their counsel, Cades Schutte LLP, hereby submit their Memorandum in Opposition to Defendants/Counterclaimants PAULA HAYGARTH, BYRON HORVATH, and STEFANIE HORVATH's (collectively, "**Defendants**") Motion in Limine No. 4 [ECF No. 104] ("**Motion in Limine**").

## II.     ARGUMENT

"A rule is a rule."  *Thermodyne Food Serv. Products, Inc. v. McDonald's Corp.*, 960 F.Supp. 138, 141 (N.D. Ill. 1997).  Defendants' Motion in Limine is procedurally defective and should be denied for failing to abide by the Court's rule and order requiring the parties to meet and confer at least 7 days prior to the filing of any motion in limine.[1]  Notwithstanding the foregoing, Defendants' Motion in

---

[1] See procedural arguments raised in Plaintiffs' Memorandum in Opposition to Defendants/Counterclaimants' Motion in Limine No. 2 to Exclude Testimony Re

Limine should also be denied pursuant to Rules 104(a) and 403 of the Federal Rules of Evidence.

While the Court must decide preliminary questions as to the admissibility of evidence, the Court is not bound by evidence rules except those on privilege.  Fed. R. Evid. 104(a).  The Court **may** exclude relevant evidence if its probative value is **substantially** outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless presentation of cumulative evidence.  Fed. R. Evid. 403.

Defendants ask this Court to exclude any argument or evidence of Paula Haygarth's Facebook post.  Defendants contend that the Facebook post "does not provide relevant background or information for any of Plaintiffs' surviving claims for defamation, intentional infliction of emotional distress, or conspiracy, and introducing evidence that Plaintiffs unsuccessfully argued was defamatory can only unfairly taint Ms. Haygarth's image before the finder of fact."  Document No. 104 Page ID.2134.  Indeed, although this Court already ruled on Paula Haygarth's posting and commenting on her personal Facebook page,  such actions are still relevant to Plaintiffs' defamation and conspiracy claims because they serve as circumstantial evidence that Paula Haygarth is responsible for the anonymous posts

---

Alleged Stalking Due to Spoliation [ECF No. 102] filed concurrently herein and Declaration of Counsel.

and a significant actor in the harassment campaign. It is also important for the jury to understand the totality of the circumstances including the timing of Paula Haygarth's posts in conjunction with the posts made under anonymous accounts on Instagram, Reddit, and the Cult Education Institute website. Such evidence also shows Paula Haygarth's mental state and motive, i.e., that Paula Haygarth was aware of the subreddit "The Shanti Summary" and the false statements made therein. The probative value of such evidence is not outweighed by any danger of unfair prejudice or any other danger outlined in Rule 403 of the Federal Rules of Evidence. In fact, it would be unfair for a jury to enter a verdict without knowing these facts about Paula Haygarth. Thus, the Motion in Limine should be denied.

//

//

//

//

//

//

//

//

//

4

## III.   <u>CONCLUSION</u>

Based on the foregoing, Plaintiffs respectfully request that this Court deny Defendants' Motion in Limine.

DATED:  Honolulu, Hawaii, June 26, 2026.

CADES SCHUTTE
A Limited Liability Law Partnership


*/s/ Jeffrey S. Portnoy*
JEFFREY S. PORTNOY, ESQ.
TROY C. YOUNG, ESQ.

Attorneys for Plaintiffs/Counterclaim Defendants
LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI