# MINUTES

CASE NUMBER:        1:25-cv-00297-JAO-RT

CASE NAME:          Life Mastery Network LLC et al v. Haygarth et al

ATTY'S FOR PLA:     *Jeffrey S. Portnoy
                    Troy Christopher Young

ATTY'S FOR DEFTS: *Laura P. Moritz
                    Louise K.Y. Ing

JUDGE:    Jill A. Otake              REPORTER:    Cynthia Fazio

DATE:     7/10/2026                  TIME:        1:30pm-2:45pm

COURT ACTION:   EP:   Hearing on Various Motion in Limine re: [101], [102], [103], and [104] was held.

Jeffrey S. Portnoy, Esq. and Louise K.Y. Ing present by video teleconference ("VTC").

Plaintiff Liana Shanti also present by VTC.

Discussion held regarding the Final Pretrial Conference previously scheduled for July 20, 2026, at 10:00 a.m.  The Final Pretrial Conference is CONTINUED to July 27, 2026, at 1:30 p.m.  The parties are directed to consult the Court's digital calendar on the hearing date for the courtroom assignment.

The Court stated for the record that its rulings on the Motions in Limine ("MILs") are without prejudice and may be revisited at any time during trial based on how the evidence is presented.  The Court also addressed Local Rule 7.8, finding that both counsel's conduct lacked professionalism, but it would regardless continue with the merits of the MILs to narrow issues at trial.

[101] Defendants/Counterclaimants' Motion in Limine No. 1 To Exclude Evidence of Alleged Death Threats Due to Spoliation of Evidence - GRANTED.  The Court finds

that an exclusionary sanction under Federal Rule of Civil Procedure ("FRCP") 37(e) is warranted.  Plaintiff should have preserved the actual voicemail with its metadata in anticipation or conduct of litigation given Plaintiff alleges Defendants engaged in a pattern of virulent behavior.  However, if Defendants/Counterclaimants choose to pursue their claims involving the allegedly false statement that Byron Horvath made death threats, Plaintiff may request the Court to revisit this issue.

[102] Defendants/Counterclaimants Paula Haygarth, Bryon Horvath, and Stefanie Horvath's Motion in Limine No. 2 To Exclude Testimony re Alleged Stalking due to Spoliation - GRANTED.  Plaintiff does not oppose this MIL.

[103] Defendants/Counterclaimants Paula Haygarth, Bryon Horvath, and Stefanie Horvath's Motion in Limine No. 3 To Exclude Defendants' Communications with Third Parties after December 6, 2022 - DENIED.  The communications are relevant as potential circumstantial proof of the identity of the anonymous posters.  The Court directs Defendants/Counterclaimants to file a brief proposing a limiting instruction no later than July 16, 2026, not to exceed three (3) pages.  Defendants/Counterclaimants may also address whether Plaintiff may pursue a civil conspiracy claim based on conduct that allegedly continued after filing the complaint.  Any objections shall be filed by July 23, 2026 and shall not exceed three (3) pages.

[104] Defendants/Counterclaimants Paula Haygarth, Bryon Horvath, and Stefanie Horvath's Motion in Limine No. 4 To Exclude Facebook Post by Paula Haygarth - DENIED.  Paula Haygarth's Facebook post is relevant as potential circumstantial proof of the identity of the anonymous posters.  However, the post is prejudicial to the extent that the jury may construe it as evidence for an independent claim, which the Court has already ruled on.  The Court directs Defendants/Counterclaimants to file a brief proposing a limiting instruction no later than July 16, 2026, not to exceed three (3) pages.  Any objections shall be filed by July 23, 2026 and shall not exceed three (3) pages.

Submitted by: Carla Cortez, Courtroom Manager