LOUISE K.Y. ING        2394
LAURA P. MORITZ        7860

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI 96813
Telephone:  808 524 1800
Facsimile:   808 524 4591
Email:        louise.ing@dentons.com
                    laura.moritz@dentons.com

Attorneys for Defendants/Counterclaimants
PAULA HAYGARTH, BYRON HORVATH,
and STEFANIE HORVATH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>        Plaintiffs/Counterclaim Defendants,<br><br>      v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10,<br><br>        Defendants/ Counterclaimants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**DEFENDANTS/ COUNTERCLAIMANTS' MOTION TO STRIKE UNTIMELY/NEWLY-DISCLOSED WITNESSES IN *PLAINTIFFS/COUNTERCLAIM DEFENDANTS' WITNESS LIST* [ECF 119]; DECLARATION OF LAURA P. MORITZ; EXHIBITS "A"-"D"**<br><br>Judge: Honorable Jill A. Otake<br>Trial: August 3, 2026. |

**DEFENDANTS/COUNTERCLAIMANTS'
MOTION TO STRIKE UNTIMELY/NEWLY-DISCLOSED
WITNESSES IN *PLAINTIFF/COUNTERCLAIM DEFENDANTS'
WITNESS LIST* [ECF 119]**

Defendants/Counterclaimants Paula Haygarth, Byron Horvath, and Stefanie Horvath ("**Defendants**"), by and through their attorneys, Dentons US LLP, hereby move this Court for an order excluding the testimony of individuals disclosed for the first time on Plaintiffs Liane Wilson and Life Mastery Network, LLC's ("**Plaintiffs**") July 13 witness list [ECF 119].

This Motion is made pursuant to Federal Rules of Civil Procedure 7, 26, and 37, LR 7.1, the memorandum in support, declarations, and exhibits. This motion is made following counsel's unsuccessful but good faith attempts to meet and confer pursuant to LR 37.1 of the Local Rules. *See* Declaration of Laura P. Moritz, ¶ 7.

## I.    INTRODUCTION AND BACKGROUND

The federal rules abolished trial by ambush long ago. 1993 cmts to Fed. R. Civ. P. 26(a)(3) ("This paragraph imposes an additional duty to disclose, without any7 request, information customarily needed in final preparation for trial" and must be made "at least 30 days before commencement of trial). *See also McKay v. Ashland Oil, Inc.*, 120 F.R.D. 43, 48 (E.D. Ky. 1988) ("If … the summary jury trial prevents a litigant from saving some juicy tidbit as a surprise for the trial à la Perry Mason, the pretrial orders…are supposed to do the same thing. Trial by ambush has long been abolished from the federal system.").

US_ACTIVE\138172933\V-3

**Three days ago**, Plaintiffs sprang **six trial witnesses** not previously identified in Plaintiffs' initial disclosures or in any other disclosure required under Rules 16 and 26. This flurry of eleventh-hour disclosures of witnesses Plaintiffs have known about for years and were obligated to identify earlier is pure gamesmanship. Under Ninth Circuit authority, Plaintiffs are precluded from relying on these newly-disclosed witnesses at trial.

## II.    FACTS

Plaintiffs filed their complaint almost four years ago, in December 2022. While still in state court, the parties exchanged Rule 26(a) initial disclosures. *See* Exhibit A (February 2024 Initial Disclosures).

Plaintiffs amended their disclosures three times in this litigation. *See* Exhibit B (*Plaintiffs' Final Naming of Witnesses* filed in state court on November 8, 2024), Exhibit C (*Plaintiffs' First Amended Final Naming of Witnesses* filed in state court on February 13, 2025), and Exhibit D (*Plaintiffs' Second Amended Final Naming of Witnesses* also filed in state court February 13, 2025). On July 13, three weeks before trial, Plaintiffs filed a witness list that identified six, never-before-disclosed trial witnesses. All of these individuals are "students" of Plaintiff Wilson and therefore have been known to Plaintiffs for years.[1] The six individuals are:

---

[1] If these "students" have first-hand knowledge of the events at issue, Plaintiffs have known their identifies for over four years. If these are new "students," then they can

US_ACTIVE\138172933\V-3

- Malana Hokulani (knowledge about "…the anonymous group known as the Liana Shanti Cult Recovery Team, the civil conspiracy to defame Ms. Shanti and her career, including the facts and circumstances leading up to the civil conspiracy…" among other things) (ECF 119 at PageID.2396, ¶ f);

- Roxanne Smith (knowledge about "…the civil conspiracy to defame Ms. Shanti…the defamatory statements about Plaintiffs posted under anonymous accounts on various social media platforms…" among other things) (ECF 119 at PageID.2396, ¶ g);

- Joni Abbott (knowledge about "…Ms. Abbott's personal experience in dealing with the anonymous group known as the Liana Shanti Cult Recovery team …" among other things) (ECF 119 at PageID.2396, ¶ h);

- Joshua Guzman (knowledge about "…Ms. Shanti's reputation within her community and his perception of how the defamation campaign has impacted Ms. Shanti's reputation within her community") (ECF 119 at PageID.2397, ¶ i);

- Aaralyn Shiri (knowledge about "…Ms. Shanti's reputation within her community and her perception of how the defamation campaign has impacted Ms. Shanti's reputation within her community; and her personal knowledge as to statements made by Amanda Brady via affidavit filed with this Court") (ECF 119 at PageID.2397, ¶ j); and

- Andrea Harris (knowledge about "…the impact of Ms. Shanti's work and teachings; Ms. Shanti's mentorship; and Ms. Shanti's reputation within her community and perception of how the defamation campaign has impacted Ms. Shanti's reputation …") (ECF 119 at PageID.2397, ¶ k).

ECF 119 at PageID.2396-97.

---

have no personal knowledge of the events at issue or any "before and after" impressions of Plaintiffs necessary to establish reputational damage.

US_ACTIVE\138172933\V-3

## III.   ARGUMENT

Federal Rule of Civil Procedure requires automatic disclosure of the name, address, and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses. FRCP 26(a)(1)(A). The Hawai'i Rules of Civil Procedure, which applied to the proceedings until this matter was removed last year on July 17, 2025 (ECF 1), contain a similar provision. HRCP 26(a)(1)(A)(i). Rule 26 of both the HRCP and FRCP also require that parties supplement their initial disclosures throughout litigation. FRCP 26(e); HRCP 26(e). *See also* 1993 Advisory Committee Notes to FRCP 26(e) (supplementations "should be made at appropriate intervals during the discovery period, **and with special promptness as the trial date approaches**") (emphasis added). Rule 26(a) also requires pre-trial disclosures—including trial witnesses—to be made "at least 30 days before trial," unless the court orders otherwise. Here, the Amended Rule 16 Scheduling Order's July 13 deadline for the "final comprehensive witness list" to be filed is surely not intended to allow sandbagging with new witnesses not previously disclosed.

Supplementation regarding the identity of witnesses with knowledge of discoverable matters is particularly important. *See* 1980 Advisory Committee Notes to FRCP 26(e) (noting the "obvious importance of each side of knowing all witnesses"). The duty to supplement extends not only to newly discovered evidence

5

but also to information not originally provided although it was available at the time of the initial disclosure. 2007 Advisory Committee Note to FRCP 26(e).

Pursuant to FRCP 37 (and HRCP 37), any party that fails to disclose information required by Rule 26(a) is not allowed to use that information or witness at trial unless the failure was substantially justified or is harmless. FRCP 37(c)(1); HRCP 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001) (burden is on the party who failed to comply with discovery obligations to demonstrate that it meets exceptions to mandatory sanctions); *United States v. Dunn*, No. 04-Civ-50472, 2007 WL 1100754, *5 (N.D. Ill. Apr. 12, 2007) (barring party from using at trial, hearing or motion any testimony from witnesses who were "sprung" on Plaintiff at the eleventh hour via supplemental disclosure). The purpose of the rule is to prevent the practice of sandbagging an adversary with new evidence. *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000). The Ninth Circuit has held that a district court is not required to make a finding of willfulness or bad faith to exclude the undisclosed evidence. *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (finding late disclosure was not harmless and noting that Rule 37 is "a self-executing, automatic sanction to provide a strong inducement for disclosure of material"). In *Hoffman*, the Court of Appeals affirmed exclusion of evidence and emphasized that exclusion sanctions

6

were appropriate "even when a litigant's entire cause of action will be precluded." *Id.* (internal citations omitted).

Here, Plaintiffs sprang six new witnesses on Defendants with only 3 weeks remaining before trial. All of these witnesses were within Plaintiffs' knowledge from the inception of this litigation; they purportedly all have knowledge about the manner in which alleged anonymous posts from 2022 defamed Plaintiffs and harmed their business. One witness, Roxanne Smith, is identified as a "long-time student" of Plaintiff Wilson's. ECF 119 at PageID.2396, ¶ g.

Plaintiffs offer no reason why these six witnesses were not disclosed at an "appropriate interval during the discovery period" as directed by the Advisory Committee Notes. Plaintiffs' last-minute disclosures are not only untimely, they are also extremely prejudicial to Defendants. Plaintiffs' litigation tactics deprived Defendants the opportunity to examine and conduct related discovery regarding the newly-disclosed witnesses. Concealing witnesses until it is too late for Defendants to obtain discovery regarding such witnesses is sufficient to demonstrate prejudice. *See Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 554, 556-57 (N.D. Cal. 2009) (excluding evidence stemming from theories not asserted in discovery). Additionally, Plaintiffs' late disclosure these witnesses is exactly the type of gamesmanship and trial by ambush that Rule 26 was intended to prevent. *See Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc.*, 272 F.R.D. 350, 359

7

(W.D.N.Y. 2011) ("If the Federal Rules of Civil Procedure are to be effective and meaningful, parties should not be permitted to conceal potential sources of responsive information in the hope that the opposing party does not discover their deliberate omission until the discovery deadline has expired."). *See also* Advisory Committee Notes, *supra*, noting the importance of knowing all witnesses and directing that supplementations be made with special promptness as the trial date approaches. Rule 26 is intended to prevent the unfair tactical advantage that can be gained by failing to timely disclose knowledgeable witnesses. Defendants have expended enormous time and resources preparing their case. Plaintiffs' late disclosure on the eve of trial prevents Defendants from properly examining the newly-disclosed witnesses who purport to have information about the case and has unreasonably and vexatiously multiplied the proceedings on the eve of trial.

## IV.    CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court grant the motion and issue an order precluding the untimely-disclosed witnesses (Malana Hokulani, Roxanne Smith, Joni Abbott, Joshua Guzman, Aaralyn Shiri, and Andrea Harris) from testifying at trial.

Honolulu, Hawai'i, July 16, 2026.

/s/ Laura P. Moritz
LOUISE K.Y. ING
LAURA P. MORITZ

8

US_ACTIVE\138172933\V-3