LOUISE K.Y. ING        2394
LAURA P. MORITZ        7860

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI 96813
Telephone:  808 524 1800
Facsimile:   808 524 4591
Email:        louise.ing@dentons.com
                  laura.moritz@dentons.com

Attorneys for Defendants/Counterclaimants
PAULA  HAYGARTH,  BYRON  HORVATH,  and
STEFANIE HORVATH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10, <br><br> Defendants/ Counterclaimants. | Civil No.:  1:25-cv-00297-JAO-RT <br><br> **DEFENDANTS/ COUNTERCLAIMANTS' SUBMISSION OF PROPOSED JURY INSTRUCTION REGARDING DEFENDANTS/ COUNTERCLAIMANTS' COMMUNICATIONS WITH THIRD PARTIES AFTER JANUARY 7, 2023 PURSUANT TO ECF. 115** <br><br><br> Judge: Honorable Jill A. Otake <br> Trial: August 3, 2026 |

**DEFENDANTS/COUNTERCLAIMANTS' SUBMISSION REGARDING PROPOSED JURY INSTRUCTION REGARDING DEFENDANTS/COUNTERCLAIMANTS' COMMUNICATIONS WITH THIRD PARTIES AFTER JANUARY 7, 2023**

Pursuant to this Court's *Minutes* [ECF 115], Defendants/Counterclaimants Paula Haygarth, Byron Horvath, and Stefanie Horvath  ("**Defendants**") respectfully submit their Proposed Jury Instruction regarding Defendants' communications with third parties after they were served with the original Complaint in this lawsuit on January 7, 2023 and related briefing requested by the Court.

## I.    PROPOSED INSTRUCTION

Defendants propose the following limiting instruction regarding Defendants' communications with third parties after January 7, 2023:

**DEFENDANTS/COUNTERCLAIMANTS'
PROPOSED INSTRUCTION NO. __
Defendants/Counterclaimants' Communications with
Third Parties after January 7, 2023**

A civil conspiracy "is a combination of two or more persons [or entities] by concerted action to accomplish a[n] … unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful **by … unlawful means**."

In order to find that two or more persons engaged in a civil conspiracy, you must first find that (a) two or more persons engaged in concerted action, that is, engaged in action together, (b) to accomplish an unlawful purpose or (c) to accomplish a lawful purpose by an unlawful means.

Voluntary, informal interviews and communications between a party to a lawsuit and a person not a party to the lawsuit are a legitimate way for parties who have been sued to learn about the parties who sued them or about facts underlying the claims and defenses in a particular case. Such communications are not an

unlawful purpose nor an unlawful means to gather evidence about claims, counterclaims and defenses in the lawsuit.

You have heard evidence that after Defendants/Counterclaimants became aware of this lawsuit on January 7, 2023, by being served with the Complaint, they communicated with third parties about one or more of the Plaintiffs in this case. If you find that communications between Paula Haygarth, Byron Horvath and/or Stephanie Horvath after January 7, 2023, on the one hand, and persons not a party to the lawsuit, on the other hand, were for the purpose of learning more about either or both of the Plaintiffs or to gather facts about claims, counterclaims and defenses in the lawsuit, then such communications were not unlawful or for an unlawful purpose.

## II.   BRIEFING

A civil conspiracy "is a combination of two or more persons [or entities] by concerted action to accomplish a[n] … unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful **by** … **unlawful means**." *Jass v. CherryRoad Techs., Inc.*, 449 F.Supp.3d 923, 943 (D. Haw. 2020) (emphasis provided). Hawai'i law requires that for a civil conspiracy claim to be valid, an underlying tort must be shown. *Id.*

If conduct is not unlawful, it cannot constitute the basis for a conspiracy claim. Informal communications about the underlying facts and parties to a lawsuit constitute a legitimate way in which parties may learn about underlying facts in a particular case. *In re JDS Uniphase Corp. Securities Litigation*, 238 F.Supp.2d 1127, 1134 (N.D. Cal. 2002); *Wharton v. Calderon*, 127 F.3d 1201, 1205 (9th Cir. 1997). Here, Defendants' communications with persons having facts about Plaintiffs *after* the lawsuit was filed cannot be construed "unlawful means" because they were

US_ACTIVE\138159240\V-3

entitled to partake in such communications. These communications with third parties were not isolated communications but potential opportunities to learn about and discuss the bases (or lack thereof) of Plaintiffs' claims against them. This was especially true in the early months of the litigation before Defendants had engaged counsel and participated in the formal discovery process. They were a privileged part of the litigation process and cannot form the basis of a conspiracy claim. *Heitkoetter v. Domm*, No. 1:22-cv-00368-KES-BAM, 2025 WL 2391178, *12 (E.D. Cal. Aug. 18, 2025) (holding that a defendant's public discussion about his counterclaim was privileged under the litigation privilege); *Bhattacharya v. Murray*, 93 F.4th 675, 698-99 (4th Cir. 2024) (affirming district court's holding that a medical student's actions to obtain a protective order did not constitute unlawful conspiracy).

The proposed instruction is appropriate because it informs the jury of the applicable law and is narrowly tailored to apply to communications *after* Defendants were brought into this lawsuit. Plaintiffs remain free to argue that Defendants' pre-lawsuit communications with third parties is circumstantial proof of the identity of the anonymous posters.

## III.    CONCLUSION

Based on the foregoing, Defendants respectfully request that the limiting instruction described above be provided to the jury at a time deemed appropriate by the Court.

3

US_ACTIVE\138159240\V-3

DATED:  Honolulu, Hawaiʻi, July 16, 2026.

_/s/ Laura P. Moritz_
LOUISE K.Y. ING
LAURA P. MORITZ

Attorneys for Defendants/Counterclaimants
PAULA HAYGARTH, BYRON
HORVATH, and STEFANIE HORVATH

4

US_ACTIVE\138159240\V-3