CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY          1211
TROY C. YOUNG               11317
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone: (808) 521-9200
Fax: (808) 521-9210
Email:  jportnoy@cades.com
Email:  tcyoung@cades.com

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a Nevada
limited liability company dba LIANA
SHANTI ENTERPRISES and LIANE
WILSON, also known in the community as
LIANA SHANTI

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>            Plaintiffs,<br><br>   v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10,<br><br>            Defendants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' OBJECTIONS TO DEFENDANTS/COUNTERCLAIMANTS' EXHIBITS; DECLARATION OF COUNSEL; EXHIBITS "1"-"30"; AND CERTIFICATE OF SERVICE**<br><br>Judge:    Hon. Jill A. Otake<br>Magistrate Judge: Hon. Rom Trader<br>Trial:     August 3, 2026 |

## PLAINTIFFS/COUNTERCLAIM DEFENDANTS' OBJECTIONS TO DEFENDANTS/COUNTERCLAIMANTS' EXHIBITS

Plaintiffs/Counterclaim Defendants LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI ("**Ms. Shanti**") (collectively, "**Plaintiffs**"), by and through their counsel, Cades Schutte LLP, hereby submit their written objections to Defendants/Counterclaimants PAULA HAYGARTH, BYRON HORVATH, and STEFANIE HORVATH's (collectively, "**Defendants**") Exhibits pursuant to the Amended Scheduling Order, filed herein on September 12, 2025 [ECF No. 30].

Exhibits 1005, 1006, 1009, 1023, 1037, 1048, 1049, 1059, 1078, 1082, 1091, 1095, 1099, 1105, 1110, 1111, 1116, and 1126 appear to be legal invoices from the Canadian law office of McKercher LLP invoiced to Byron Horvath for work relating to a parental custody dispute involving Byron Horvath and a non-party, ex-spouse in a Canadian court proceeding; and work relating to discovery responses for this action.  The legal invoices have no consequences to this action and are therefore irrelevant and should not be admitted on those grounds.  *See* FRE Rule 401 and 402.  Also, because Hawaii follows the American rule, Defendants cannot recover legal fees and costs in this defamation action for work relating to preparation of discovery responses as there is no statute, stipulation, agreement, or precedent allowing for

2

same. *See Thornley v. Sanchez*, 9 Haw.App. 606, 618, 857 P.2d 601, 608 (Haw. Ct. App. 1993) (noting that Hawaii follows the American rule). Accordingly, Exhibits 1005, 1006, 1009, 1023, 1037, 1048, 1049, 1059, 1078, 1082, 1091, 1095, 1099, 1105, 1110, 1111, 1116, and 1126 should be excluded pursuant to FRE Rules 104(a), 401, 402, and 403.

On a related note, Exhibit 1075 appears to be a Legal Fees and Costs Statement of Ashley Meyers, a Florida attorney for Byron Horvath, relating to charges for work incurred in defending Byron Horvath in Florida state court against a petition for an injunction relating to stalking filed by a non-party. These legal charges are irrelevant to this case because Plaintiffs have nothing to do with Mr. Horvath's alleged stalking. Exhibit 1075, therefore, should not be admitted into evidence on FRE Rules 401 and 402 grounds. Furthermore, the document has not been properly authenticated. *See* FRE Rule 901.

Exhibit 1141 appears to be a receipt dated April 8, 2026 from Paula Haygarth for an In-Person Counseling Session for $157.50 relating to therapist, Crystal Ladriere of Be The Change Counselling & Consulting, produced as PH000567. Defendants have failed to produce any medical records or psychological records linking the need for counseling to damages allegedly caused by the Plaintiffs. *See* Declaration of Counsel at ¶2. Defendants should be precluded from introducing Exhibit 1141 into evidence because any probative value that it may have is

3

substantially outweighed by the danger of unfair prejudice to the Plaintiffs. *See* FRE Rules 104(a), 401, 402, and 403. The document is also not certified or authenticated in the first instance. See FRE Rule 901.

Exhibit 1142 appears to be an invoice dated April 16, 2026 from Paula Haygarth from Ancient Aspirations for Energy Healing Session in the amount of $233.10, produced as PH000568. Defendants have failed to produce any medical records or psychological records linking the need for energy healing to damages allegedly caused by the Plaintiffs. *See* Declaration of Counsel at ¶2. Accordingly, Defendants should be precluded from introducing Exhibit 1142 into evidence because any probative value that it may have is substantially outweighed by the danger of unfair prejudice to the Plaintiffs. *See* FRE Rules 104(a), 401, 402, and 403. The document is also not certified or authenticated in the first instance. *See* FRE Rule 901.

Exhibit 1143 appears to be a receipt dated April 29, 2026 from Paula Haygarth for an in-person counseling session with Crystal Ladriere, therapist of Be The Change Counselling & Consulting in the amount of $157.50, produced as PH000569. Defendants should be precluded from introducing Exhibit 1143 into evidence because any probative value that it may have is substantially outweighed by the danger of unfair prejudice to the Plaintiffs and it is not certified or authenticated in the first instance. *See* FRE Rules 104(a), 401, 402, 403, and 901.

Exhibit 1010 appears to be a heavily redacted TD Canada Trust Statement dated March 31, 2022 to April 29, 2022 addressed to Paula Haygarth produced by the Defendants as PH000580. The document is not certified or authenticated and appears to show charges completely unrelated to this case. For example, the document purports to show a "PAYPAL *NETFLX _V" charge for $18.30. Indeed, this Court should preclude Defendants from introducing Exhibit 1010 into evidence because it is not relevant to this case, it is not authenticated or certified, is misleading, and any probative value that Exhibit 1010 may have is substantially outweighed by the danger of unfair prejudice to the Plaintiffs. *See* FRE Rules 104(a), 401, 402, 403, and 901.

Exhibit 1011 appears to be a heavily redacted Radius Credit Union Statement for April 2022 addressed to Paula Haygarth produced by the Defendants as PH000576-PH000578. This document also appears to show charges completely unrelated to this case. For example, the document purports to show charges for utilities, a Canadian tire, gasoline, a purchase at Walmart, and other charges unrelated to this action. This Court should preclude Defendants from introducing Exhibit 1011 into evidence because it is not authenticated or certified and clearly not relevant to this case, is misleading, and any probative value that Exhibit 1011 may have is substantially outweighed by the danger of unfair prejudice to the Plaintiffs. *See* FRE Rules 104(a), 401, 402, 403, and 901.

Exhibit 1043 appears to be a Payroll Statement dated October 31, 2022 to Stefanie Horvath produced as BH002990-BH002991.  Defendants do not bring a loss of wages claim, and even if they did, Defendants have failed to produce payroll statements following October 2022 and to the present.  Declaration of Counsel at ¶3.  Thus, this Court should preclude Defendants from introducing Exhibit 1403 into evidence because it is not relevant to this case, is misleading, and any probative value that it may have is substantially outweighed by the danger of unfair prejudice to the Plaintiffs, and is not authenticated or certified.  *See* FRE Rules 104(a), 401, 402, 403, and 901.

Exhibits 1103 and 1117 appear to be extremely blurry screenshots of Gold Mastercard statements produced as PH000455 and PH000443-PH000453, respectively.  The documents are unreadable.  Accordingly, this Court should preclude Defendants from introducing them into evidence—it will waste time and confuse the jury.  *See* FRE Rules 104(a) and 403.  Furthermore, the documents are not authenticated or certified.  *See* FRE Rules 104(a) 901.

Exhibit 1157 appears to be an unsigned affidavit purportedly made by Haley Winter to Byron Horvath and produced by the Defendants as BH003028-BH003029.  The document contains inadmissible hearsay.  Accordingly, this Court should preclude Defendants from introducing Exhibit 1157 into evidence.  *See* FRE Rules 104(a), 801, and 802.

Exhibit 1150 appears to be an excel spreadsheet produced by Defendants as PH000391 which references income for the years 2019, 2022, and 2023. The Defendants should be precluded from introducing Exhibit 1150 into evidence as it has not been properly authenticated. *See* FRE Rules 104(a) and 901.

Exhibit 1162 appears to be extremely blurry screenshots of receipts for meditation, healing, and counselling sessions produced by Defendants as PH000457-PH000461. The documents are blurry and irrelevant to this case. Defendants have failed to produce any medical records or psychological records linking the need for therapy to damages allegedly caused by the Plaintiffs. The documents are also not authenticated. Accordingly, this Court should preclude Defendants from introducing them into evidence–the documents are irrelevant and will waste time and confuse the jury. *See* FRE Rules 104(a), 401, 402, 403, and 901.

//

//

//

//

//

//

//

//

Plaintiffs reserve the right to object to any additional exhibits that the Defendants add to their Exhibit List following the date of these objections.

DATED:  Honolulu, Hawaii, July 20, 2026.

CADES SCHUTTE
A Limited Liability Law Partnership


*/s/ Jeffrey S. Portnoy*
JEFFREY S. PORTNOY, ESQ.
TROY C. YOUNG, ESQ.

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a
Nevada limited liability company dba
LIANA SHANTI ENTERPRISES and
LIANE WILSON, also known in the
community as LIANA SHANTI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>     Plaintiffs,<br><br>  v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10,<br><br>     Defendants. | CIVIL NO. 1:25-cv-00297 (Other Civil Action)<br><br>**DECLARATION OF COUNSEL** |

## <u>DECLARATION OF COUNSEL</u>

STATE OF HAWAII             )

                               ) SS.

CITY AND COUNTY OF HONOLULU    )

    I, JEFFREY S. PORTNOY, being first duly sworn, deposes and says:

1.      I am a partner at Cades Schutte LLP, counsel for

Plaintiffs/Counterclaim Defendants LIFE MASTERY NETWORK LLC, a Nevada

limited liability company dba LIANA SHANTI ENTERPRISES and LIANE

WILSON, also known in the community as LIANA SHANTI (collectively,

"**Plaintiffs**") named in the above-captioned civil matter docketed as *Life Mastery*

*Network LLC, et al. v. Paula Haygarth, et al.*; Civil No. 1:25-cv-00297, United

States District Court for the District of Hawaii (the "**Subject Lawsuit**").

2.      According to my review of the Defendants' document productions,

the Defendants have not produced any medical records, psychological records, or

therapy records in this action.

3.      According to my review of the Defendants' document productions,

the Defendants have not produced payroll statements dated after October 2022 to

the present.

4.      Attached hereto as **Exhibit "1"** is a true and correct copy of

Defendants' Proposed Exhibit 1005.

5.      Attached hereto as **Exhibit "2"** is a true and correct copy of

Defendants' Proposed Exhibits 1006.

6.      Attached hereto as **Exhibit "3"** is a true and correct copy of

Defendants' Proposed Exhibit 1009.

7.      Attached hereto as **Exhibit "4"** is a true and correct copy of

Defendants' Proposed Exhibit 1023.

8.      Attached hereto as **Exhibit "5"** is a true and correct copy of Defendants' Proposed Exhibit 1037.

9.      Attached hereto as **Exhibit "6"** is a true and correct copy of Defendants' Proposed Exhibit 1048.

10.     Attached hereto as **Exhibit "7"** is a true and correct copy of Defendants' Proposed Exhibit 1049.

11.     Attached hereto as **Exhibit "8"** is a true and correct copy of Defendants' Proposed Exhibit 1059.

12.     Attached hereto as **Exhibit "9"** is a true and correct copy of Defendants' Proposed Exhibit 1078.

13.     Attached hereto as **Exhibit "10"** is a true and correct copy of Defendants' Proposed Exhibit 1082.

14.     Attached hereto as **Exhibit "11"** is a true and correct copy of Defendants' Proposed Exhibit 1091.

15.     Attached hereto as **Exhibit "12"** is a true and correct copy of Defendants' Proposed Exhibit 1095.

16.     Attached hereto as **Exhibit "13"** is a true and correct copy of Defendants' Proposed Exhibit 1099.

17.     Attached hereto as **Exhibit "14"** is a true and correct copy of

Defendants' Proposed Exhibit 1105.

18.    Attached hereto as **Exhibit "15"** is a true and correct copy of Defendants' Proposed Exhibit 1110.

19.    Attached hereto as **Exhibit "16"** is a true and correct copy of Defendants' Proposed Exhibit 1111.

20.    Attached hereto as **Exhibit "17"** is a true and correct copy of Defendants' Proposed Exhibit 1116.

21.    Attached hereto as **Exhibit "18"** is a true and correct copy of Defendants' Proposed Exhibit 1126.

22.    Attached hereto as **Exhibit "19"** is a true and correct copy of Defendants' Proposed Exhibit 1075.

23.    Attached hereto as **Exhibit "20"** is a true and correct copy of Defendants' Proposed Exhibit 1141.

24.    Attached hereto as **Exhibit "21"** is a true and correct copy of Defendants' Proposed Exhibit 1142.

25.    Attached hereto as **Exhibit "22"** is a true and correct copy of Defendants' Proposed Exhibit 1143.

26.    Attached hereto as **Exhibit "23"** is a true and correct copy of Defendants' Proposed Exhibit 1010.

27.    Attached hereto as **Exhibit "24"** is a true and correct copy of

4

Defendants' Proposed Exhibit 1011.

28.     Attached hereto as **Exhibit "25"** is a true and correct copy of Defendants' Proposed Exhibit 1043.

29.     Attached hereto as **Exhibit "26"** is a true and correct copy of Defendants' Proposed Exhibit 1103.

30.     Attached hereto as **Exhibit "27"** is a true and correct copy of Defendants' Proposed Exhibit 1117.

31.     Attached hereto as **Exhibit "28"** is a true and correct copy of Defendants' Proposed Exhibit 1157.

32.     Attached hereto as **Exhibit "29"** is a true and correct copy of Defendants' Proposed Exhibit 1150.  Because the Native document is in Microsoft Excel format, Plaintiffs intend to submit a flash drive of the file to the Court.

//

//

//

//

//

//

//

//

5

33.     Attached hereto as **Exhibit "30"** is a true and correct copy of

Defendants' Proposed Exhibit 1162.

I declare under penalty of perjury that the foregoing statements are true and

correct to the best of my knowledge, information, and belief.

DATED:  Honolulu, Hawaii, July 20, 2026.

*/s/ Jefrey S. Portnoy*
JEFFREY S. PORTNOY

6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>          Plaintiffs,<br>   v.<br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10,<br><br>          Defendants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**CERTIFICATE OF SERVICE** |

# CERTIFICATE OF SERVICE

The undersign hereby certifies that true and correct copies of the foregoing document were duly served on the following counsel for the parties by electronic means:

LOUISE K.Y. ING                   louise.ing@dentons.com
LAURA P. MORITZ                   laura.moritz@dentons.com
Dentons US LLP
1001 Bishop Street, Ste. 1800
Honolulu, HI  96813

Attorneys for Defendants
PAULA HAYGARTH,
BYRON HORVATH, and
STEFANIE HORVATH

DATED:  Honolulu, Hawaii, July 20, 2026.

CADES SCHUTTE
A Limited Liability Law Partnership


/s/ Jeffrey S. Portnoy
JEFFREY S. PORTNOY, ESQ.
TROY C. YOUNG, ESQ.

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a
Nevada limited liability company dba
LIANA SHANTI ENTERPRISES and
LIANE WILSON, also known in the
community as LIANA SHANTI

2