CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY          1211
TROY C. YOUNG               11317
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone: (808) 521-9200
Fax: (808) 521-9210
Email:  jportnoy@cades.com
Email:  tcyoung@cades.com

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a Nevada
limited liability company dba LIANA
SHANTI ENTERPRISES and LIANE
WILSON, also known in the community as
LIANA SHANTI

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI‘I

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>                    Plaintiffs,<br><br>      v.<br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10,<br><br>                    Defendants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' [PROPOSED] JURY INSTRUCTIONS NOS. 25-37; CERTIFICATE OF SERVICE**<br><br>Judge:    Hon. Jill A. Otake<br>Magistrate Judge: Hon. Rom Trader<br>Trial:    August 3, 2026 |

## PLAINTIFFS/COUNTERCLAIM DEFENDANTS' [PROPOSED] JURY INSTRUCTIONS NOS. 25-37

Pursuant to Local Rule 51.1 and the Amended Scheduling Order, filed herein on September 12, 2025 [ECF No. 30], Plaintiffs/Counterclaim Defendants LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI ("**Ms. Shanti**") (collectively, "**Plaintiffs**"), by and through their counsel, Cades Schutte LLP, submit the following set of their proposed jury instructions on which agreement could not be reached by the parties:

2

## INSTRUCTION NO. 25. DICREDITED OR IMPEACHED WITNESS

A witness may be discredited or impeached by contradictory evidence, by a showing that: (1) the witness testified falsely concerning a material matter; or (2) at some other time, the witness said or did something that is inconsistent with the witness' present testimony; or (3) at some other time, the witness failed to say or do something that would be consistent with the present testimony had it been said or done.

If you believe that any witness has been so impeached, then it is for you alone to decide how much credibility or weight, if any, to give to the testimony of that witness.

Source: *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 12 [ECF 369]; PageID. 7687

## INSTRUCTION NO. 26. ADDITIONAL INFORMATION ON IMPEACHMENT

A witness may also be discredited or impeached by evidence that the general reputation of the witness for truth and veracity is bad in the community where the witness now resides, or has recently resided.

If you believe that any witness has been so impeached, then it is for you alone to decide how much credibility or weight, if any, to give to the testimony of that witness.

Source: *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 13 [ECF 369]; PageID. 7688.

## INSTRUCTION NO. 27. DEFAMATION CLAIM

The parties have defamation claims against each other. To prevail, the party must normally prove by a preponderance of the evidence:

1.  A false and defamatory statement concerning another;
2.  An unprivileged publication to a third party;
3.  Fault amounting at least to negligence on the part of the publisher; and
4.  Either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

However, because Plaintiff is a public figure and brings a defamation claim, the Plaintiff must also prove by clear and convincing evidence that the publisher either knew that his or her published statement or statements were false or with reckless disregard for whether the statement or statements were true or false, which is known as "actual malice."  In the context of defamation, the term "actual malice" does not mean the defendants' dislike of, hatred of, or ill will toward the plaintiff.

In a defamation action based on published statements, the words and phrases cannot be viewed in isolation or taken out of context.

Sources: *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 16; [ECF 369] PageID. 7692 (modified); *Frissore v. Schondelmeyer*; 2019 WL 2027491 (2019 Mass. Super.) (Jury Instruction No. 12) (modified)

## INSTRUCTION NO. 28. MALICE

In determining whether the Defendants acted with knowledge of falsity or reckless disregard for the truth, you must undertake a subjective inquiry as to their attitude toward the truth or falsity of the statements. The inquiry has been articulated as whether the defendant subjectively had knowledge of falsity or in fact entertained serious doubts as to the truth of his or her publication. In other words, the defendant must either know that his or her published statement was probably false, or suspecting that it may be false, deliberately closed his or her eyes to the possibility.

The plaintiff may demonstrate knowledge of falsity or reckless disregard for the truth by inference and circumstantial evidence. Because it is rare for a defendant to admit to having had serious, unresolved doubts, you may reach your conclusion as to the defendant's subjective knowledge based on inferences from objective evidence. Thus the defendant cannot ensure a favorable verdict merely by testifying that he or she made statements under the subjective belief that the statements were true.

Source: *Frissore v. Schondelmeyer*; 2019 WL 2027491 (2019 Mass. Super.) (Jury Instruction No. 12) (modified)

6

## INSTRUCTION NO. 29. DEFAMATORY STATEMENTS

A communication is defamatory when it tends to harm the reputation of another as to lower him [or her] in the estimation of the community or deter third persons from associating or dealing with him [or her].

Whether a communication is defamatory depends, among other facts, upon the temper of the times, the current of contemporary public opinion, with the result that words, harmless in one age, in one community, may be highly damaging to reputation at another time or in a different place.

To determine whether statements are false and defamatory, you must consider: (1) whether the general tenor of the entire work negates the impression that the [party] was asserting an objective fact; (2) whether the [party] used figurative or hyperbolic language that negates that impression; and (3) whether the statement in question is susceptible of being proved true or false.

Source: *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 17; [ECF 369] PageID. 7693 (modified)

## INSTRUCTION NO. 30. FALSE LIGHT

To prevail on a claim for false light, Plaintiff must prove:

1. the Defendants placed Plaintiff before the public in a false light;

2. the false light in which Plaintiff was placed would be highly offensive to a reasonable person; and

3. the Defendants had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which Plaintiff would be placed.

Source: *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 20; [ECF 369] PageID. 7696

## INSTRUCTION NO. 31. CIVIL CONSPIRACY

To establish a claim of civil conspiracy, the plaintiff must prove by a preponderance of the evidence the following three things:

1. The formation of the conspiracy. The defendant must share a common purpose with another person, not merely suspect or have knowledge of the other person's private purpose.
2. An overt act or acts committed by one or more of the conspirators pursuant to the common design that furthers the object of conspiracy. The term "overt act" means any step taken or act committed by one or more of the conspirators which goes beyond mere planning or agreement to commit a wrongful act and which step or act is done in furtherance of the accomplishment of the object of the conspiracy.
3. Damages.

Sources: *HH Associates, U.S., Inc. v. Evans*, 711 F.Supp.3d 1196, 1216 (D. Haw. 2024), reconsideration denied, No. CV 22-00062 JAO-KJM, 2024 WL 1179019 (D. Haw. Feb. 23, 2024) (elements of civil conspiracy); *Santa Maria Enterprises, et al. v. Texaco Exploration, et al.*; 2002 WL 34248016 (Cal. Super. 2002) (Jury Instruction).

## INSTRUCTION NO. 32. DAMAGES

If you find for [any of the parties] on the issue of liability, [the] party is entitled to damages in such amount as your judgment will fairly and adequately compensate him [or her] for the damages which he [or she] suffered. In deciding the amount of such damages, you should consider: 1. The extent and nature of the damages he [or she] received, and also the extent to which, if at all, the damage he [or she] received are permanent; and 2. The pain, emotional suffering, and disability which he [or she] has suffered and is reasonably probable to suffer in the future because of the damages, if any.

Source: *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 27; [ECF 369] PageID. 7703 (modified).

## INSTRUCTION NO. 33. LOSS OF FUTURE PROFITS

A party claiming loss of earnings in a defamation case must adduce admissible evidence that the defamation was a material element of substantial cause of actual economic damage.  The damages must be susceptible of ascertainment in some manner other than by mere speculation, conjecture, or surmise.  In other words, loss of future profits must be shown with reasonable certainty.

Source: *Jenkins v. Liberty Newspapers Ltd. P'ship*, 89 Hawai`i 254, 269, 971 P.2d 1089, 1104 (1999).

11

**INSTRUCTION NO. 34. MITIGATING DAMAGES**

[A party] claiming damages resulting from the wrongful act of [another party] has a duty under the law to use reasonable diligence under the circumstances to mitigate or minimize those damages. If you find Plaintiff [or Counterclaimants] suffered damages, Plaintiff [or Counterclaimants] may not recover for any damages which [they] could have avoided through reasonable effort. If you find that Plaintiff [or Counterclaimants] unreasonably failed to mitigate or lessen [their] damages, you should not award those damages which [they] could have avoided. You are the sole judge of whether Plaintiff [or Counterclaimants] acted reasonably in mitigating [their] damages. Plaintiff [or Counterclaimants] may not sit idly by when presented with a reasonable opportunity to reduce [their] damages. However, Plaintiff [and Counterclaimants] [are] not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating [their] damages. [The parties] have the burden of proving the damages which [the other party] could have mitigated.

You must consider all of the evidence in light of the particular circumstances of the case in deciding whether [the parties] have satisfied their burden of proving that the [other party's] conduct was not reasonable.

Source: *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 35; [ECF 369] PageID. 7711-12 (modified).

## INSTRUCTION NO. 35. CLARIFICATION

Of course, the fact that I have give you instructions concerning the issue of the [party's] damages should not be interpreted in any way as an indication that I believe the [party] should, or should not, prevail in this case.

Source: *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 36; [ECF 369] PageID. 7713 (modified).

## INSTRUCTION NO. 36. VERDICT PART I

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Remember at all times, you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Source: *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 39; [ECF 369] PageID. 7716.

## **INSTRUCTION NO. 37**. **VERDICT PART II**

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. A verdict form has been prepared for your convenience.

(Explain Verdict Form)

You will take the verdict form to the jury room and when you have reached an unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you desire to communicate with the court, please put your message or question in a note, and have the foreperson sign the note. The foreperson will then contact the Courtroom Manager via the telephone located in the jury room. The Courtroom Manager will pick up the note and bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time. For example, you should never state that "x" number of jurors are leaning or voting one way and "x" number of jurors are leaning or voting another way.

Source: *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 40; [ECF 369] PageID. 7717-18.

15

DATED:  Honolulu, Hawaii, July 20, 2026.

CADES SCHUTTE
A Limited Liability Law Partnership


*/s/ Jeffrey S. Portnoy*
JEFFREY S. PORTNOY, ESQ.
TROY C. YOUNG, ESQ.

Attorneys for Plaintiffs/Counterclaim
Defendants
LIFE MASTERY NETWORK LLC, a
Nevada limited liability company dba
LIANA SHANTI ENTERPRISES and
LIANE WILSON, also known in the
community as LIANA SHANTI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>        Plaintiffs,<br>   v.<br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10,<br><br>        Defendants/Coun terclaimants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**CERTIFICATE OF SERVICE** |

## <u>CERTIFICATE OF SERVICE</u>

The undersign hereby certifies that true and correct copies of the foregoing document were duly served on the following counsel for the parties by electronic means:

LOUISE K.Y. ING             louise.ing@dentons.com
LAURA P. MORITZ        laura.moritz@dentons.com
Dentons US LLP
1001 Bishop Street, Ste. 1800
Honolulu, HI  96813

    Attorneys for Defendants
    PAULA HAYGARTH,
    BYRON HORVATH, and
    STEFANIE HORVATH

DATED:  Honolulu, Hawaii, July 20, 2026.

CADES SCHUTTE
A Limited Liability Law Partnership


*/s/ Jeffrey S. Portnoy*
JEFFREY S. PORTNOY, ESQ.
TROY C. YOUNG, ESQ.

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a
Nevada limited liability company dba
LIANA SHANTI ENTERPRISES and
LIANE WILSON, also known in the
community as LIANA SHANTI

2