LOUISE K.Y. ING          2394
LAURA P. MORITZ          7860

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI 96813
Telephone:  808 524 1800
Facsimile:  808 524 4591
Email:       louise.ing@dentons.com
             laura.moritz@dentons.com

Attorneys for Defendants/Counterclaimants
PAULA HAYGARTH, BYRON HORVATH, and
STEFANIE HORVATH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>　　　　Plaintiffs/Counterclaim Defendants,<br><br>　　　v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10,<br><br>　　　　Defendants/ Counterclaimants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**PARTIES' JOINT PROPOSED JURY INSTRUCTION NOS. 1-24**<br><br><br><br>Trial:  August 3, 2026<br>Judge: Hon. Jill A. Otake |

15813736\000001\138227145

## PARTIES' JOINT PROPOSED JURY INSTRUCTION

Pursuant to LR 51.1 of the Local Rules of Practice for the United States District Court for the District of Hawaii, Defendants/Counterclaimants Paula Haygarth, Byron Horvath, and Stefanie Horvath ("**Defendants**"), together with Plaintiffs Life Mastery Network LLC, a Nevada limited liability company dba Liana Shanti Enterprises and Liane Wilson, also known in the community as Liana Shanti ("**Plaintiffs**") met and conferred regarding potential jury instructions and have reached agreement on general pretrial, intra-trial, and post-trial jury instructions, as set forth herein, as well as some jury instructions for the substantive claims in this action. Plaintiffs and Defendants were unable to reach agreement on jury instructions for the remaining substantive claims in this action and will separately submit proposed instructions in connection therewith.

The Parties respectfully reserve the right to modify or supplement these proposed jury instructions, including if warranted by the rulings on any pretrial motions and/or the evidence presented, issues raised, or rulings rendered during trial of the above captioned matter.

15813736\000001\138227145

DATED:  Honolulu, Hawaiʻi, July 20, 2026.


        /S/ LAURA P. MORITZ
LOUISE K.Y. ING
LAURA P. MORITZ

Attorneys for Defendants/Counterclaimants
PAULA HAYGARTH, BYRON
HORVATH, and STEFANIE HORVATH


DATED:  Honolulu, Hawaiʻi, July 20, 2026.


        /S/ JEFFREY S. PORTNOY
JEFFREY S. PORTNOY, ESQ.
TROY C. YOUNG, ESQ.

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a
Nevada limited liability company dba
LIANA SHANTI ENTERPRISES and
LIANE WILSON, also known in the
community as LIANA SHANTI

2

15813736\000001\138227145

## JOINT PROPOSED INSTRUCTION NO. 1
### Duty of Jury

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender[, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community]. You will recall that you took an oath promising to do so at the beginning of the case.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Authority**:  Judge Jill A. Otake General Jury Instructions in Civil Cases; Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction (2025 Ed., updated March 2026) ("**9th Cir. Model**"), 9th Cir. Model Civil Jury Instruction 1.4.

1

## JOINT PROPOSED INSTRUCTION NO. 2
### Taking Notes During Trial

Some of you took notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes, or those of other jurors.

**Authority:** Judge Jill A. Otake General Jury Instructions in Civil Cases; 9th Cir. Model Civil Jury Instruction 1.18

2

## JOINT PROPOSED INSTRUCTION NO. 3
### What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I [may instruct] [have instructed] you to accept as proved.

**Authority:**  Judge Jill A. Otake General Jury Instructions in Civil Cases; 9th Cir. Model Civil Jury Instruction 1.9

3

15813736\000001\138227145

## JOINT PROPOSED INSTRUCTION NO. 4
### What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority:** Judge Jill A. Otake General Jury Instructions in Civil Cases; 9th Cir. Model Civil Jury Instruction 1.10

4

## JOINT PROPOSED INSTRUCTION NO. 5
### Ruling on Objections

Rules of evidence control what can be received into evidence. During the course of trial, when a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question was answered or the exhibit received. If I sustained the objection, the question was not answered and the exhibit was not received.

Whenever I sustained an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection. You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

**Authority:** Judge Jill A. Otake General Jury Instructions in Civil Cases; 9th Cir. Model Civil Jury Instruction 1.13

5

15813736\000001\138227145

## JOINT PROPOSED INSTRUCTION NO. 6
### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Authority:** Judge Jill A. Otake General Jury Instructions in Civil Cases; 9th Cir. Model Civil Jury Instruction 1.12

6

## JOINT PROPOSED INSTRUCTION NO. 7
### Credibility Of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

7

**Authority:** Judge Jill A. Otake General Jury Instructions in Civil Cases; 9th Cir. Model Civil Jury Instruction 1.14

8

15813736\000001\138227145

## JOINT PROPOSED INSTRUCTION NO. 8
### Burden of Proof – Preponderance of the Evidence

When a party has the burden of proving any claim {or affirmative defense} by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim {or affirmative defense} is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Authority:** Judge Jill A. Otake General Jury Instructions in Civil Cases; 9th Cir. Model Civil Jury Instruction 1.6

9

## JOINT PROPOSED INSTRUCTION NO. 9
## Burden of Proof – Clear and Convincing Evidence

When a party has the burden of proving any claim by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Authority**:  9th Cir. Model Jury Instruction No. 1.7; *Gertz v. Robert Welch*, 418 U.S. 323, 345 (1974).

15813736\000001\138227145

**JOINT PROPOSED INSTRUCTION NO. 10**
**Two or More Parties – Different Legal Rights**

You should decide the case as to each [plaintiff] [defendant] [party] separately. Unless otherwise stated, the instructions apply to all parties.

**Authority:** Judge Jill A. Otake General Jury Instructions in Civil  Cases; 9th Cir Model Civil Jury Instruction 1.8

11

15813736\000001\138227145

## JOINT PROPOSED INSTRUCTION NO. 11
### Reading Depositions

Certain testimony has been read into evidence from depositions. A deposition is testimony taken under oath before the trial and preserved in writing. You are to consider that testimony the same as if it had been give in court.

**Authority/Source**:  *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 12 [ECF 369]; PageID. 7682.

15813736\000001\138227145

**JOINT PROPOSED INSTRUCTION NO. 12**
**Evidence – Judicial Notice**

The Court has decided to accept as proved the fact that [*state fact*]. You must accept this fact as true.

**Authority**:  9th Cir. Model Jury Instruction 2.4.

13

**JOINT PROPOSED INSTRUCTION NO. 13**
**Evidence – Stipulation**

The parties have agreed to certain facts [to be placed in evidence as Exhibit~s~ _____] [~that will be read to you~]. You must therefore threat these facts as having been conclusively proved.

**Authority**:  9th Cir. Model Jury Instruction No. 2.3.

14

## JOINT PROPOSED INSTRUCTION NO. 14
### Legal Cause

An act or omission is a legal cause of an injury/damage if it was a substantial factor in bringing about the injury/damage.

One or more substantial factors such as the conduct of more than one person may operate separately or together to cause an injury or damage. In such a case, each may be a legal cause of the injury/damage.

**Authority:** Hawaiʻi Civil Jury Instructions, Instruction 7.1

15

**JOINT PROPOSED INSTRUCTION NO. 15**
**Defamation – Publication to Third Party**

"Publication" for a defamation claim means a communication to some third party other than the person allegedly defamed.

**Authority:** *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 18; [ECF 369] PageID.7694.

16

**JOINT PROPOSED INSTRUCTION NO. 16**
**Defamation – Online Speech**

Online speech stands on the same footing as other speech.

**Authority/Source:** *Gallagher v. Maternitywise International, LLC, et al.*; Case No.
1:18-cv-00364-LEK-KJM; Jury Instruction No. 19; [ECF 369] PageID. 7695

17

**JOINT PROPOSED INSTRUCTION NO. 17**
**General Damages**

General damages are those damages which fairly and adequately compensate Plaintiff <u>or Counterclaimant</u> for any past, present, and reasonably probable future disability, pain, and emotional distress caused by the damages sustained.

**Authority/Source:** *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 19; [ECF 369] PageID. 7695 (modified)

18

Case 1:25-cv-00297-JAO-RT    Document 139    Filed 07/20/26    Page 22 of 29
PageID.2875

**JOINT PROPOSED INSTRUCTION NO. 18**
**Nominal Damages**

The law that applies to this case authorizes an award of nominal damages only as to the <u>parties'</u> defamation <u>claims</u>. If you find for the plaintiff <u>or counterclaimant</u> on the defamation claim but you find that the plaintiff <u>or counterclaimant</u> has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**Authority/Source:** *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 19; [ECF 369] PageID. 7695 (modified).

19

15813736\000001\138227145

**JOINT PROPOSED INSTRUCTION NO. 19**
**Pain and Distress**

The parties are not required to present evidence of the monetary value of their pain or emotional distress.  It is only necessary that the parties prove the nature, extent and effect of their pain and emotional distress. It is for you, the jury, to determine the monetary value of such pain or emotional distress using your own judgment, common sense and experience.

**Authority/Source:** *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 19; [ECF 369] PageID. 7695 (modified).

20

15813736\000001\138227145

**JOINT PROPOSED INSTRUCTION NO. 20**
**Calculating Damages**

The law gives you no way to mathematically calculate items of damages and leaves them to be fixed by you as your common sense and good judgment dictate, based on the nature and extent of the party's damages under the evidence in this case..

**Authority/Source:** *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 19; [ECF 369] PageID. 7695 (modified).

21

**JOINT PROPOSED INSTRUCTION NO. 21**
**Reasonable Compensation**

Compensation must be reasonable. You may award only such damages as will fairly and reasonably compensate <u>Plaintiff and/or Counterclaimants</u> for the injuries or damages legally caused by the <u>other party</u>.

You are not permitted to award a party speculative damages, which compensation for loss or harm which, although possible, is conjectural or not reasonably probable.

**Authority/Source:** *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 19; [ECF 369] PageID. 7695 (modified).

22

## JOINT PROPOSED INSTRUCTION NO. 22
### Consideration of Evidence – Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any

information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been

23

tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**Authority:** Judge Jill A. Otake General Jury Instructions in Civil Cases; 9th Cir. Model Jury Instruction 3.2

24

**JOINT PROPOSED INSTRUCTION NO. 23**
**Communication With Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court— how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Authority:** Judge Jill A. Otake General Jury Instructions in Civil Cases; 9th Cir. Model Civil Jury Instruction 3.3

25

## JOINT PROPOSED INSTRUCTION NO. 24
### Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority:** Judge Jill A. Otake General Jury Instructions in Civil Cases; 9th Cir. Model Civil Jury Instruction 3.1