CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY          1211
TROY C. YOUNG               11317
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone: (808) 521-9200
Fax: (808) 521-9210
Email:  jportnoy@cades.com
Email:  tcyoung@cades.com

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a Nevada
limited liability company dba LIANA
SHANTI ENTERPRISES and LIANE
WILSON, also known in the community as
LIANA SHANTI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>        Plaintiffs,<br><br>    v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10,<br><br>        Defendants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE [ECF NO. 132]; AND CERTIFICATE OF SERVICE**<br><br>Judge:    Hon. Jill A. Otake<br>Magistrate Judge: Hon. Rom Trader<br>Trial:    August 3, 2026 |

10912133.v3

**PLAINTIFFS/COUNTERCLAIM DEFENDANTS'
RESPONSE TO ORDER TO SHOW CAUSE [ECF 132]**

## I.     **INTRODUCTION**

Plaintiffs/Counterclaim Defendants LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI ("**Ms. Shanti**") (collectively, "**Plaintiffs**"), by and through their counsel, Cades Schutte LLP, hereby submit their response to this Court's Order to Show Cause as to why sanctions should not be imposed upon Ms. Shanti for violating the Court's order to "immediately cease the posting on social media or elsewhere… of any statements… about this case[.]"  ECF No. 126, entered as ECF No. 132 ("**Order to Show Cause**").

## II.    **RESPONSE**

The First Amendment prevents the government from proscribing speech or expressive speech.  U.S. Const. amend. I.  In addition, Article I, Section 4 of the Hawaii Constitution provides, in part: "No law shall be enacted . . . abridging the freedom of speech." Extrajudicial statements of parties may be subject to prior restraint by a court upon demonstrating that the activity restrained poses a serious and imminent threat to a party's right to a fair trial and to the fair administration of justice.  *Levine v. U.S. Dist. Court for Cent. Dist. of California*, 764 F.2d 590, 595

(9th Cir. 1985); *see In Interest of FG*, 142 Hawaii 497, 504, 421 P.3d 1267, 1274 (2018) (recognizing that a trial court must make specific findings that the *Levine* test has been satisfied before imposing a prior restraint on the free speech of trial participants).  A protective order also known as a "gag order" may be issued by a court to strike the balance of interests of ensuring the integrity of the judicial process, including the right to a fair and impartial jury, with competing First Amendment rights, when a substantial likelihood of material prejudice may result from extrajudicial statements.  *Doe v. Hawaii*, No. CIV. 11-00550 DAE, 2011 WL 4954606, at *2 (D. Haw. Oct. 14, 2011).  A gag order may be permitted, but only if: (1) the activity restrained poses either a clear and present danger or a serious and imminent threat to a protected competing interest, (2) the order is narrowly drawn, **and** (3) less restrictive alternatives are not available.  *See Levine*, 764 F.2d at 595.

On July 14, 2026 this Court entered the following order:

On 7/13/2026, the Court received a letter via email from defense counsel, representing that "Plaintiff Liane Wilson has been posting (on her @lianashanti Instagram account) threatening and harassing statements about at least one of the individuals Defendants had identified as a potential witness, Amanda Brady." ECF No. 124. The letter attaches documentation of such postings and asks the Court to direct the cessation of posts about the case. See id. Plaintiff's counsel responded to the email stating, "I have instructed my client that no further postings about the trial, parties or witnesses until the completion of the trial. She understands and agrees." ECF No. 125.
In the unlikely event it isn't already clear, the Court ORDERS the parties to immediately cease the posting on social media or elsewhere (including private and public accounts) of any

3

statements, images, recordings, or content about this case and the parties and witnesses involved. The parties are further warned that, to the extent there is any ambiguity about whether a post is about this case, its parties, or its witnesses, the Court will view such post in a light that is least favorable to the party who posted it.

Further, the Court ADMONISHES Plaintiff Liane Wilson for this behavior. The Court has consulted with Magistrate Judge Rom Trader, who confirmed that he had ordered the parties at a settlement conference that they were not to post anything on social media regarding this case. Any future postings will result in the imposition of sanctions.

ECF No. 126 ("**Order**" or "**Gag Order**").

The Gag Order was issued following Defendants' concern of witness intimidation and appears to have been entered for the purpose of preventing same. *See* ECF No. 125. The Gag Order prohibits any party from posting anything on any platform about any statements, images, recordings, or content about this case, the parties, and witnesses involved. *See* ECF No. 126.

In this case, Ms. Shanti posted an Instagram Story to alert her followers that she will not speak with them about this case until the conclusion of trial and that she had been contacted by media through her attorneys. *See* ECF No. 125. Ms. Shanti's speech is clearly protected by the First Amendment and does not mention anything about the parties, this Court, or the merits of this lawsuit. *See id.* Ms. Shanti, therefore, did not violate the Order. Because Ms. Shanti did not violate the Order, there can be no finding of bad faith. *See, e.g., Miller v. City of Los Angeles*, 661 F.3d 1024, 1029 (9th Cir. 2011) (concluding, in part, that "Aris couldn't have acted

4

in bad faith if he did not, in fact, violate the district court's order").  Accordingly, there is no basis for this Court to levy sanctions.  *See Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) (noting that sanctions are available if the court specifically finds bad faith or conduct tantamount to bad faith); *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 47 F.Supp.3d 1069, 1079 (D. Haw. 2014), (finding willful violation of protective order because the law firm deliberately filed a subpoena which included a list of patients' names and cancer diagnoses as an exhibit and warranted the imposition of sanctions).

III.    **CONCLUSION**

Based on the foregoing, this Court should not issue sanctions against Ms. Shanti.

DATED:  Honolulu, Hawaii, July 21, 2026.

CADES SCHUTTE
A Limited Liability Law Partnership


*/s/ Jeffrey S. Portnoy*
JEFFREY S. PORTNOY, ESQ.
TROY C. YOUNG, ESQ.

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a
Nevada limited liability company dba
LIANA SHANTI ENTERPRISES and
LIANE WILSON, also known in the
community as LIANA SHANTI

5

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>    Plaintiffs,<br>  v.<br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10,<br><br>    Defendants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**CERTIFICATE OF SERVICE** |

10912133.v3

## CERTIFICATE OF SERVICE

The undersign hereby certifies that true and correct copies of the foregoing document were duly served on the following counsel for the parties by electronic means:

LOUISE K.Y. ING    louise.ing@dentons.com
LAURA P. MORITZ   laura.moritz@dentons.com
Dentons US LLP
1001 Bishop Street, Ste. 1800
Honolulu, HI  96813

 Attorneys for Defendants
 PAULA HAYGARTH,
 BYRON HORVATH, and
 STEFANIE HORVATH

   DATED:  Honolulu, Hawaii, July 21, 2026.

        CADES SCHUTTE
        A Limited Liability Law Partnership


        */s/ Jeffrey S. Portnoy*
        JEFFREY S. PORTNOY, ESQ.
        TROY C. YOUNG, ESQ.

        Attorneys for Plaintiffs
        LIFE MASTERY NETWORK LLC, a
        Nevada limited liability company dba
        LIANA SHANTI ENTERPRISES and
        LIANE WILSON, also known in the
        community as LIANA SHANTI

2