LOUISE K.Y. ING      2394
LAURA P. MORITZ      7860

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI 96813
Telephone:  808 524 1800
Facsimile:  808 524 4591
Email:      louise.ing@dentons.com
            laura.moritz@dentons.com

Attorneys for Defendants/Counterclaimants
PAULA HAYGARTH, BYRON HORVATH, and
STEFANIE HORVATH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10, <br><br> Defendants/ Counterclaimants. | CIVIL NO. 1:25-cv-00297-JAO-RT <br><br> **DEFENDANTS/ COUNTERCLAIMANTS' RESPONSE TO *PLAINTIFF/ COUNTERCLAIM DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE [ECF NO. 132]*; FILED JULY 21, 2026 [ECF 153]** <br><br><br><br> Trial:  August 3, 2026 <br> Judge: Hon. Jill A. Otake |

15813736\000001\138243249

**DEFENDANTS/COUNTERCLAIMANTS' RESPONSE TO**
*PLAINTIFF/COUNTERCLAIM DEFENDANTS' RESPONSE TO ORDER*
*TO SHOW CAUSE [ECF NO. 132]*; **FILED JULY 21, 2026 [ECF 153]**

Defendants/Counterclaimants Paula Haygarth, Byron Horvath, and Stefanie Horvath ("**Defendants**"), by and through their counsel, Dentons US LLP, hereby submit their response to Plaintiff/Counterclaim Defendants' *Response to Order to Show Cause [ECF No. 132]* [ECF 153] ("**Response**").

## I.    INTRODUCTION

Plaintiffs' Response to the Court's *Order to Show Cause* [ECF 132] ignores much of the content in Plaintiff Wilson's July 16 Instagram post to her 30,000+ followers. Contrary to Plaintiffs' characterization, the post does not merely state that she cannot speak about the case. The post brags that:

- International legacy news media will be attending the trial;

- That news media has requested interviews from Plaintiff Wilson; and

- Plaintiff Wilson promises to discuss "All of it" when the trial concludes.

The post talks about the trial, sensationalizes it, and promises to further publicize it after it concludes. It contains information not otherwise available to the general public about the trial, and is a veiled threat to parties and potential witnesses that their testimony will be publicized—not merely by virtue of testifying in a public proceeding—but amplified and/or distorted by the media and Plaintiff Wilson

1

herself. As discussed below, this post violates the Court's July 13 EO [ECF 126]

("**Order**"), and sanctions are appropriate.

## II.    DISCUSSION

The Court's July 13 Order was straightforward:

> In the unlikely event it isn't already clear, the Court ORDERS the parties to immediately cease the posting on social media or elsewhere (including private and public accounts) of any statements, images, recordings, or content about this case and the parties and witnesses involved. The parties are further warned that, to the extent there is any ambiguity about whether a post is about this case, its parties, or its witnesses, the Court will view such post in a light that is least favorable to the party who posted it.

ECF 126. Yet, just a few days after being admonished by the Court for her behavior,

Plaintiff Wilson could not resist intentionally posting about the case in the context

of the upcoming trial. She wrote:

> …I was just informed by my attorney that International news media (legacy media – not Joe Schmo with an iPhone) have contacted my attorneys to request interviews from myself and others, and have notified us they will be attending the trial.
>
> I cannot speak to anyone before or during trial without approval of my attorney (as you've already seen my message regarding) or perhaps not at all until after.
>
> But I am ready. Willing. Finally. To speak the truth. All of it. Every piece. When the trial concludes. …

ECF 131 at PageID.2661. The Court forbade social media posts about the case, and

this post talks about the case. It is clearly designed to generate attention and interest

about the case and trial. It promises to make unspecified disclosures after trial

which—given the inflammatory nature of prior statements Plaintiff Wilson has made

2

15813736\000001\138243249

about potential witnesses in the case[1]—could be viewed as a threat to disclose unsavory information on her platform about any party or witness whose testimony she deems adversarial against her.

Plaintiffs' Response argues the Order was entered for the limited purpose of "concern of witness intimidation." ECF 153 at PageID.5488. Plaintiffs are wrong; the Order speaks for itself in terms of its scope and intent: it forbids "…any statements, images, recordings, or content about this case and the parties and witnesses involved." ECF 126. Plaintiffs argue the post merely "alert[s] her followers that she will not speak with them about this case until the conclusion of trial and that she had been contracted by media through her attorneys," but as discussed above, the statements in the post are not so limited. And, even if one were to generously argue the post is ambiguous about its topic (it is not), the Court's Order clearly warned the parties that "…to the extent there is any ambiguity about whether a post is about this case, its parties, or its witnesses, **the Court will view such post in a light that is least favorable to the party who posted it**." ECF 126.

Viewing the post in a light that is *least* favorable to Plaintiff Wilson, there is no question that it discusses the case in a manner the Court forbade in its Order and

---

[1] For example, in the posts originally shared with the Court in Defendants' July 13 letter [ECF 124], Plaintiffs posted statements alleging that Defendants' witness Amanda Brady engaged in illegal hiring practices (PageID.2594), calling her a racist (PageID.2595), and suggesting Plaintiff Wilson will ultimately file suit against her (PageID.2598).

15813736\000001\138243249

is not protected by the First Amendment.[2] The cases cited by Plaintiff confirm that a district court has the inherent power to sanction for either (1) a willful violation of a court order, **or** (2) bad faith. *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012). Here, both factors are present. Plaintiff Wilson does not dispute making the post which clearly talks about the case and was made with knowledge of the Court's Order. And, findings of bad faith are supported by the clear-cut violation of this Court's Order. *Miller v. City of Los Angeles*, 661 F.3d 1024, 1026 (9th Cir. 2011). Unlike in *Miller*, Plaintiff Wilson's transgression was not "inadvertent, fleeting and harmless," and also unlike in *Miller*, Plaintiff Wilson provided no declaration admitting fault and apologizing. To the contrary, she tries to defend her actions by contending her post says something other than it does; defiance which suggests she would not hesitate to make a similar post in the future, before and during trial.

Defendants cannot simply ignore public statements by Plaintiff Wilson which may influence the decision of key witnesses to travel voluntarily from Saskatchewan, Canada and testify in this case. Plaintiffs' repeated violations of

---

[2] The Ninth Circuit holds that trial courts may restrict extrajudicial statements by trial participants based on a determination that such statements constitute a "clear and present danger" or a "serious and imminent threat" of prejudicing a fair trial. *Levine v. United States Dist. Court*, 764 F.2d 590, 595 (9th Cir. 1985). Here, Plaintiff Wilson's statements are both a clear and present danger and a serious and imminent threat to a fair trial because of their potential to intimidate witnesses and influence potential jurors.

4

15813736\000001\138243249

Judge Trader's unambiguous instruction *not* to post about this case have unreasonably and vexatiously multiplied the proceedings in this case. 28 U.S.C. § 1927. Defendants have been forced to divert their time and effort away from what they should be focusing on in preparing for trial. Plaintiffs' conduct should not be condoned, and Plaintiff Wilson does not deserve another chance to comply with what have been very clear directives from both Judge Trader and this Court.

Sanctions are appropriate and should be ordered against Plaintiff Wilson, including Plaintiffs' attorneys' fees incurred in seeking appropriate relief from the Court and an appropriate fine calculated to deter future misconduct.

## III.   CONCLUSION

Based on the foregoing, Defendants' respectfully request the Court issue sanctions against Plaintiff Wilson for violating the Order, including but not limited to Plaintiffs' attorneys' fees, a fine to be paid by Plaintiffs to deter future contempt of this Court's orders, and other relief as this Court deems appropriate.

DATED:  Honolulu, Hawai'i, July 23, 2026.

 /s/ LAURA P. MORITZ
LOUISE K.Y. ING
LAURA P. MORITZ

Attorneys for Defendants/Counterclaimants
PAULA HAYGARTH, BYRON HORVATH, and STEFANIE HORVATH

5

15813736\000001\138243249