CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY          1211
TROY C. YOUNG               11317
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone: (808) 521-9200
Fax: (808) 521-9210
Email:  jportnoy@cades.com
Email:  tcyoung@cades.com

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a Nevada
limited liability company dba LIANA
SHANTI ENTERPRISES and LIANE
WILSON, also known in the community as
LIANA SHANTI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>        Plaintiffs,<br><br>   v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10,<br><br>        Defendants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' OBJECTIONS TO DEFENDANTS/COUNTERCLAIMANTS' PROPOSED JURY INSTRUCTIONS NOS. 38-62, FILED JULY 20, 2026 [ECF NO. 143]; AND CERTIFICATE OF SERVICE**<br><br>Judge:   Hon. Jill A. Otake<br>Magistrate Judge: Hon. Rom Trader<br>Trial:   August 3, 2026 |

**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' OBJECTIONS TO DEFENDANTS/COUNTERCLAIMANTS' PROPOSED JURY INSTRUCTIONS NOS. 38-62, FILED JULY 20, 2026 [ECF NO. 143];**

## I.    INTRODUCTION

Pursuant to Local Rule 51.1(g), Plaintiffs/Counterclaim Defendants LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI ("**Ms. Shanti**") (collectively, "**Plaintiffs**"), by and through their counsel, Cades Schutte LLP, hereby submit their written objections to Defendants/Counterclaimants  PAULA HAYGARTH, BYRON HORVATH, and STEFANIE HORVATH's (collectively, "**Defendants**") Proposed Jury Instructions Nos. 38-62, filed on July 20, 2026 [ECF No. 143] ("**Defendants' Proposed Jury Instructions**").

## II.    SPECIFIC OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

### A.    Defendants' Proposed Jury Instruction No. 38 – Damages - Proof

Defendants' Proposed Jury Instruction No.  38 provides:

> It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

> If you find for the plaintiffs <u>Life Mastery Network, LLC and/or Liane Wilson or for the defendants/counterclaimants Paula Haygarth, Byron Horvath and/or Stefanie Horvath</u> [~~on the plaintiff's~~ [*specify*

2

*type of claim*] claim], on any of their respective claims, you must determine ~~the plaintiff's~~ that party's damages.

The ~~plaintiff~~ party claiming damages has the burden of proving damages by the preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the ~~plaintiff~~ party claiming damages for any injury you find was caused by ~~the defendant~~ any or all of the parties on the other side.

You are instructed that the Court has already determined that Defendant/Counterclaimant Paula Haygarth was defamed *per se* by Plaintiffs, through false statements posted online and in social media, stating that Ms. Haygarth abandoned her child. The question for you, the jury, is to determine the amount of damages to award Ms. Haygarth that will reasonably and fairly compensate her for the damages she suffered.

In determining the measure of damages, ~~Y~~you should consider the following:

[*Insert types of damages. See Instruction 5.2 (Measures of Types of Damages)*]

[The nature and extent of the injuries;]

[The [~~disability~~] [~~disfigurement~~] [loss of enjoyment of life] experienced [and that with reasonable probability will be experienced in the future];]

[The [~~mental,~~] [~~physical,~~] [~~and~~] [~~emotional~~] pain and suffering experienced [and that with reasonable probability will be experienced in the future];]

[The reasonable value of necessary medical care, treatment, and services received to the present time;]

[The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;]

[The reasonable value of [wages], [earnings], [earning capacity], [salaries], [employment], [business opportunities], [employment opportunities], lost up to the present time;]

[The reasonable value of [wages], [earnings], [earning capacity], [salaries], [employment], [business opportunities], [employment opportunities], lost in the future;]

[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] required up to the present time;] and

[The reasonable value of necessary [household help] [services other than medical] [and] [expenses] that with reasonable probability will be required in the future.;]

[The reasonable value of necessary repairs to any property that was damaged;]

[The difference between the fair market value of any damaged property immediately before the occurrence and its fair market value immediately thereafter;] [and]

[The reasonable value of necessary repairs to any property that was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired.]

[The lesser of the following:

1. the reasonable costs of necessary repairs to any property that was damaged plus the difference between the fair market value of the property immediately before the occurrence and its fair market value after it is repaired; or
2. the difference between the fair market value of the property immediately before the occurrence and the fair market value of the unrepaired property immediately after the occurrence.]

[Such sum as will reasonably compensate for any loss of use of any damaged property during the time reasonably required for its [repair] [replacement].]

It is for you to determine what damages, if any, have been proved.

Your aware must be based upon evidence and not upon speculation guesswork or conjecture.

**Objections:** Plaintiffs object to the foregoing instruction as running afoul of LR51.1(b).   Under LR51.1(b), "[a]ll instructions should be concise, clear, understandable, and **contain neutral statements of law**."   (Emphasis added). LR 51.1(b) further provides that "**[a]rgumentative instructions are improper**, will not be given, and should not be submitted."   (Emphasis added).   The foregoing instruction includes a one-sided statement of the case as to Paula Haygarth and will confuse the jury as to the question of damages for Paula Haygarth with respect to other allegedly defamatory statements and mislead the jury as to the question of damages for all other parties.  It is therefore inappropriate for a jury instruction and should be rejected.

Plaintiffs submit that Plaintiffs' Proposed Instruction No. 32 sets out a simple, neutral, and non-argumentative instruction on damages for which this Court should adopt and read to the jury.

**B.      Defendants' Proposed Jury Instruction No. 39 – Damages - Proof**

Defendants' Proposed Jury Instruction No.  39 provides:

Because Defendants/Counterclaimants are private figures, if you find that any or all of them were defamed by Plaintiffs and that the defamatory statements (1) impute to the person the commission of a crime, (2) injure him/her in their office, profession, calling or trade, or (3) hold him/her up to scorn, ridicule, contempt or loathing or

otherwise impair him/her in the enjoyment of society, then such Defendants/Counterclaimants are also entitled to what is called "*per se* damages" and you are not required to hear evidence of a specific dollar amount of financial loss to award these damages.

Instead, you may award an amount that, in the exercise of your judgment and common sense, is fair and just compensation for the injury to such Defendant(s)/Counterclaimant(s)' reputation and humiliation and mental anguish caused by the Plaintiffs' statement(s).

**Objections:** Plaintiffs object to the foregoing instruction for failing to comply with LR51.1(b).   Under LR51.1(b), "[a]ll instructions should be concise, clear, understandable, and **contain neutral statements of law**."  (Emphasis added).  The foregoing instruction includes a one-sided statement of the law on damages as to Defendants.  Accordingly, the foregoing jury instruction should be rejected by this Court for failing to comply with LR51.1(b).

Should this Court wish to add a neutral instruction on defamation per se, the instruction should simply read as follows: "*Under Hawaii law, defamation per se includes statements that inpute to a person the commission of a crime and statements that have a tendency to injure him or her in his/her office, profession, calling or trade.  If a statement is defamatory per se, the party that has been defamed by the other party may be awarded damages in an amount that you deem fair and just without proving actual financial or economic harm*."  *See Isaac v. Daniels*, No. CV 16-00507 DKW-RLP, 2018 WL 1903606, at \*6 (D. Haw. Mar. 30, 2018) (discussing defamation per se).

C.    **Defendants' Proposed Jury Instruction No. 40 – Return of Verdict**

Defendants' Proposed Jury Instruction No. 40 provides:

A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your ~~[presiding juror]~~ [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the ~~[clerk]~~ ~~[bailiff]~~ that you are ready to return to the courtroom.

**Objections:** Plaintiffs respectfully object to the foregoing instruction and ask this Court to adopt their Proposed Jury Instruction Nos. 36 and 37 as they include clear details for the jury with respect to the verdict form and handling of same. Plaintiffs note that Plaintiffs' Proposed Jury Instruction Nos. 36 and 37 are substantially similar to jury instruction numbers 39 and 40 read in *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv- 00364-LEK-KJM.

D.    **Defendants' Proposed Jury Instruction No. 41 – Defamation Claims and Defenses**

Defendants' Proposed Jury Instruction No. 41 provides:

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiffs, Liane Wilson and Life Mastery Network, LLC assert that Defendants made false and defamatory statements about them, and that these statements caused them harm. The Plaintiffs have the burden of proving every element of their claims by a preponderance of the evidence. Because Plaintiff Wilson is a public figure, she must prove with "clear and convincing" proof that Defendants not <u>only</u> made the statements, but that each Defendant acted with actual malice.

7

The Defendants deny Plaintiffs' defamation claims and assert they did not make the anonymous statements. Defendants also assert as an affirmative defense that the statements are true or substantially true, which is an absolute defense to defamation. The Defendants have the burden of proof on this affirmative defense of truth.

The Plaintiffs deny the truth of the statements.

The Defendants, as Counterclaimants, assert that Plaintiffs made false and defamatory statements about them on social media and the Internet, and that these statements caused them harm. The Defendants, as Counterclaimants, have the burden of proving every element of their claims by a preponderance of the evidence.

The Plaintiffs deny Defendants/Counterclaimants' defamation claims.

**Objections:** Plaintiffs object to the foregoing instruction for failing to comply with LR 51.1(b).  Defendants' proposed instruction does not clearly address the law on clear and convincing evidence for public figures and the law on the preponderance of the evidence standard for private figures with respect to defamation claims.   Plaintiffs ask this Court to instead adopt their Proposed Jury Instruction Nos. 27 and 28.  Defendants' foregoing instruction also includes a one-sided and inaccurate summary of the parties' claims and defenses.   The Court will read a Statement of the Case to the jurors at the beginning of the trial.  Accordingly, even if Defendants' "summary" of the case were modified to include neutral statements of the facts and law, such a proposed instruction would be unnecessary.

8

E.    **Defendants' Proposed Jury Instruction No. 42 – Reputation for Truthfulness, Prior Conviction**

Defendants' Proposed Jury Instruction No. 42 provides:

The evidence that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose.

**Objections:** Plaintiffs object to the foregoing instruction as it is unnecessary—the parties have already submitted Joint Proposed Instruction No. 7 which addresses the credibility of witnesses and which has been identified in Judge Jill A. Otake General Jury instructions in Civil Cases and the Ninth Circuit Model Civil Jury Instructoin 1.14.

F.    **Defendants' Proposed Jury Instruction No. 43 – Impeachment Evidence - Witness**

Defendants' Proposed Jury Instruction No. 43 provides:

The evidence that a witness has previously lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give the testimony of the witness and for no other purpose.

**Objections:** Plaintiffs object to the foregoing instruction and this Court should instead adopt Plaintiffs' Proposed Jury Instruction No. 25 which includes a more robust instruction on discredited or impeached witnesses and was adopted by this Court as Jury Instruction No. 12 in *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM.

9

## G.    Defendants' Proposed Jury Instruction No. 44 – Negligence

Defendants' Proposed Jury Instruction No. 44 provides:

Negligence is doing something which a reasonable person would not do or failing to do something which a reasonable person would do. It is the failure to use that care which a reasonable person would use to avoid injury to himself, herself, or other people or damage to property.

In deciding whether a person was negligent, you must consider what was done or not done under the circumstances as shown by the evidence in this case.

**Objections:** Plaintiffs object to the foregoing instruction as it is unnecessary.

This Court already dismissed Plaintiffs' claims for negligent/intentional infliction of

emotional distress. *See* ECF No. 92.

## H.    Defendants' Proposed Jury Instruction No. 45 – Foreseeability

Defendants' Proposed Jury Instruction No. 45 provides:

In determining whether a person was negligent, it may help to ask whether a reasonable person in the same situation would have foreseen or anticipated that injury or damage could result from that person's action or inaction. If such a result would be foreseeable by a reasonable person and if the conduct reasonably could be avoided, then not to avoid it would be negligence.

Only the general nature of the harm need be foreseeable. A person need not have foreseen the precise nature of the resulting injury or the exact manner in which it occurred.

**Objections:** Plaintiffs also object to the foregoing instruction as it is

unnecessary.     This     Court     already     dismissed     Plaintiffs'     claims     for

negligent/intentional   infliction   of   emotional   distress.   *See* ECF   No.   92.

10

Accordingly, an instruction on the law of foreseeability as it relates to a claim of negligence should not be read by this Court to the jury.

I. **Defendants' Proposed Jury Instruction No. 46 – First Amended Complaint, Count I: Defamation**

Defendants' Proposed Jury Instruction No. 46 provides:

> Plaintiffs claim that each of the Defendants made false and defamatory statements about them. To prevail on a defamation claim against each Defendant, each Plaintiff must prove the following elements against each Defendant:

1. a false and defamatory statement by the Defendant concerning each of the Plaintiffs;
2. an unprivileged publication of the statement by the Defendant to a third party;
3. fault amounting to actual malice; and
4. either actionability of the statement irrespective or *per se*, or special harm or damages or the existence of special harm or damages caused by the publication.

> Each of the Plaintiffs must prove elements 1, 2 and 4 by a preponderance of the evidence against each Defendant, and must prove element 4, actual malice, against each Defendant by clear and convincing evidence.

**Objections:** Plaintiffs object to the foregoing instruction as it fails to comply with LR51.1(b). The instruction is not clear and understandable for a jury with respect to the burdens of proof for the Plaintiffs versus the Defendants. Plaintiffs ask this Court to instead adopt their Proposed Jury Instruction No. 27.

//

//

//

11

**J.      Defendants' Proposed Jury Instruction No. 47 – Actual Malice**

Defendants' Proposed Jury Instruction No. 47 provides:

Actual malice consists of deliberate falsification of facts or reckless disregard of the truth of the statement. An investigatory failure alone on the part of the Defendant, without a high degree of awareness of probable falsity, does not amount to actual malice. For example, actual malice would exist from reckless publication by a Defendant despite a high degree of awareness harbored by the the Defendant of the probable falsity of the published statements.

Actual malice must be proven by clear and convincing evidence and must be proven separately by each Plaintiff against each Defendant.

**Objections:** Plaintiffs object to the foregoing instruction for failing to comply with LR51.1(b) as it is contains one sided statements of the law. The instruction should also inform the jury that knowledge of falsity or reckless disregard for the truth may be demonstrated by the plaintiff by inference and circumstance evidence. The jury should also be instructed that the defendant cannot ensure a favorable verdict merely by testifying that he or she made statements under the subjective belief that the statements were true. Plaintiffs ask this Court to instead adopt Plaintiffs' Proposed Jury Instruction No. 28.

**K.      Defendants' Proposed Jury Instruction No. 48 – Defamation – Claimant Must Show the Defendant Was the Publisher of the Defamatory Statements**

Defendants' Proposed Jury Instruction No. 48 provides:

If you do not find that a Defendant was responsible for publishing a particular statement, Plaintiffs cannot prevail on a defamation claim as to that statement.

**Objections:** Plaintiffs object to the foregoing instruction as it is unnecessary and duplicative—the parties have already submitted proposed jury instructions as to the claim for defamation.

L.     **Defendants' Proposed Jury Instruction No. 49 – Victim Impact Statements Submitted by Defendants/Counterclaimants in the Criminal Proceeding**

Defendants' Proposed Jury Instruction No.  49 provides:

> You have heard evidence that each of the Defendants/Counterclaimants submitted victim impact statements or letters in the criminal proceeding *United States v. Liane Wilson*, Case 1:19-cr-00105-SOM. The Court has already determined that none of these statements or letters can form the basis of a defamation claim because they were material and pertinent to judicial proceedings and protected by the litigation privilege.

**Objections:** Plaintiffs object to the foregoing instruction as it misstates this Court's ruling on Defendants' letters submitted in *United States v. Liane Wilson*, Case 1:19-cr-00105-SOM.  This Court ruled that an absolute litigation privilege applies to the afore-mentioned court letters.  *See* ECF No. 92 at PageID.1843.  The foregoing instruction also fails to inform the jury that they are to determine if the Defendants' letters are relevant to the issue of whether Defendants were part of a conspiracy to defame Plaintiffs and as circumstantial proof of the identity of the anonymous posters.

M.     **Defendants' Proposed Jury Instruction No. 50 – First Amended Counterclaim, Count I: Defamation**

Defendants' Proposed Jury Instruction No.  50 provides:

Defendants/Counterclaimants claim that each of the Plaintiffs made false and defamatory statements about them. To prevail on a defamation claim, each Defendant must prove, by a preponderance of the evidence against each Plaintiff:

1. a false and defamatory statement by each Plaintiff concerning the Defendant/Counterclaimant;
2. an unprivileged publication of the statement by each Plaintiff to a third party;
3. fault amounting to negligence on the part of each Plaintiff; and
4. either actionability of the statement irrespective or *per se*, or special harm or damages or the existence of special harm or damages caused by the publication.

**Objections:** Plaintiffs object to the foregoing instruction as it is unnecessary as the parties' claims of defamation can be addressed in one instruction.  Plaintiffs ask this Court to adopt Plaintiffs' Proposed Jury Instruction No. 27 which accounts for both Plaintiffs' and Defendants' claims of defamation.  *See* ECF. No. 138.

### N.    **Defendants' Proposed Jury Instruction No. 51 – Defamatory Meaning**

Defendants' Proposed Jury Instruction No.  51 provides:

The threshold issue in defamation cases is whether, as a matter of law, the statements at issue are reasonably susceptible of a defamatory meaning. A communication is defamatory when it tends to harm the reputation of another as to lower him or her in the estimation of the community or deter third persons from associating or dealing with him or her.

Whether a communication is defamatory depends, among other facts, upon the temper of the times, the current of contemporary public opinion, with the result that words, harmless in one age, in one community, may be highly damaging to reputation at another time or in a different place.

14

Whether statements are false and defamatory depends on: (1) whether the general tenor of the entire work negates the impression that the defendant was asserting an objective fact; (2) whether the defendant used figurative or hyperbolic language that negates that impression; and (3) whether the statement in question is susceptible of being proved true or false.

**Objections:** Plaintiffs object to the foregoing instruction as they prefer the instruction on defamatory statements read in *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM as instruction number 17. Plaintiffs, therefore, ask this Court to adopt Plaintiffs' Proposed Jury Instruction No. 29 which is substantially similar to the instruction read in *Gallagher* but modified to account for genders/pronouns. *See* ECF. No. 138 at PageID. 2842.

//

**O.    Defendants' Proposed Jury Instruction No. 53 – Defamation – Publication to Third Parties**

Defendants' Proposed Jury Instruction No. 53 provides:

"Publication" for a defamation claim means a communication to some third party other than the person allegedly defamed.

**Objections:** Plaintiffs object to the foregoing instruction as it is identical to Joint Proposed Instruction No. 15. *See* ECF. No. 139 at PageID. 2872.

**P.    Defendants' Proposed Jury Instruction No. 54 – First Amended Complaint, Count II: First Amended Complaint, Count II: False Light/Invasion of Privacy**

Defendants' Proposed Jury Instruction No. 54 provides:

15

The parties state claims against each other for false light/invasion of privacy. To establish this claim, a party must prove all of the following:

1. that the responsible party publicized private information concerning the claimant;
2. that a reasonable person in the claimant's position would consider the publicity highly offensive;
3. that the responsible party knew, or acted with reckless disregard of the fact, that a reasonable person in the claimant's position would consider the publicity highly offensive;
4. that the private information was not of legitimate public concern;
5. that the claimant was harmed; and
6. that the responsible party's conduct was a substantial factor in causing the claimant's harm.

In deciding whether the information was a matter of legitimate public concern, you should consider, among other factors, the following:

1. the social value of the information;
2. the extent of the intrusion into the claimant's privacy; and
3. whether the claimant consented to the publicity explicitly or by voluntarily seeking public attention or a public office.

In deciding whether a responsible party publicized the information, you should determine whether it was made public either by communicating it to the public at large or to so many people that the information was substantially certain to become public knowledge.

**Objections:** Plaintiffs object to the foregoing instruction as they prefer the clear and concise instruction on false light claims adopted in *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM as instruction number 20. Plaintiffs, therefore, ask this Court to adopt Plaintiffs' Proposed Jury Instruction No. 30. *See* ECF. No. 138 at PageID. 2843. Plaintiffs'

Proposed Jury Instruction No. 30 is clearer and more understandable.

**Q.    Defendants' Proposed Jury Instruction No. 55 – First Amended Complaint, Count II: First Amended Complaint, Count II: False Light/Invasion of Privacy**

Defendants' Proposed Jury Instruction No. 55 provides:

> A person is subject to liability for invasion of privacy if he or she intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another's private affairs or concerns, and if the intrusion would be highly offensive to a reasonable person.

**Objections:** Plaintiffs also object to the foregoing instruction as they prefer the clear instruction on false light claims adopted in *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM as instruction number 20. Plaintiffs, therefore, ask this Court to adopt Plaintiffs' Proposed Jury Instruction No. 30. *See* ECF. No. 138 at PageID. 2843. Plaintiffs' Proposed Jury Instruction No. 30 addresses Defendants' Proposed Jury Instruction No. 55 and also instructs the jury on the elements to prove a claim for false light.

**R.    Defendants' Proposed Jury Instruction No. 56 – First Amended Complaint, Count II: First Amended Complaint, Count II: False Light/Invasion of Privacy**

Defendants' Proposed Jury Instruction No. 56 provides:

> One of the ways the parties claim that the responsible party violated their right to privacy was by putting the claiming party in a false light.

> Invading a party's privacy by putting them in a false light differs from defamation in that it is enough that the claiming party is given unreasonable and highly objectionable publicity that attributes

to him or her characteristics, conduct, or beliefs that are false, and so is placed before the public in a false position.

One who gives publicity to a matter concerning a claiming party that places the claiming party before the public in a false light is subject to liability to the claiming party for invasion of his or her privacy, if:

1. the false light in which the claiming party was placed would be highly offensive to a reasonable person, and
2. the responsible party had knowledge of or acted in a reckless disregard as to the falsity of the publicized matter and the false light in which the claiming party would be placed.

**Objections:** Plaintiffs also object to the foregoing instruction as it is unnecessary and excessive. No such instruction was adopted in *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM. Plaintiffs' Proposed Jury Instruction No. 30 addresses the elements to prove a claim for false light in a clear and concise manner and should instead be adopted by this Court.

### S.  **Defendants' Proposed Jury Instruction No. 57 – First Amended Complaint, Count III: Intentional Infliction of Emotional Distress**

Defendants' Proposed Jury Instruction No. 57 provides:

To prevail on a claim of intentional infliction of emotional distress against each of the Defendants, Plaintiff Liane Wilson must prove:

1. that the act allegedly causing the harm was intentional or reckless;
2. that the act was outrageous; and
3. that the act caused;
4. extreme emotional distress to another.

An act is "outrageous" if it is made without just cause or excuse and beyond all bounds of decency. Extreme emotional distress

constitutes, among other things, mental suffering, mental anguish, nervous shock, and other highly unpleasant mental reactions.

**Objections:** Plaintiffs object to the foregoing instruction on the grounds that it is unnecessary.  As noted above, this Court already dismissed Plaintiffs' claims for negligent/intentional infliction of emotional distress.  *See* ECF No. 92.

### T.    **Defendants' Proposed Jury Instruction No. 58 – Emotional Distress Defined**

Defendants' Proposed Jury Instruction No.  58 provides:

Emotional distress includes mental worry, anxiety, anguish, suffering, and grief, where they are shown to exist.

**Objections:** This Court already dismissed Plaintiffs' claims for negligent/intentional infliction of emotional distress.  *See* ECF No. 92.

//

### U.    **Defendants' Proposed Jury Instruction No. 59 – First Amended Complaint, Count IV: Conspiracy**

Defendants' Proposed Jury Instruction No.  59 provides:

Conspiracy is a combination of two or more persons or entities that work together to accomplish a criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means.

There can be no claim based upon a conspiracy alone, so each Plaintiff must prove an underlying actionable claim against each Defendant.

To prove a claim for civil conspiracy against each Defendant, each Plaintiff must prove:

1. The formation of a conspiracy each Defendant with one or more other Defendants and/or with third persons;
2. Wrongful conduct by the Defendant in furtherance of the conspiracy; and
3. Damage caused to each Plaintiff by the conspiracy.

**Objections:** Plaintiffs object to the Defendants' foregoing instruction on the grounds that it fails to comply with LR51.1(b).  The foregoing instruction is not clear and concise for the jury and fails to address the burden of proof required for the Plaintiffs.   *See* LR51.1(b).  Accordingly, Plaintiffs ask this Court to instead adopt their Proposed Jury Instruction No. 31.

### V.      **Defendants' Proposed Jury Instruction No. 60 – Derivative Claims**

Defendants' Proposed Jury Instruction No.  60 provides:

> If Plaintiffs are unable to prove the elements of their claim for defamation, all claims that are derivative of their claim for defamation must fail.

> In other words, Plaintiffs cannot maintain a separate cause of action for intentional infliction of emotional distress and conspiracy arising out of defamation. If Plaintiffs fail to meet their burden in proving defamation, then these claims also fail.

**Objections:** Plaintiffs object to the Defendants' foregoing instruction because it is unnecessary and this Court already dismissed Plaintiffs' claims for negligent/intentional infliction of emotional distress.  *See* ECF No. 92; LR51.1(b).  The instruction also fails to contain neutral statements of the law and fails to account for the fact that Plaintiffs also bring a false light claim against the Defendants.

### W.      **Defendants' Proposed Jury Instruction No. 61 – Punitive Damages**

Defendants' Proposed Jury Instruction No. 61 provides:

If you award <u>Plaintiff(s) or Defendants/Counterclaimants</u> any damages, then you may consider whether you should also award punitive damages. The purposes of punitive damages are to punish the wrongdoer and to serve as an example or warning to the wrongdoer and others not to engage in such conduct.

You may award punitive damages against a particular <u>party</u> ~~defendant~~ only if ~~plaintiff(s) have~~ <u>that party has</u> proved by clear and convincing evidence that the ~~particular defendant~~ <u>each responsible party</u> acted intentionally, willfully, wantonly, oppressively or with gross negligence. Punitive damages may not be awarded for mere inadvertence, mistake or errors of judgment.

The proper measure of punitive damages is (1) the degree of intentional, willful, wanton, oppressive, malicious or grossly negligent conduct that formed the basis for your prior award of damages against that ~~defendant~~ <u>the responsible</u> <u>party</u> and (2) the amount of money required to punish that <u>responsible</u> ~~defendant~~ <u>party</u> considering his/her/its financial condition. In determining the degree of a particular ~~defendant's~~ <u>responsible</u> <u>party's</u> conduct, you must analyze that ~~defendant's~~ <u>responsible party's</u> state of mind at the time he/she/it committed the conduct which formed the basis for your prior award of damages against that ~~defendant~~ <u>responsible</u> <u>party</u>. Any punitive damages you award must be reasonable.

An act is "willful" when it is premeditated, unlawful, without legal justification, or done with an evil intent, with a bad motive or purpose, or with indifference to its natural consequences.

An act is "w<u>a</u>~~o~~nton" when it is reckless, heedless, or characterized by extreme foolhardiness, or callous disregard of, or callous indifference to, the rights or safety of others.

An act is "oppressive" when it is done with unnecessary harshness or severity.

An act is "malicious" when it is prompted or accompanied by ill will or spite.

21

Gross negligence is conduct that is more extreme than ordinary negligence. It is an aggravated or magnified failure to use that care which a reasonable person would use to avoid injury to himself, herself, or other people or damage to property. But gross negligence is something less than willful or wanton conduct.

**Objections:** Plaintiffs object to the foregoing instruction to the extent that an instruction on punitive damages is premature and therefore inappropriate at this stage.  As noted in Defendants' Proposed Instruction No. 61 as to punitive damages, the jury must first award damages to the party to consider an award for punitive damages.  ECF No. 143 at PageID. 3379.  This Court, therefore, should reserve a ruling on instructions for punitive damages until after the evidence is presented at trial. *See Silva v. Chung*, No. CV 15-00436 HG-KJM, 2019 WL 2195203, at *4 (D. Haw. May 21, 2019) (reserving ruling on whether an instruction on punitive damages is necessary until after the evidence is presented at trial); *Sung v. Hamilton*, 710 F.Supp.2d 1036, 1056 (D. Haw. 2010) (noting it is premature for the court to rule as to the availability of punitive damages with remaining causes of action for conversion and conspiracy).

## X.   Defendants' Proposed Jury Instruction No. 62 – Mitigation of Damages

Defendants' Proposed Jury Instruction No.  62 provides:

Any plaintiff or defendant claiming damages resulting from the wrongful act of ~~a defendant~~ the other party has a duty under the law to use reasonable diligence under the circumstances to mitigate or minimize those damages.

22

If you find any plaintiff(s) or defendant(s) suffered damages, ~~plaintiff(s) they~~ the party claiming damages may not recover for any damages which ~~he/she/it/they~~ the party could have avoided through reasonable effort. If you find that ~~plaintiff(s)~~ the party claiming damages unreasonably failed to mitigate or lessen ~~his/her/it/their~~ the party's damages, you should not award those damages which ~~he/she/it/they~~ the party could have avoided.

You are the sole judge of whether ~~the plaintiff(s)~~ the party or parties claiming damages acted reasonably in mitigating ~~his/her/its/their~~ that party's damages. ~~Plaintiff(s)~~ A party claiming damages may not sit idly by when presented with a reasonable opportunity to reduce the party's damages. However ~~plaintiff(s) are~~ a party claiming damages is not required to exercise unreasonable efforts to incur unreasonable expenses in mitigating ~~his/her/its/their~~ the party's damages. ~~Defendant(s)~~ The defending party has~~have~~ the burden of proving the damages which ~~plaintiff(s)~~ the party claiming damages could have mitigated.

You must consider all of the evidence in light of the particular circumstances of the case in deciding whether ~~defendant(s)~~ the defending party has satisfied his/her/its/their burden of proving that ~~plaintiff's(s')~~ the claiming party's conduct in mitigating damages was not reasonable.

**Objections:** Plaintiffs respectfully object to the Defendants' foregoing instruction as they prefer the instruction on mitigation of damages read in *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM as instruction number 35.  Plaintiffs, therefore, ask this Court to adopt Plaintiffs' Proposed Jury Instruction No. 34 which is a nearly identical version of the instruction read in *Gallagher*.  *See* ECF. No. 138 at PageID. 2843.

//

//

23

DATED:  Honolulu, Hawaii, July 27, 2026.

CADES SCHUTTE
A Limited Liability Law Partnership


*/s/ Jeffrey S. Portnoy*
JEFFREY S. PORTNOY, ESQ.
TROY C. YOUNG, ESQ.

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a
Nevada limited liability company dba
LIANA SHANTI ENTERPRISES and
LIANE WILSON, also known in the
community as LIANA SHANTI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>        Plaintiffs,<br><br>  v.<br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10,<br><br>        Defendants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

The undersign hereby certifies that true and correct copies of the foregoing document were duly served on the following counsel for the parties by electronic means:

LOUISE K.Y. ING                    louise.ing@dentons.com
LAURA P. MORITZ                  laura.moritz@dentons.com
Dentons US LLP
1001 Bishop Street, Ste. 1800
Honolulu, HI  96813

Attorneys for Defendants
PAULA HAYGARTH,
BYRON HORVATH, and
STEFANIE HORVATH

DATED:  Honolulu, Hawaii, July 27, 2026.

CADES SCHUTTE
A Limited Liability Law Partnership


/s/ Jeffrey S. Portnoy
JEFFREY S. PORTNOY, ESQ.
TROY C. YOUNG, ESQ.

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a
Nevada limited liability company dba
LIANA SHANTI ENTERPRISES and
LIANE WILSON, also known in the
community as LIANA SHANTI

2