CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY         1211
TROY C. YOUNG              11317
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone: (808) 521-9200
Fax: (808) 521-9210
Email:  jportnoy@cades.com
Email:  tcyoung@cades.com

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a Nevada
limited liability company dba LIANA
SHANTI ENTERPRISES and LIANE
WILSON, also known in the community as
LIANA SHANTI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>          Plaintiffs,<br>    v.<br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10,<br><br>          Defendants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' EMERGENCY MOTION FOR ORDER RELATING TO WITNESS INTIMIDATION; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF LIANE WILSON; DECLARATION OF ARIA AULANI; DECLARATION OF AARALYN SHIRI; DECLARATION OF CAHIRA NOELANI; DECLARATION OF JONI ABBOTT; DECLARATION** |

OF JOSHUA GUZMAN;
DECLARATION OF MALANA
HOKULANI; DECLARATION OF
NAIA HAULANI;
SUPPELEMENTAL
DECLARATION OF CAHIRA
NOELANI; DECLARATION OF
COUNSEL; EXHIBITS "1"-"7";
AND CERTIFICATE OF
SERVICE

Judge:    Hon. Jill A. Otake
Magistrate Judge: Hon. Rom Trader
Trial:    August 3, 2026

### PLAINTIFFS/COUNTERCLAIM DEFENDANTS' EMERGENCY MOTION FOR ORDER RELATING TO WITNESS INTIMIDATION

Plaintiffs/Counterclaim Defendants LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI ("**Ms. Shanti**") (collectively, "**Plaintiffs**"), by and through their counsel, Cades Schutte LLP, hereby move for an order relating to witness intimidation pursuant to Local Rules 7.1 and 7.8, 18 U.S.C. §§ 401 and 1512(d)(1), and the inherent powers of this Court. This emergency motion is supported by the Memorandum in Support of Motion, the declaration and exhibits attached hereto, and the record and files herein.

This Court has the power to punish "misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice." 18 U.S.C.A. § 401(1) (West). It is a crime to harass witnesses and hinder, delay, or dissuade any person

2

from attending or testifying in an official proceeding.  18 U.S.C.A. § 1512(d)(1) (West).  "Federal courts have inherent powers to manage their own proceedings and to control the conduct of those who appear before them." *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996).  "The court may bar from the courtroom a … defendant who disrupts a trial." *Chambers*, 501 U.S. at 44.  A court may also dismiss a case.  *See Rusos v. Primo Pizza, Inc.*, No. 11-24414-CIV, 2013 WL 12383446, at *1 (S.D. Fla. Mar. 22, 2013); *Gonzalez Tomasini v. Steiner*, 166 F.4th 184, 197 (1st Cir. 2026).  Or even declare a mistrial.  *See United States v. Thrush*, 772 F.Supp.3d 822, 835 n.8 (E.D. Mich. 2024) ("Many cases discussing government witness intimidation suggest that when a claim of intimidation is successful, the proper remedy is a mistrial (if the trial already occurred[.])").

Plaintiffs seek an order relating to witness intimidation of Plaintiffs' three critical witnesses in this case—Cahira Noelani, Joni Abbottt, and Aaralyn Shiri.  On Friday, August 7, 2026, an individual identified as Paul Thompson, the individual previously identified as a public observer in the courtroom, *see* August 5, 2026 Trial Transcript at Page 3-8: Lines 20-24,  was observed by several students of Ms. Shanti, including several of Plaintiffs' trial witnesses (i.e., Joni Abbott, Aaralyn Shiri, and Cahira Noelani), waiting behind a pillar across this federal courthouse with a telephoto-lens camera directed at them.  Mr. Thompson was reportedly taking photographs of the group and ran towards them.  Mr. Thompson was asked to stay

3

away multiple times.  But Mr. Thompson continued to approach the group, recorded them, and made various threatening statements towards the group.

A significant portion of the incident was captured via video recordings. Written statements were submitted to the State of Hawaii Department of Law Enforcement.  Plaintiffs' trial witnesses who were targeted by Mr. Thompson on August 7, 2026, refuse to testify at trial due to fear of retaliation and for their safety. The loss of these three witnesses will severely prejudice Plaintiffs' case, particularly their defense of Defendants' Counterclaims.   Unfortunately, a mistrial may be the only outcome available for a fair trial.  Plaintiffs respectfully ask this Court to take prompt action to address the issue of witness intimidation.

DATED:  Honolulu, Hawaii, August 10, 2026.

CADES SCHUTTE
A Limited Liability Law Partnership


*/s/ Jeffrey S. Portnoy*
JEFFREY S. PORTNOY, ESQ.
TROY C. YOUNG, ESQ.

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a
Nevada limited liability company dba
LIANA SHANTI ENTERPRISES and
LIANE WILSON, also known in the
community as LIANA SHANTI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>            Plaintiffs,<br>   v.<br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10,<br><br>           Defendants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**MEMORANDUM IN SUPPORT OF MOTION**<br><br>Judge:    Hon. Jill A. Otake<br>Magistrate Judge: Hon. Rom Trader<br>Trial:     August 3, 2026 |

## MEMORANDUM IN SUPPORT OF MOTION

### I. Introduction

Plaintiffs/Counterclaim Defendants LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI ("**Ms. Shanti**") (collectively, "**Plaintiffs**"), by and through their counsel, Cades Schutte LLP, hereby move for an order relating to witness intimidation for the purpose of safeguarding the trial witnesses identified in this action pursuant to Local Rules 7.1 and 7.8, 18 U.S.C. §§ 401 and 1512(d)(1), and the inherent powers of this Court.

This emergency motion is supported by the Memorandum in Support of Motion, the declarations and exhibits attached hereto, and the record and files herein.

## II. RELEVANT FACTS

On Friday, August 7, 2026, an individual identified as Paul Thompson, the individual previously identified as a public observer in the courtroom, *see* August 5, 2026 Trial Transcript at Page 3-8: Lines 20-24, was observed by several students of Ms. Shanti, including several of Plaintiffs' trial witnesses (i.e., Joni Abbott, Aaralyn Shiri, and Cahira Noelani), waiting behind a pillar across this federal courthouse with a telephoto-lens camera directed at them. *See, e.g.*, Declaration of Joshua Guzman at ¶4.

Mr. Thompson reportedly took photographs of the group and ran towards them. *Id.* at ¶5; Declaration of Aria Aulani at ¶5; Declaration of Cahira Noelani at ¶9. Declaration of Joni Abbott at ¶10. Witnesses asked Mr. Thompson to stay away, but he continued to approach the group, recorded them, and was observed stating, among other things: "You don't like cameras – now – you're not going to like it next week." *See* Declaration of Aria Aulani at ¶6. After several minutes, Mr. Thompson walked away. Declaration of Aaralyn Shiri at ¶6.

A significant portion of the incident was captured via video recordings and will be submitted to this Court via flash drive. Declaration of Counsel at ¶¶2-3.Written statements were submitted to the State of Hawaii Department of Law

Enforcement.  Plaintiffs' trial witnesses refuse to testify at trial out of fear of retaliation and for their safety.  Declaration of Liane Wilson at ¶17.

## II. Argument

"Federal courts have inherent powers to manage their own proceedings and to control the conduct of those who appear before them." *Erickson v. Newmar Corp.*, 87 F.3d 298, 303 (9th Cir. 1996).  That authority extends to sanctioning bad-faith conduct that abuses the judicial process, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991), and to protective measures necessary to preserve the integrity of a trial in progress.  *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-65 (1980).

"The court may bar from the courtroom a … defendant who disrupts a trial." *Chambers*, 501 U.S. at 44.  A court may also dismiss a case.  *See Rusos v. Primo Pizza, Inc.*, No. 11-24414-CIV, 2013 WL 12383446, at *1 (S.D. Fla. Mar. 22, 2013); *Gonzalez Tomasini v. Steiner*, 166 F.4th 184, 197 (1st Cir. 2026).  Or even declare a mistrial.  *See United States v. Thrush*, 772 F.Supp.3d 822, 835 n.8 (E.D. Mich. 2024) ("Many cases discussing government witness intimidation suggest that when a claim of intimidation is successful, the proper remedy is a mistrial (if the trial already occurred[.])").

This is an extraordinary and unfortunate situation in which a mistrial may be an available outcome.  Plaintiffs' impeachment witnesses (Joni Abbott and Aarilyn Shiri) and a rebuttal witness (Cahira Noelani) refuse to testify at trial as a result of

3

Mr. Thompson's conduct.  The loss of these three witnesses will severely prejudice Plaintiffs' case, particularly the defense of Defendants' Counterclaims.   Plaintiffs respectfully ask this Court to grant their Motion and award a remedy that this Court deems just and proper.

### III. CONCLUSION

Based on the foregoing, Plaintiffs respectfully as this Court to grant their Motion.

DATED:  Honolulu, Hawaii, August 9, 2026.

CADES SCHUTTE
A Limited Liability Law Partnership


*/s/ Jeffrey S. Portnoy*
JEFFREY S. PORTNOY, ESQ.
TROY C. YOUNG, ESQ.

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a
Nevada limited liability company dba
LIANA SHANTI ENTERPRISES and
LIANE WILSON, also known in the
community as LIANA SHANTI

4