LOUISE K.Y. ING      2394
LAURA P. MORITZ      7860
JOSEPH B. ADAMS      11434

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI 96813
Telephone:  808 524 1800
Facsimile:  808 524 4591
Email:      louise.ing@dentons.com
            laura.moritz@dentons.com
            Joseph.adams@dentons.com

Attorneys for Defendants/Counterclaimants
PAULA HAYGARTH, BYRON HORVATH, and
STEFANIE HORVATH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10, <br><br> Defendants/ Counterclaimants. | CIVIL NO. 1:25-cv-00297-JAO-RT <br><br> **DEFENDANTS/ COUNTERCLAIMANTS' BRIEF ON PROPOSED INSTRUCTION 16, DEFAMATORY DEFINED; EXHIBIT A** <br><br><br><br> Trial:  August 3, 2026 <br> Judge: Hon. Jill A. Otake |

15813736\000001\138386657

## DEFENDANTS/COUNTERCLAIMANTS' BRIEF ON
## PROPOSED INSTRUCTION 16, DEFAMATORY DEFINED

Pursuant to the Court's instructions during the jury instruction conference in this matter on August 7, 2026, Defendants/Counterclaimants Paula Haygarth, Byron Horvath, and Stefanie Horvath ("**Defendants**"), submit their briefing addressing the definition of "defamatory" in Proposed Instruction 16.

Counsel for both sides were tasked with proposing a joint instruction with more straightforward language. After meeting and conferring via email and teleconference, counsel were able to agree on Plaintiffs' revisions to the first two paragraphs of Proposed Instruction 16. *See* Ex. A, attached.

However, counsel were unable to agree on whether the existing third paragraph should be retained. Defendants believe that the paragraph would be helpful to the jury in providing them with guidance on criteria to consider in determining whether a communication is defamatory. Accordingly, their attached proposed revision to Proposed Instruction No. 16, which adopts Plaintiffs' revisions to the first two paragraphs and retains the third, is attached as Exhibit A.

Plaintiffs take a contrary position. Although they were the ones to propose the instruction, including paragraph initially in Plaintiffs' Proposed Instruction No. 29 (which was adopted almost verbatim from a jury instruction in *Gallagher v.*

15813736\000001\138386657

*Maternitywise International, LLC, et al[1]),* Plaintiffs now propose to delete the last paragraph on the grounds the determination is a question of law, and therefore, an instruction is not necessary.  They rely on  the case of *Beamer v. Nishiki, 66 Haw. 572, 580, 670 P.2d 1264, 1272 (1983),* which cites only the criteria contained in the first two paragraphs of Plaintiffs' Proposed Instruction No. 29. However, the Hawai`i Supreme Court concluded in the *Beamer* case that whether statements were defamatory was a material issue of fact for the jury to decide.  Assuming this Court does not decide as a matter of law at the close of evidence whether statements are issue are defamatory, all three paragraphs, subject to Plaintiffs' revisions to paragraphs 1-2, would serve as helpful guideposts to the jury.

Defendants therefore urge the Court to adopt the revised Instruction No. 16 in Exhibit A.

DATED:  Honolulu, Hawai'i, August 10, 2026.

/S/ *LOUISE K.Y. ING*

LOUISE K.Y. ING
LAURA P. MORITZ
JOSEPH B. ADAMS

Attorneys for Defendants/Counterclaimants
PAULA HAYGARTH, BYRON
HORVATH, and STEFANIE HORVATH

---

[1]    The instruction in question in the *Gallagher* case can be found at Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 17; [ECF 369] PageID. 7693 (modified)

2