# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10, <br><br> Defendants/ Counterclaimants. | CIVIL NO. 1:25-cv-00297-JAO-RT <br><br> **THE COURT'S PROPOSED JURY INSTRUCTIONS (VERSION 2)** <br><br><br><br> Trial:  August 3, 2026 <br> Judge: Hon. Jill A. Otake |

The following are the Court's edits to the Court's Proposed Jury Instructions (Version1), for discussion at the Jury Instruction Conference scheduled for 8/11/2026 after trial.

Dated:  August 11, 2026, Honolulu, Hawai'i



_____

Jill A. Otake
United States District Judge

**PROPOSED INSTRUCTION NO. 1**
**Duty of Jury**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community. You will recall that you took an oath promising to do so at the beginning of the case.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

**Authority**: Judge Jill A. Otake General Jury Instructions in Civil Cases; Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit, Instruction (2025 Ed., updated March 2026) ("**9th Cir. Model**"), 9th Cir. Model Civil Jury Instruction 1.4.

## PROPOSED INSTRUCTION NO. 2
### Taking Notes During Trial

Some of you took notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes, or those of other jurors.

**Authority:** Judge Jill A. Otake General Jury Instructions in Civil Cases; 9th Cir. Model Civil Jury Instruction 1.18

## PROPOSED INSTRUCTION NO. 3
### What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits that are admitted into evidence;

3.     any facts to which the lawyers have agreed; and

4.     any facts that I have instructed you to accept as proved.

**Authority:**  Judge Jill A. Otake General Jury Instructions in Civil Cases; 9th Cir. Model Civil Jury Instruction 1.9

3

## PROPOSED INSTRUCTION NO. 4
### What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)　Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)　Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)　Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4)　Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority:** Judge Jill A. Otake General Jury Instructions in Civil Cases; 9th Cir. Model Civil Jury Instruction 1.10

## PROPOSED INSTRUCTION NO. 5
### Ruling on Objections

Rules of evidence control what can be received into evidence. During the course of trial, when a lawyer asked a question or offered an exhibit into evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question was answered or the exhibit received. If I sustained the objection, the question was not answered and the exhibit was not received.

Whenever I sustained an objection to a question, you must not speculate as to what the answer might have been or as to the reason for the objection. You must not consider for any purpose any offer of evidence that was rejected, or any evidence that was stricken from the record; such matter is to be treated as though you had never known of it.

**Authority:** Judge Jill A. Otake General Jury Instructions in Civil Cases; 9th Cir. Model Civil Jury Instruction 1.13

## PROPOSED INSTRUCTION NO. 6
### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**Authority:** Judge Jill A. Otake General Jury Instructions in Civil Cases; 9th Cir. Model Civil Jury Instruction 1.12  (with an added paragraph from Model Comment)

## PROPOSED INSTRUCTION NO. 7
### Credibility Of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

7

**Authority:** Judge Jill A. Otake General Jury Instructions in Civil Cases; 9th Cir. Model Civil Jury Instruction 1.14

## PROPOSED INSTRUCTION NO. 8
### Burden of Proof – Preponderance of the Evidence

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Authority:** Judge Jill A. Otake General Jury Instructions in Civil Cases;  9th Cir. Model Civil Jury Instruction 1.6

## PROPOSED INSTRUCTION NO. 9
### Burden of Proof – Clear and Convincing Evidence

When a party has the burden of proving any claim by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

**Authority**:  9th Cir. Model Jury Instruction No. 1.7; *Gertz v. Robert Welch*, 418 U.S. 323, 345 (1974).

## PROPOSED INSTRUCTION NO. 10
### Two or More Parties – Different Legal Rights

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

**Authority:** Judge Jill A. Otake General Jury Instructions in Civil Cases; 9th Cir Model Civil Jury Instruction 1.8

11

**PROPOSED INSTRUCTION NO. 11**
**Reading Depositions**

Certain testimony has been read into evidence from depositions. A deposition is testimony taken under oath before the trial and preserved in writing. You are to consider that testimony the same as if it had been give in court.

**Authority/Source**: *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 12 [ECF 369]; PageID. 7682.

## PROPOSED INSTRUCTION NO. 14
### Claims and Counterclaims

Plaintiffs/Counterclaim-Defendants, Liane Wilson and Life Mastery Network LLC ("Life Mastery") assert the following claims against Defendants/Counterclaimants, Paula Haygarth, Byron Horvath, and Stefanie Vogt-Horvath:

Count I – Defamation

Count II – False Light

Count III – Intentional Infliction of Emotional Distress

Count IV – Civil Conspiracy


Liane Wilson and Life Mastery have the burden of proving these claims. Paula Haygarth, Byron Horvath, and Stefanie Vogt-Horvath deny these claims.

Defendants/Counterclaimants, Paula Haygarth, Byron Horvath, and Stefanie Vogt-Horvath assert the following counterclaims against Plaintiffs/Counterclaim-Defendants, Liane Wilson and Life Mastery:

Count I – Defamation

Count II – False Light – Invasion of Privacy

Paula Haygarth, Byron Horvath, and Stefanie Vogt-Horvath have the burden of proving these counterclaims. Liane Wilson and Life Mastery deny these counterclaims.

14

**Authority:  Court's Preliminary Instructions**

## PROPOSED INSTRUCTION NO. 15
### Defamation (Plaintiffs' Count I)

Plaintiffs claim that each of the Defendants made false and defamatory statements about them. To prevail on a defamation claim against a Defendant, a Plaintiff must prove the following elements against that Defendant:

1. a false and defamatory statement by the Defendant concerning that Plaintiff;

2. an unprivileged publication of the statement by the Defendant to a third party;

3. fault amounting to actual malice; and

4. damages – meaning either the existence of special damages caused by the publication *or* the existence of defamation per se, which presumes damages and thus, does not require a showing of special damages. There are also instructions defining defamation per se and special damages.

Each of the Plaintiffs must prove elements 1, 2 and 4 by a preponderance of the evidence against each Defendant, and must prove element 3, actual malice, against each Defendant by clear and convincing evidence.

**Note:  Defendants' Proposed Instruction No. 46**
**Authority:** *Gold v. Harrison*, 88 Hawai'i 94, 100, 962 P.2d 353, 359 (1998);
*Rodriguez v. Nishiki*, 65 Haw. 430, 437, 441, 653 P.2d 1145, 1150, 1152 (1982)

## PROPOSED INSTRUCTION NO. 16
### Defamatory Defined

A communication is defamatory when it tends to harm the reputation of another as to lower him or her in the estimation of the community or deter third persons from associating or dealing with him or her.

Whether a communication is defamatory depends on the social climate, current public opinion, and local setting.

To be false and defamatory, a statement must imply an assertion of objective fact. To determine whether statement implies an assertion of objective fact, you may consider: (1) whether the general tenor of the entire work negates the impression that the party was asserting an objective fact; (2) whether the party used figurative or hyperbolic language that negates that impression; and (3) whether the statement in question is susceptible of being proved true or false.

**Note:  Plaintiffs' Proposed Instruction No. 29**
Source: *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 17; [ECF 369] PageID. 7693 (modified)

**PROPOSED INSTRUCTION NO. 17**
**Defamation – Publication to Third Party**

"Publication" for a defamation claim means a communication to some third party other than the person allegedly defamed.

**Authority:** *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 18; [ECF 369] PageID.7694.

**PROPOSED INSTRUCTION NO. 18**
**Defamation – Online Speech**

Online speech stands on the same footing as other speech.

**Authority/Source:** *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 19; [ECF 369] PageID. 7695

19

## PROPOSED INSTRUCTION NO. 19
### Actual Malice (Plaintiffs' Count I)

Actual malice consists of deliberate falsification of facts or reckless disregard of the truth of the statement; in other words, it requires that the Defendant acted with knowledge that the statement was false or with reckless disregard of whether it was false or not. Reckless disregard means the Plaintiff must demonstrate that the Defendant in fact entertained serious doubts as to the truth of his/her publication or acted with a high degree of awareness of probable falsity.  An investigatory failure alone on the part of the Defendant, without a high degree of awareness of probable falsity, does not amount to actual malice. However, actual malice would exist from reckless publication by a Defendant despite a high degree of awareness harbored by the Defendant of the probable falsity of the published statements.

Actual malice must be proven by clear and convincing evidence and must be proven separately by each Plaintiff against each Defendant.

**Note:  Defendant's Proposed Instruction No. 47**
**Authority:** *Beamer v. Nishiki*, 66 Haw. 572, 582—85, 670 P.2d 1264, 1270 (1983); *Tagawa v. Maui Pub. Co.*, 50 Haw. 648, 652, 448 P.2d 337, 339—40 (1968)

20

**PROPOSED INSTRUCTION NO. 20**
**Letters Submitted by Defendants/Counterclaimants in the Criminal**
**Proceeding**

You have heard evidence that each of the Defendants/Counterclaimants submitted letters in the criminal proceeding *United States v. Liane Wilson*, Case 1:19-cr-00105-SOM. The Court has already determined that none of those letters can form the basis of a defamation claim for reasons that you should not speculate about and that are particular to the treatment of such letters under the law. It is up to you to decide whether the letters offer circumstantial proof of the identity of the authors of the anonymous social media postings that Plaintiffs allege Defendants made.

**Note:  Defendants' Proposed Instruction No. 49**
**Authority:** *Order (1) Granting in Part Defendants' Daubert Motion, ECF No. 42; (2) Granting in Part Defendants' Motion for Summary Judgment on Plaintiffs' Complaint, ECF No. 46; (3) Granting in Part Defendants' Motion for Summary Judgment on Defendants' Counterclaims, ECF No. 49; and Denying Plaintiffs' Motion to Strike, ECF No. 72*, entered May 22, 2026 [ECF 92].

## JURY INSTRUCTION NO. 20A

You have heard evidence that after the Defendants/Counterclaimants became aware of this lawsuit on January 7, 2023 by being served with the Complaint, they communicated with third parties about one or more of the plaintiffs in this case.  Such communications are not per se unlawful.  For example, if you find that such communications were for the purpose of learning about either or both of the Plaintiffs/Counterclaim-Defendants, or to gather facts about claims, counterclaims, and defenses in this lawsuit, such communications were not unlawful or for an unlawful purpose.  However, it is up to you to decide whether such communications offer circumstantial proof of the Civil Conspiracy alleged by the Plaintiffs in Count IV.

## JURY INSTRUCTION NO. 20B

You have heard evidence that Paula Haygarth re-posted on her personal Facebook page a sub-Reddit article entitled "The Shanti Summary" with commentary about Plaintiff Liane Wilson.  The Court ruled prior to trial that this Facebook post is not defamatory for reasons that you should not speculate about.  Nevertheless, it is up to you to decide whether the re-posting and/or commentary offer circumstantial proof of whether a conspiracy existed as alleged by Plaintiffs/Counterclaim-Defendants in Count IV.  It is also up to you to decide whether the re-posting and/or commentary offer circumstantial proof of the identity of the authors of the anonymous social media postings that Plaintiffs allege Defendants made.

23

## PROPOSED INSTRUCTION NO. 21
### False Light (Plaintiffs' Count II)

Plaintiffs claim that each of the Defendants committed the tort of False Light against them.  To prevail on a False Light claim against a Defendant, a Plaintiff must prove the following elements against that Defendant by a preponderance of the evidence:

1. the Defendant placed that Plaintiff before the public in a false light;

2. the false light in which that Plaintiff was placed would be highly offensive to a reasonable person; and

3. the Defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which that Plaintiff would be placed.

Reckless disregard means the Plaintiff must demonstrate that the Defendant in fact entertained serious doubts as to the truth of his/her publication or acted with a high degree of awareness of probable falsity.

**Note:  Plaintiffs' Instruction No. 30**

Source: *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 20; [ECF 369] PageID. 7696

24

## PROPOSED INSTRUCTION NO. 22
### Intentional Infliction of Emotional Distress (Plaintiffs' Count III)

Plaintiff Liane Wilson claims that each of the Defendants intentionally inflicted emotional distress upon her. To prevail on a claim of intentional infliction of emotional distress against a Defendant, Plaintiff Liane Wilson must prove the following elements against that Defendant by a preponderance of the evidence:

1. that the act allegedly causing the harm was intentional or reckless;

2. that the act was outrageous; and

3. that the act caused

4. extreme emotional distress to another.

An act is "outrageous" if it is made without just cause or excuse and beyond all bounds of decency. Extreme emotional distress constitutes, among other things, mental suffering, mental anguish, nervous shock, and other highly unpleasant mental reactions.

**Note:  Defendants' Proposed Instruction No. 57**

**Authority:** *Enoka v. AIG Hawaii Ins. Co.*, 109 Hawai'i 537, 559, 128 P.3d 850, 872 (2006); *Hac v. University of Hawai'i*, 102 Hawai'i 92, 106-7, 73 P.3d 46, 60-61 (2003)

25

## PROPOSED INSTRUCTION NO. 23
### Legal Cause

An act or omission is a legal cause of an injury/damage if it was a substantial factor in bringing about the injury/damage.

One or more substantial factors such as the conduct of more than one person may operate separately or together to cause an injury or damage. In such a case, each may be a legal cause of the injury/damage.

**Authority:** Hawaiʻi Civil Jury Instructions, Instruction 7.1

## PROPOSED INSTRUCTION NO. 24
### Civil Conspiracy (Plaintiffs' Count IV)

Plaintiffs claim that the Defendants engaged in a Civil Conspiracy against them. A Civil Conspiracy is a combination of two or more persons or entities that work together to accomplish a criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means.

A Civil Conspiracy claim is derivative of other wrongs. There can be no claim based upon a conspiracy alone, so Plaintiff must prove an underlying actionable claim against each Defendant.

To prove a claim for Civil Conspiracy against a Defendant, a Plaintiff must prove:

1. The formation of a conspiracy between a Defendant with one or more other Defendants and/or with third persons;

2. Wrongful conduct by that Defendant in furtherance of the conspiracy; and

3. Damage caused to each Plaintiff by the conspiracy.

**Note:  Defendants' Instruction No. 59**

**Authority:** *Yoneji v. Yoneji*, 137 Hawaiʻi 299, 311, 370 P.3d 704, 716 (App. 2016); *Miyashiro v. Roehrig, Roehrig, Wilson & Hara*, 122 Hawaiʻi 461, 482, 228 P.3d 241, 362 (App. 2010); *Menashe v. Bank of New York*, 850 F.Supp.2d 1120, 1138 (D. Haw. 2012)

27

## PROPOSED INSRUCTION NO. 25
### Derivative Claims

If Plaintiffs are unable to prove the elements of their claim for Defamation, all claims that are derivative of their claim for Defamation must fail.

For instance, if Plaintiffs' Defamation claim fails because Defendants did not author the anonymous posts, Plaintiffs' claims for False Light and Intentional Infliction Of Emotional Distress fail because those claims are premised on Defendants having authored defamatory posts about Plaintiffs. Similarly, if Defendants' Defamation counterclaim fails, their False Light counterclaim also fails.

If Plaintiffs' defamation claim fails because the alleged posts were not defamatory, then all of Plaintiffs' other claims fail, including Civil Conspiracy, because those claims are premised on the making of posts that defamed Plaintiffs.

**Note:  Defendants' Instruction No. 60**
**Authority:** *Gold v. Harrison*, 88 Hawaiʻi 94, 103, 962 P.2d 353, 362 (1998)

## PROPOSED INSTRUCTION NO. 26
### Defamation (Counterclaimants' Count I)

Counterclaimants Paula Horvath, Byron Haygarth, and Stefanie Vogt-Haygarth claim that each of the Counterclaim-Defendants made false and defamatory statements about them. To prevail on a defamation claim against a Counterclaim-Defendant, a Counterclaimant must prove, by a preponderance of the evidence against that Counterclaim-Defendant:

1. a false and defamatory statement by the Counterclaim-Defendant concerning that Counterclaimant;

2. an unprivileged publication of the statement by the Counterclaim-Defendant to a third party;

3. fault amounting to negligence; and

4. damages – meaning either the existence of special damages caused by the publication *or* the existence of defamation per se, which presumes damages and thus, does not require a showing of special damages. There are also instructions defining defamation per se and special damages.

**Note:  Defendants' Proposed Instruction No. 46**
**Authority:**  *Gold*, 88 Hawai'i at 100; *Rodriguez*, 65 Haw. at 437, 441

30

## PROPOSED INSTRUCTION NO. 27
### Negligence Defined

Negligence is doing something which a reasonable person would not do or failing to do something which a reasonable person would do. It is the failure to use that care which a reasonable person would use to avoid injury to himself, herself, or other people or damage to property.

In deciding whether a person was negligent, you must consider what was done or not done under the circumstances as shown by the evidence in this case.

**Note:  Defendants' Instruction No. 44**

**Authority:** Hawaiʻi Civil Jury Instructions, Instruction No. 6.1

## PROPOSED INSTRUCTION NO. 28
### Defamation – Truth as an Absolute Defense

For both Plaintiffs' Count I and Counterclaimants' Count I, truth is an absolute defense to Defamation and must be proved by the party asserting truth as a defense by a preponderance of the evidence.

The literal truth of every word or detail of the challenged statement is not required; the statement need only be substantially true. With respect to whether a statement is substantially true, it is sufficient if the substance, the gist, the sting, of the matter is true.

**Note:  Defendant's Proposed Instruction No. 52**

**Authority:** *Nakamoto v. Kawauchi*, 142 Hawaiʻi 259, 274, 418 P.3d 600, 615 (2018); *Kohn v. West Hawaii Today, Inc.*, 65 Haw. 584, 590, 656 P.2d 79, 83 (1982)

## PROPOSED INSTRUCTION NO. 29
### False Light (Counterclaimants' Count II)

Counterclaimants claim that each of the Counterclaim-Defendants committed the tort of False Light against them.  To prevail on a False Light claim against a Counterclaim-Defendant, a Counterclaimant must prove the following elements against that Counterclaim-Defendant by a preponderance of the evidence:

1. the Counterclaim-Defendant placed that Counterclaimant before the public in a false light;

2. the false light in which that Counterclaimant was placed would be highly offensive to a reasonable person; and

3. the Counterclaim-Defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which that Counterclaimant would be placed.

Reckless disregard means the Plaintiff must demonstrate that the Defendant in fact entertained serious doubts as to the truth of his/her publication or acted with a high degree of awareness of probable falsity.


**Note:  Plaintiffs' Instruction No. 30 and Defendants' Instruction No. 54**

Source:  *Wilson v. Freitas*, 121 Hawai'i 120, 130, 214 P.3d 1110, 1120 (App. 2009); *Chapman v. Journal Concepts, Inc.*, 528 F.Supp.2d 1081, 1099 (D. Haw. 2007); RESTATEMENT (SECOND) OF TORTS § 652 (1977)

**PROPOSED INSTRUCTION NO. 30**
**Special Damages Defined**

For both Plaintiffs' Count I and Counterclaimants' Count I, special damages are those damages which can be calculated precisely or can be determined by you with reasonable certainty from the evidence.

**Authority:** Hawaiʻi Civil Jury Instructions, Instruction No. 8.2

35

## PROPOSED INSTRUCTION NO. 31
### Loss of Future Profits

For both Plaintiffs' Count I and Counterclaimants' Count I, a party claiming loss of earnings in a defamation case must provide admissible evidence that the defamation was material in causing actual economic damage. The damages must be ascertainable in some manner other than by mere speculation, conjecture, or surmise. In other words, loss of future profits must be shown with reasonable certainty.

**Note:  Plaintiffs' Instruction No. 33**
Source: *Jenkins v. Liberty Newspapers Ltd. P'ship*, 89 Hawai`i 254, 269, 971 P.2d 1089, 1104 (1999).

## PROPOSED JURY INSTRUCTION NO. 32
### Defamation *Per Se* – Damages – Defined

For both Plaintiffs' Count I and Counterclaimants' Count I, if you find that a party defamed another, and that the defamatory statements (1) impute to the person the commission of a crime, (2) injure him/her in their office, profession, calling or trade, or (3) hold him/her up to scorn, ridicule, contempt or loathing or otherwise impair him/her in the enjoyment of society, then the party/parties defamed have proven defamation per se and are also entitled to what is called "*per se* damages," or presumed damages. You are therefore not required to hear evidence of a specific dollar amount of financial loss in order to find that they have been defamed and can be awarded damages.

Instead, you may award an amount that, in the exercise of your judgment and common sense, is fair and just compensation for the injury to such defamed party's/parties' reputation and humiliation and mental anguish caused by the party that defamed them.

**Note:  Defendants' Instruction No. 39**

**Authority:** *Russell v. American Guild of Variety Artists*, 53 Haw. 456, 458, 497 P.2d 40, 42 (1972); *Cohen v. Hansen*, No. 2:12-CV-1401 JCM (PAL), 2016 WL 1688004, \*7 (D. Nev. Apr. 27, 2016); *Experience Hendrix LLC v. Hendrixlicensing.com Ltd.*, 762 F.3d 829, 845 (9th Cir. 2014).

37

## PROPOSED INSTRUCTION NO. 33
### Nominal Damages

For both Plaintiffs' Count I and Counterclaimants' Count I, the law that applies to this case authorizes an award of nominal damages if they have established defamation per se. If you find for a Plaintiff or Counterclaimant on the Defamation claim/counterclaim but you find that the Plaintiff or Counterclaimant has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**Authority/Source:** *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 19; [ECF 369] PageID. 7695 (modified).

## PROPOSED INSTRUCTION NO. 34
### Damages

If you find for any of the parties on the issue of liability, the party is entitled to damages in such amount as your judgment will fairly and adequately compensate him/her for the damages which he/she suffered. In deciding the amount of such damages, you should consider:

1. the extent and nature of the damages he/she received, and also the extent to which, if at all, the damages received are permanent; and

2. the pain, emotional suffering, and disability which he/she has suffered and is reasonably probable to suffer in the future because of the damages, if any.

**Note: Plaintifs' Proposed Instruction No. 32**
Source: *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 27; [ECF 369] PageID. 7703 (modified).

39

## PROPOSED INSTRUCTION NO. 35
### General Damages

General damages are those damages which fairly and adequately compensate a Plaintiff or Counterclaimant for any past, present, and reasonably probable future disability, pain, and emotional distress caused by the damages sustained.

**Authority/Source:** *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 19; [ECF 369] PageID. 7695 (modified)

## PROPOSED INSTRUCTION NO. 36
### Emotional Distress Defined

Emotional distress includes mental worry, anxiety, anguish, suffering, and grief, where they are shown to exist.

**Note:  Defendants' Proposed Instruction No. 58**
**Authority:** Hawai'i Civil Jury Instructions, Instruction No. 8.5

## PROPOSED INSTRUCTION NO. 37
### Pain and Distress

The parties are not required to present evidence of the monetary value of their pain or emotional distress.  It is only necessary that the parties prove the nature, extent and effect of their pain and emotional distress. It is for you, the jury, to determine the monetary value of such pain or emotional distress using your own judgment, common sense and experience.

**Authority/Source:** *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 19; [ECF 369] PageID. 7695 (modified).

## PROPOSED INSTRUCTION NO. 38
### Calculating Damages

The law gives you no way to mathematically calculate items of damages and leaves them to be fixed by you as your common sense and good judgment dictate, based on the nature and extent of the party's damages under the evidence in this case.

**Authority/Source:** *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 19; [ECF 369] PageID. 7695 (modified).

## PROPOSED INSTRUCTION NO. 39
### Reasonable Compensation

Compensation must be reasonable. You may award only such damages as will fairly and reasonably compensate Plaintiff and/or Counterclaimants for the injuries or damages legally caused by the other party.

You are not permitted to award a party speculative damages, which compensation for loss or harm which, although possible, is conjectural or not reasonably probable.

**Authority/Source:** *Gallagher v. Maternitywise International, LLC, et al.*; Case No. 1:18-cv-00364-LEK-KJM; Jury Instruction No. 19; [ECF 369] PageID. 7695 (modified).

44

## PROPOSED INSTRUCTION NO. 40
### Mitigation of Damages

Any Plaintiff or Counterclaimant claiming damages resulting from the wrongful act of the other party has a duty under the law to use reasonable diligence under the circumstances to mitigate or minimize those damages.

If you find any Plaintiff(s) or Counterclaimant(s) suffered damages, the party claiming damages may not recover for any damages which the claiming party could have avoided through reasonable effort. If you find that the party claiming damages unreasonably failed to mitigate or lessen that party's damages, you should not award those damages which the claiming party could have avoided.

You are the sole judge of whether the party or parties claiming damages acted reasonably in mitigating that party's damages. A party claiming damages may not sit idly by when presented with a reasonable opportunity to reduce that party's damages.  However a party claiming damages is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the party's damages. The defending party has the burden of proving the damages which the party claiming damages could have mitigated.

You must consider all of the evidence in light of the particular circumstances of the case in deciding whether the defending party has satisfied that party's burden of proving that the claiming party's conduct in mitigating damages was not reasonable.  The standard of proof for each finding in this instruction is by a preponderance of evidence.


**Note:  Defendants' Proposed Instruction No. 62**

**Authority:** Hawai'i Civil Jury Instructions, Instruction No. 8.18

45

**PROPOSED INSTRUCTION NO. 41**
**Punitive Damages**

If you award any damages to a party, then you may consider whether you should also award punitive damages to that party. The purposes of punitive damages are to punish the wrongdoer and to serve as an example or warning to the wrongdoer and others not to engage in such conduct.

You may award punitive damages against a particular party only if the party claiming damages has proved by clear and convincing evidence that the particular responsible party acted intentionally, willfully, wantonly, oppressively or with gross negligence. Punitive damages may not be awarded for mere inadvertence, mistake or errors of judgment.

The proper measure of punitive damages is

(1) the degree of intentional, willful, wanton, oppressive, malicious or grossly negligent conduct that formed the basis for your prior award of damages against that responsible party; and

(2) the amount of money required to punish that responsible party considering his/her/its financial condition. In determining the degree of a particular responsible party's conduct, you must analyze that responsible party's state of mind at the time he/she/it committed the conduct which formed the basis for your prior award of damages against that responsible party. Any punitive damages you award must be reasonable.

An act is "willful" when it is premeditated, unlawful, without legal justification, or done with an evil intent, with a bad motive or purpose, or with indifference to its natural consequences.

An act is "wanton" when it is reckless, heedless, or characterized by extreme foolhardiness, or callous disregard of, or callous indifference to, the rights or safety of others.

An act is "oppressive" when it is done with unnecessary harshness or severity.

An act is "malicious" when it is prompted or accompanied by ill will or spite.

Gross negligence is conduct that is more extreme than ordinary negligence. It is an aggravated or magnified failure to use that care which a reasonable person would use to avoid injury to himself, herself, or other people or damage to property. But gross negligence is something less than willful or wanton conduct.

46

**Note:  Defendants' Instruction No. 61**
**Authority:** Hawaiʻi Civil Jury Instructions, Instruction Nos. 8.12, 8.13, 8.14, 8.15, 8.16, and 8.17

## PROPOSED INSTRUCTION NO. 42
### Consideration of Evidence – Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the

48

trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Authority:** Judge Jill A. Otake General Jury Instructions in Civil Cases; 9th Cir. Model Jury Instruction 3.2

## PROPOSED INSTRUCTION NO. 43
### Communication With Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court— how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Authority:** Judge Jill A. Otake General Jury Instructions in Civil Cases; 9th Cir. Model Civil Jury Instruction 3.3

## PROPOSED INSTRUCTION NO. 44
### Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority:** Judge Jill A. Otake General Jury Instructions in Civil Cases; 9th Cir. Model Civil Jury Instruction 3.1

**PROPOSED INSTRUCTION NO. 45**
**Verdict Form**


A verdict form has been prepared for you. [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerkthat you are ready to return to the courtroom.

**Authority:  Ninth Cir. Model Jury Instr. No. 3.5**

## PROPOSED INSTRUCTION NO. 46

In these instructions, the terms "Plaintiffs" and "Counterclaim-Defendants" refer to Liana Wilson and Life Mastery, LLC.

The terms "Defendants" and "Counterclaimants" refer to Paula Haygarth, Byron Horvath, and Stefanie Vogt-Horvath.