LOUISE K.Y. ING 2394
LAURA P. MORITZ 7860
JOSEPH B. ADAMS 11434

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI 96813
Telephone: 808 524 1800
Facsimile: 808 524 4591
Email: louise.ing@dentons.com
laura.moritz@dentons.com
joseph.adams@dentons.com

Attorneys for Defendants/Counterclaimants
PAULA HAYGARTH, BYRON HORVATH,
and STEFANIE HORVATH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10,<br><br>Defendants/ Counterclaimants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**COUNTERCLAIMANTS' MOTION FOR RULE 54(b) CERTIFICATION OF (1) THE ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF 92); AND (2) THE SPECIAL JURY VERDICT FORMS ENTERED ON AUGUST 14, 2026 (ECF 245, 247, 249, 251, 253, 255); DECLARATION OF LAURA P. MORITZ; EXHIBITS "A"-"D"**<br><br>Judge: Honorable Jill A. Otake<br>Trial: August 3, 2026. |

**COUNTERCLAIMANTS' MOTION FOR RULE 54(b) CERTIFICATION OF (1) THE ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF 92); AND (2) THE SPECIAL JURY VERDICT FORMS ENTERED ON AUGUST 14, 2026 (ECF 245, 247, 249, 251, 253, 255)**

Defendants/Counterclaimants Paula Haygarth, Byron Horvath, and Stefanie Horvath ("**Counterclaimants**"), by and through their attorneys, Dentons US LLP, hereby move for Rule 54(b) certification of (1) the Order granting in part Counterclaimants' motions for partial summary judgment entered May 22, 2026 (ECF 92); and (2) the Special Jury Verdict Forms entered on August 13, 2026 (ECF 245, 247, 249, 251, 253, 255) ("**Verdict**").

This Motion is brought pursuant to Rules 7 and 54(b) of the Federal Rules of Civil Procedure, this memorandum, the records and files herein, and the evidence and arguments to be presented at a hearing upon the motion.

## I. INTRODUCTION AND BACKGROUND

On December 6, 2022, Plaintiffs/Counterclaim Defendants Life Mastery Network LLC and Liane Wilson ("**Plaintiffs**") commenced this action against Defendants/Counterclaimants Paula Haygarth and Byron Horvath (**Ex. A**). On July 3, 2025, Plaintiffs filed an amended complaint to add certain claims and Defendant/Counterclaimant Stefanie Horvath as an additional defendant in the case (**Ex. B**). On July 14, 2025, Counterclaimants filed a first amended counterclaim against Plaintiffs (**Ex. C**).

On May 22, 2026, the Court entered its *Order (1) Granting in Part Defendants' Daubert Motion, ECF No. 42; (2) Granting in Part Defendants' Motion for Summary Judgment on Plaintiffs' Complaint, ECF No. 46; Granting in Part Defendants' Motion for Summary Judgment on Defendants' Counterclaims, ECF No. 49; and Denying Plaintiffs' Motion to Strike, ECF No. 72* (ECF 92) (the "**MSJ Order**") and which:

- Granted summary judgment in favor of Paula Haygarth as to Plaintiffs' claim that her May 9, 2022 Facebook post was defamatory (ECF 92 at PageID.1841-42);
- Granted summary judgment in favor of all Counterclaimants as to Plaintiffs' claim that their court letters to Judge Mollway in the Case No. 1:19-cr-00105-SOM were defamatory (ECF 92 at PageID.1843-47); and
- Granted summary judgment in favor of Paula Haygarth that Plaintiffs' statement that Paula Haygarth abandoned her own child constituted defamation *per se* (ECF 92 at PageID.1857-58).

Following a trial by jury on August 3, 2026, the jury issued its Verdict as follows:

(1) as to Plaintiffs' Count I (defamation), judgment in favor of each of the Defendants and against each of the Plaintiffs (ECF 245, 247, 249);

(2) as to Plaintiffs' Count II (false light), judgment in favor of each of the Defendants and against each of the Plaintiffs (*id.*);

(3) as to Plaintiffs' Count III (intentional infliction of emotional distress), judgment in favor of each of the Defendants and against each of the Plaintiffs (*id.*);

(4) as to Plaintiffs' Count IV (civil conspiracy), judgment in favor of each of the Defendants and against each of the Plaintiffs (*id.*);

(5) as to Counterclaimant Paula Haygarth's First Claim for Relief against Plaintiffs (defamation), judgment in favor of Paula Haygarth and against Plaintiffs and each of them, jointly and severally, in the amount of $1,600,000.00 in compensatory damages for Statements 1-6 and $500,000.00 in compensatory damages for Statement 7 (ECF 251);

(6) as to Counterclaimant Paula Haygarth's Second Claim for Relief against Plaintiffs (false light), judgment in favor of Paula Haygarth and against Plaintiffs and each of them, jointly and severally, in the amount of $1,600,000.00 for compensatory damages (*id.*);

(7) as to both of Counterclaimant Paula Haygarth's claims for relief, punitive damages in favor of Paula Haygarth and against Plaintiffs and each of them, jointly and severally, in the amount of $10,000,000.00 (*id.*);

(8) as to Counterclaimant Byron Horvath's First Claim for Relief against Plaintiffs (defamation), judgment in favor of Byron Horvath and against

Plaintiffs and each of them, jointly and severally, in the amount of $1,600,000.00 for compensatory damages (ECF 253);

(9) as to Counterclaimant Byron Horvath's Second Claim for Relief against Plaintiffs (false light), judgment in favor of Byron Horvath and against Plaintiffs and each of them, jointly and severally, in the amount of $1,600,000.00 for compensatory damages (*id.*);

(10) as to both of Counterclaimant Byron Horvath's claims for relief, punitive damages in favor of Byron Horvath and against Plaintiffs and each of them, jointly and severally, in the amount of $10,000,000.00 (*id.*);

(11) as to Counterclaimant Stefanie Horvath's First Claim for Relief against Plaintiffs (defamation), judgment in favor of Stefanie Horvath and against Plaintiffs and each of them jointly and severally, in the amount of $1,600,000.00 for compensatory damages (ECF 255);

(12) as to Counterclaimant Stefanie Horvath's Second Claim for Relief against Plaintiffs (false light), judgment in favor of Stefanie Horvath and against Plaintiffs and each of them jointly and severally, in the amount of $1,600,000.00 for compensatory damages (*id.*); and

(13) as to both as to both of Counterclaimant Stefanie Horvath's claims for relief, punitive damages in favor of Stefanie Horvath and against Plaintiffs

and each of them, jointly and severally, in the amount of $10,000,000.00 (*id.*).

Plaintiffs' Count V (punitive damages) is not a separate claim but a potential remedy arising from Plaintiffs' Counts I-IV had the jury found in favor of Plaintiffs and against Defendants on one or more counts.

Only Counterclaimants' claims for equitable relief (Ex. C at ¶¶ E, F) remain pending before the Court. They include requests that the Court:

- Enter an injunctive order compelling Plaintiffs to remove from Instagram, Facebook, exposingfamilyabuse.com, and any other social media or website all false and defamatory statements about Counterclaimants and/or their family members; and
- Enter an injunctive order prohibiting Plaintiffs from making any false and/or defamatory statements about Counterclaimants and/or their family members on social media and/or the internet in the future.

Counterclaimants are working on a motion addressing these additional equitable remedies, to be filed soon with the Court.

For the reasons discussed below, Counterclaimants' request that final judgment be entered pursuant to Rule 54(b) for those issues resolved by the MSJ Order and the jury's Verdict, leaving only Counterclaimants' requested equitable remedies for resolution by the Court.

## II. LEGAL ARGUMENT

Federal Rules of Civil Procedure Rule 54(b) provides:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Rule 54(b) allows the trial court to certify a partial judgment as a final judgment prior to the final adjudication of all the claims between all the parties to the action.

When determining whether to grant Rule 54(b) certification, the Court must first assess the finality of the ruling(s). *United States v. Sandwich Isles Communications, Inc.*, Civ. No. 187-00145-JMS-RT (D. Haw. Feb. 3, 2020) at *3, citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). After making a determination as to finality, the Court must then expressly determine whether there is any just reason for delay in entering final judgment. *Id.* at *6, citing *Curtiss-Wright Corp.*, 446 U.S. at 8.

In the Ninth Circuit, courts have held that district courts should take a "pragmatic approach" that focuses on severability and judicial administration in determining whether to certify a judgment that does not dispose of all issues in a case. *Texaco, Inc. v. William R. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991), citing *Continental Airlines v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir.

1987). The district court may also consider "whether certification would result in unnecessary appellate review; whether the claims finally adjudicated were separate, distinct, and independent of any other claims; whether review of the adjudicated claims would be mooted by future developments in the case; whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals; and whether delay in payment of the judgment … would inflict severe financial harm." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005), citing *Curtiss-Wright Corp.*, 446 U.S. at 5-6.

In this case, ***all*** claims between Counterclaimants and Plaintiffs have been determined by both the MSJ Order and the jury's Verdict and are final. No remaining questions triable to a jury remain on the parties' respective liability nor on the amount of damages, which were finally resolved in Counterclaimants' favor by the MSJ Order (ECF 92) and the jury's Verdict (ECF 245, 247, 249, 251, 253, 255).

The only remaining issue in this case concerns an additional *remedy* that is not a jury question but for the Court, sitting in equity, to determine: Counterclaimants' request for equitable relief, which is separate and distinct from the parties' respective liability that has already been resolved. *See* Counterclaim at ¶¶ E, F (Ex. C). The Court's decision on whether or not to grant equitable relief does not have any bearing on those matters already determined by the MSJ Order and the Verdict. *Thomas J. Kline, Inc. v. Lorillard, Inc.*, 674 F.Supp.183, 185 (D. Md. 1987)

(finding there was no just reason to delay entry of money judgment pursuant to the jury's verdict under Rule 54(b) notwithstanding the fact that there remained an unadjudicated claim for injunctive relief), *rev'd on other grounds* 878 F.2d 791. Counterclaimants' request for equitable relief is entirely independent of those matters which have already been ruled upon by the Court in its MSJ Order and by the Jury in its Verdict. For instance, if Counterclaimants elected to waive their pursuit of equitable remedies, or if the Court finds injunctive relief inappropriate, there is no question the matters already decided would warrant entry of a final judgment. Any findings by the Court regarding equitable relief will have no effect on the MSJ Order nor the jury's Verdict already entered.

Finally, there is no reason to delay entry of judgment on those matters decided thus far while the discrete issue of equitable relief remains pending before the Court. Delay in being able to execute on the jury's Verdict carries the high potential to be economically prejudicial to Counterclaimants, given Plaintiffs' history and prior criminal conviction for unlawful concealment of assets.[1] *Curtiss-Wright Corp.*, 446 U.S. at 11-12 (finding that the party's declining financial position was one of the reasons to find it appropriate to certify the judgment under Rule 54(b)); *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 204 (3d Cir. 2006) (steep decline in

---

[1] *See United States v. Liane Wilson*, Case No. 1:19-cr-00105-HG, United States District Court, District of Hawaii.

defendant's stock shares suggested that additional delay in judgment could affect plaintiff's ability to collect); *Bank of Lincolnwood v. Federal Leasing, Inc.*, 622 F.2d 944, 949 (7th Cir. 1980) (delay in issuing final judgment would prejudice the prevailing party's ability to collect because of the defendant's precarious financial position). Accordingly, there is no just reason to delay certification of the MSJ Order and Verdict as a final judgment.

## III. CONCLUSION

For the reasons set forth above, and because the MSJ Order and Verdict disposes fully of all claims between the Plaintiffs and Counterclaimants, Counterclaimants respectfully request that this Court enter an order granting their request to enter the Proposed Rule 54(b) Judgment in a Civil Case (*see* **Exhibit D** hereto) as final pursuant to Rule 7 and 54(b) of the Federal Rules of Civil Procedure.

Honolulu, Hawai'i, September 11, 2026.

/s/ Laura P. Moritz
LOUISE K.Y. ING
LAURA P. MORITZ
JOSEPH B. ADAMS