LOUISE K.Y ING 2394
LAURA P. MORITZ 7860

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, Hawai‘i 96813-3689
telephone: (808) 524-1800
Facsimile: (808) 524-4591
Email: louise.ing@dentons.com
laura.moritz@dentons.com

Attorneys for Defendant/Counterclaimants
PAULA HAYGARTH, BYRON HORVATH,
and STEFANIE HORVATH

**Electronically Filed**
**FIFTH CIRCUIT**
**5CCV-22-0000107**
**14-JUL-2025**
**05:13 PM**
**Dkt. 451 ANSW**

IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

STATE OF HAWAI‘I

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>Plaintiffs,<br><br>v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10,<br><br>Defendants/<br>Counterclaimants. | CIVIL NO. 5CCV-22-0000107<br>(Other Civil Action)<br><br>**DEFENDANTS PAULA HAYGARTH, BYRON HORVATH, and STEFANIE HORVATH'S ANSWER TO *FIRST AMENDED COMPLAINT*, FILED JULY 3, 2025 (DKT. 443); FIRST AMENDED COUNTERCLAIM; DEMAND FOR JURY TRIAL;** CERTIFICATE OF SERVICE<br><br>Judge: Hon. Kathleen N.A. Watanabe<br>Trial Date: December 15, 2025 |



**EXHIBIT C**

**DEFENDANTS PAULA HAYGARTH, BYRON HORVATH, AND STEFANIE HORVATH'S ANSWER TO *FIRST AMENDED COMPLAINT*, FILED JULY 3, 2025 (DKT. 443)**

Defendants Paula Haygarth, Byron Horvath, and Stefanie Horvath ("Defendants"), by and through their counsel, Dentons US LLP, hereby respond to the *First Amended Complaint* filed by Life Mastery Network LLC, dba Liana Shanti Enterprises, and Liane Wilson, also known in the community as Liana Shanti ("Plaintiffs") on December 6, 2022 (the "Complaint"):

**FIRST DEFENSE**

1. The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

2. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraphs 1 and 2 of the Complaint, and on that basis, deny them.

3. Defendants deny the allegations contained in paragraphs 3 of the Complaint.

4. Defendants admit the allegations of paragraph 4 of the Complaint.

5. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs 5, and on that basis, deny them.

6. Defendants state that paragraphs 6 and 7 of the Complaint assert legal conclusions as to which no response is required; to the extent a response is required, Defendants deny them.

7. Defendants deny any wrongdoing and therefore deny the allegations contained in paragraph 8 of the Complaint.

8. Defendants state that paragraph 9 of the Complaint asserts legal conclusions as to which no response is required; to the extent a response is required, Defendants deny them.

9. Defendants deny the allegations contained in paragraph 10 of the Complaint as they pertain to Defendants specifically. Defendants are without information or knowledge sufficient to

form a belief as to the truth or falsity of the allegations contained in paragraph 10, and on that basis, deny them.

10. Defendants deny the allegations contained in paragraph 11 of the Complaint and affirmatively allege that they have **not** created accounts on social media as alleged by Plaintiffs and have not posted any statements on those accounts.

11. In response to paragraph 12 of the Complaint, Defendants admit they are informed and believe that Plaintiff Liane Wilson ("Plaintiff Wilson") resides in the State of Hawai‘i. Defendants deny the remaining allegations of paragraph 12 of the Complaint. Defendants affirmatively allege that they have **not** repeatedly posted that Plaintiff Wilson resides in Hawai‘i and have **not** posted false and defamatory statements on social media websites that are able to be viewed in Hawai‘i.

12. Defendants deny the allegations contained in paragraph 13.

13. With respect to paragraph 14, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegation that Plaintiff Wilson and her family have received threats as alleged in the Complaint and on that basis, deny the allegation. Defendants deny the remaining allegations in paragraph 14.

14. In response to paragraph 15 of the Complaint, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegation that "Ms. Shanti's businesses, including Liana Shanti Enterprises, have suffered as numerous clients have dropped out of Ms. Shanti's programs," and on that basis, deny them. Defendants deny the remaining allegations of paragraph 15 of the Complaint.

15. In response to paragraphs 16, 18, 20, 22, and 24 under heading "**A. Instagram False Statements**" of the Complaint, Defendants deny all allegations asserted therein. Defendants

affirmatively allege that they did **not** post the statements alleged in those paragraphs and that Plaintiffs have made the allegations against them in order to wrongfully target, harass, bully and vilify them without good faith basis in law or fact.

16. In response to paragraphs 17, 19, 21, 23, and 25 under heading "**A. Instagram False Statements**" of the Complaint, to the extent such paragraphs assert legal conclusions, no response is required. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations asserted therein.

17. In response to paragraphs 26, 27, 29, 31, 33, 35, and 37 under heading "**B. Reddit False Statements**" of the Complaint, Defendants deny all allegations asserted therein. Defendants affirmatively allege that they did **not** post the statements alleged in those paragraphs and that Plaintiffs have made the allegations against them in order to wrongfully target, harass, bully and vilify them without good faith basis in law or fact.

18. In response to paragraphs 28, 30, 32, 34, 36, and 38 under heading "**B. Reddit False Statements**" of the Complaint, to the extent such paragraphs assert legal conclusions, no response is required. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations asserted therein.

19. In response to paragraph 39 under heading "**C. Facebook False Statements**" of the Complaint, Defendants admit that Defendant Paula Haygarth posted a link to a subreddit entitled "The Shanti Summary" on her personal Facebook page on or about May 9, 2022 and removed the posted link, on her own accord, on or about May 25, 2022. Defendant Paula Haygarth specifically denies that she is the author of "The Shanti Summary." Except as expressly admitted herein, Defendants deny the remaining allegations and legal conclusions asserted therein.

20. In response to paragraphs 40, 42, 44, 46, 48, 50, and 52 under heading "**D. CEI False Statements**" of the Complaint, Defendants deny all allegations asserted therein. Defendants affirmatively allege that they did **not** post the statements alleged in those paragraphs and that Plaintiffs have made the allegations against them in order to wrongfully target, harass, bully and vilify them without good faith basis in law or fact.

21. In response to paragraphs 41, 43, 45, 47, 49, 51, and 53 under heading "**D. CEI False Statements**" of the Complaint, to the extent such paragraphs assert legal conclusions, no response is required. Defendant are without information or knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations asserted therein.

22. In response to paragraph 54 under the heading "**D. Further Allegations**," Defendants admit that they received email messages from and attended a single Zoom meeting they were invited to attend by an anonymous person and/or persons using the email address lianashanticultrecovery@gmail.com. Except as expressly admitted herein, Defendants deny the remaining allegations asserted therein.

23. In response to paragraph 55 under the heading "**D. Further Allegations,**" Defendants admit that Defendant Byron Horvath and Defendant Paula Haygarth each submitted statements in the federal case entitled *United States of America v. Liane Wilson*, Case No. 1:19-cr-00105-SOM, United States District Court for the District of Hawaii ("Federal Criminal Proceeding") which accurately described the unwarranted suffering Plaintiff Wilson was causing (and continues to cause) to Defendants and their families. Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 55.

24. In response to paragraph 56 of the Complaint under the heading "**D. Further Allegations**," Defendants admit that Defendant Byron Horvath submitted a victim impact

statement in the Federal Criminal Proceeding which accurately described the unwarranted suffering Plaintiff Wilson was causing, and continues to cause, to Mr. Horvath, Ms. Vogt-Horvath, and their family. Except as expressly admitted herein, Defendants deny the remaining allegations and legal conclusions asserted in paragraph 56.

25. In response to paragraph 57 of the Complaint under the heading "**D. Further Allegations**," Defendants admit that Defendant Paula Haygarth, with her partner, Wade Martin, submitted a victim impact statement in the Federal Criminal Proceeding which accurately described the unwarranted suffering Plaintiff Wilson was causing, and continues to cause, to Ms. Haygarth and her family. Except as expressly admitted herein, Defendants deny the remaining allegations and legal conclusions asserted in paragraph 57.

26. In response to paragraph 58 of the Complaint under "**COUNT I- (Defamation – Libel)**", Defendants repeat and incorporate their answers to paragraphs 1-57 of the Complaint, set forth above.

27. In response to paragraphs 59 and 60 of the Complaint, to the extent such paragraphs assert legal conclusions, no response is required. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations asserted therein.

28. In response to paragraph 61 of the Complaint, Defendants deny all allegations asserted therein.

29. The allegations of paragraph 62 in the Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 62.

30. In response to paragraph 63 of the Complaint, Defendants deny having made any "publication of the Instagram, Reddit, Facebook, and CEI posts" as alleged therein. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations asserted therein, and leaves Plaintiffs to their proof.

31. In response to paragraph 64 of the Complaint under "**COUNT II – (False Light)**", Defendants repeat and incorporate their answers to the preceding paragraphs of the Complaint set forth above.

32. In response to paragraphs 65, 66, and 67 of the Complaint, Defendants deny all allegations asserted therein. Defendants affirmatively allege that if any party acted with knowledge of falsity or with reckless disregard or in a highly offensive manner, it is Plaintiffs who have done so in making the allegations in their Complaint.

33. In response to paragraph 68 of the Complaint under "**COUNT III – (Intentional/Negligent Infliction of Emotional Distress)**", Defendants repeat and incorporate their answers to the preceding paragraphs of the Complaint set forth above.

34. In response to paragraphs 69, 70, 71, 72, and 73 of the Complaint, Defendants deny all allegations asserted therein. Defendants affirmatively allege that if any party engaged in outrageous or wrongful conduct, it is Plaintiffs who have done so in making the allegations in their Complaint.

35. In response to paragraph 74 of the Complaint under "**COUNT IV – (Civil Conspiracy)**", Defendants repeat and incorporate their answers to the preceding paragraphs of the Complaint set forth above.

36. In response to paragraphs 75 and 76 of the Complaint, Defendants deny all allegations asserted therein. Defendants affirmatively allege that if any party engaged in a smear campaign, it is Plaintiffs who have done so in making the allegations in their Complaint.

37. In response to paragraph 77 of the Complaint under "**COUNT V – (Punitive Damages)**", Defendants repeat and incorporate their answers to the preceding paragraphs of the Complaint set forth above.

38. In response to paragraph 78, 79, 80, 81, and 82 of the Complaint, Defendants deny all allegations therein and specifically deny that Plaintiffs are entitled to recover punitive damages against Defendants.

39. Defendants deny each and every allegation of the Complaint not specifically admitted herein and deny all prayers for relief.

**THIRD DEFENSE**

40. Plaintiffs' claims against Defendants are barred because the allegedly defamatory statements, even assuming they were made by any of the Defendants, which Defendants deny, are true or substantially true.

**FOURTH DEFENSE**

41. Plaintiffs' claims against Defendants are barred because the allegedly defamatory statements, even assuming they were made by any of the Defendants, which Defendants deny, are protected opinion and/or fair comment.

**FIFTH DEFENSE**

42. Plaintiffs' claims against Defendants are barred because the allegedly defamatory statements, even assuming they were made by any of the Defendants, which Defendants deny, related to matters of legitimate public concern.

**SIXTH DEFENSE**

43. Even assuming Defendants made any of the allege statements, which Defendants deny, Plaintiffs' claims against Defendants are barred by constitutional and/or common law privileges.

**SEVENTH DEFENSE**

44. Plaintiffs' claims against Defendants are barred because the allegedly defamatory statements, even assuming they were made by any of the Defendants, which Defendants deny, are capable of an innocent construction.

**EIGHTH DEFENSE**

45. Plaintiffs cannot state an actionable claim because even assuming the alleged statements were made by any of the Defendants, which Defendants deny, the allegedly defamatory statements were not made with actual malice, and/or the statements were not false or made in reckless disregard of the truth.

**NINTH DEFENSE**

46. Plaintiff is not entitled to punitive damages by law, nor pursuant to the facts alleged in the Complaint.

**TENTH DEFENSE**

47. Plaintiffs' claims may be barred by the doctrines of waiver, laches, and estoppel.

**ELEVENTH DEFENSE**

48. Even assuming Defendants made any of the allege statements, which Defendants deny, Plaintiffs' claims are barred to the extent they relate to speech and other activities protected by the First Amended to the Constitution of the United States and/or by Section 4 of Article I of the Constitution of the State of Hawai‘i.

**TWELFTH DEFENSE**

49. Plaintiffs are not entitled to recover attorneys' fees under any legal theory alleged in the Complaint.

**THIRTEENTH DEFENSE**

50. Plaintiffs' claims are barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230.

**FOURTEENTH DEFENSE**

51. Defendants' actions as alleged in the Complaint were at all times, legitimate, reasonable, privileged, and justified.

**FIFTEENTH DEFENSE**

52. Any adverse action or unlawful conduct taken against Plaintiffs was taken by individuals and/or entities other than Defendants.

**SIXTEENTH DEFENSE**

53. Liability for the damages alleged in the Complaint rests with individuals and/or entities other than Defendants.

**SEVENTEENTH DEFENSE**

54. Plaintiffs' damages, if any, are wholly or primarily the result of their own negligence and/or misconduct, or that of Plaintiffs' agents and/or third parties, and not the result of any act or omission by Defendants.

**EIGHTEENTH DEFENSE**

55. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

**NINETEENTH DEFENSE**

56. Plaintiffs' claims are barred or should be reduced by comparative negligence and/or comparative fault.

**TWENTIETH DEFENSE**

57. Some or all of Plaintiffs' claims are barred because even assuming Defendants made any of the allege statements, which Defendants deny, Defendants acted in good faith.

**TWENTY-FIRST DEFENSE**

58. Plaintiffs' claims are barred by the failure to mitigate damages.

**TWENTY-SECOND DEFENSE**

59. Defendants intend to rely upon the defense of lack of proximate cause.

**TWENTY-THIRD DEFENSE**

60. To the extent Plaintiffs have suffered any symptoms of mental, emotional, or physical distress or injury, they are the result of pre-existing physical or psychological conditions or an alternative concurrent cause, and not the result of any act or omission of Defendants.

**TWENTY-FOURTH DEFENSE**

61. Plaintiffs' claims are barred by the doctrine of unclean hands.

**TWENTY-FIFTH DEFENSE**

62. Plaintiffs' claims are barred by the doctrine of equitable estoppel.

63. Defendants reserve the right to assert all other defenses that are revealed through further discovery or investigation.

WHEREFORE, Defendants respectfully pray for judgment in their favor and against Plaintiffs and each of them and for relief as follows:

A. The Complaint be dismissed with prejudice;

B. Defendants be awarded their costs, expenses, and attorneys' fees; and

C. Defendants be awarded such other and further relief as this Court deems just and equitable.

DATED: Honolulu, Hawai'i, July 14, 2025.

*/s/ Laura P. Moritz*
LOUISE K.Y. ING
LAURA P. MORITZ
Attorneys for Defendant/Counterclaimant
PAULA HAYGARTH, BYRON HORVATH
and STEPHANIE HORVATH

IN THE CIRCUIT COURT OF THE FIFTH CIRCUIT

STATE OF HAWAIʻI

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>Plaintiff/Counterclaim Defendants,<br><br>v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10,<br><br>Defendants/ Counterclaimants. | CIVIL NO. 5CCV-22-0000107<br>(Other Civil Action)<br><br>**FIRST AMENDED COUNTERCLAIM** |

**DEFENDANTS PAULA HAYGARTH, BYRON HORVATH, AND STEFANIE HORVATH'S FIRST AMENDED COUNTERCLAIM**

Defendants Paula Haygarth, Byron Horvath, and Stefanie Horvath ("Defendants"), by and through their counsel, Dentons US LLP, hereby allege their *First Amended Counterclaim* against Plaintiffs Life Mastery Network LLC, dba Liana Shanti Enterprises, and Liane Wilson, also known in the community as Liana Shanti ("Plaintiffs") as follows:

## PARTIES

1. Upon information and belief, Plaintiff/Counterclaim Defendant Liane Wilson ("Plaintiff Wilson") is an individual with her principal place of residence in the City and County of Kauai, Hawaiʻi.

2. Upon information and belief, Plaintiff/Counterclaim Defendant Life Mastery Network, LLC, dba Liana Shanti Enterprises, is a Nevada limited liability company domiciled in Nevada.

3. Defendants are, and at all relevant times herein were, Canadian citizens residing in Canada.

4. Defendant Paula Haygarth ("Ms. Haygarth") is a spiritual teacher and mentor. Her business is to provide holistic and spiritual healing to her clients located throughout the areas of Saskatchewan and elsewhere in Canada.

5. Defendant Byron Horvath ("Mr. Horvath") is a farmer working and residing in Saskatchewan, Canada. Mr. Horvath is married to Defendant Stefanie Horvath.

6. Defendant Stefanie Horvath ("Ms. Vogt-Horvath") is an occupational therapist residing in Saskatchewan, Canada. Ms. Vogt-Horvath is married to Mr. Horvath.

7. Counterclaim Defendants John Does 1-20, Jane Does 1-20, and Doe Entities 1-20 ("Doe Defendants") are individuals or entities, the names, identities, capacities and/or responsibilities of which are presently unknown to Defendants, but who in some manner presently unknown to Defendants have or may have participated in the conduct described herein. Despite Defendants' efforts, at this time, the culpability and/or identities of the Doe Defendant(s) remain unknown.

**JURISDICTION AND VENUE**

8. Venue is proper in the Circuit Court of the Fifth Circuit pursuant to Haw. Rev. Stat. § 603-36 because the claim for relief arose in the City and County of Kauai, State of Hawaiʻi.

9. This Counterclaim is asserted pursuant to Rule 13 of the Hawaiʻi Rules of Civil Procedure. This Court has jurisdiction pursuant to Hawaiʻi Revised Statutes § 603-21.5.

**Factual Allegations Relating to Ms. Haygarth**

10. Plaintiffs have been using online resources, including Ms. Wilson's account on Instagram and an online website entitled "Exposing Family Cults" and/or "Exposing Family Abuse" to post false and defamatory statements about Ms. Haygarth.

11. Plaintiff Wilson's false and defamatory statements have injured Ms. Haygarth's reputation in both Saskatchewan and in her current home in British Columbia, as well as online generally and elsewhere.

12. As a result of the torrent of false and defamatory statements that Plaintiff Wilson has posted online, Ms. Haygarth has received threats of harm. Ms. Haygarth's business has suffered as clients have stopped seeing her. Southern Saskatchewan is a small community. Several of Ms. Haygarth's clients informed her that they stopped utilizing her services as a result of the statements published by Plaintiff Wilson and her followers.

13. On or around November 5, 2022, Plaintiff Wilson, under username @lianashanti, stated in an Instagram "story": "MEET PAULA HAYGARTH. WE HAVEN'T FORGOTTEN ABOUT HER. SHE'S ONE OF THE LEAD PEOPLE TRACED DIRECTLY THROUGH IP ADDRESES [sic] AND KNOWN EMAILS TO REDDIT AND THE OTHER FRAUD WEBSITES IN THE 30+ PAGE INVESTIGATIVE REPORT. SHE IS A DARK REIKI PRACTITIONER WHO HAS PRACTICED EXTENSIVE BLACK WITCHCRAFT ON MALIE'S DAUGHTHER'S [sic] SHE – NOT SURPRISINGLY – HAS THE SAME ATTORNEY AS BYRON HORVATH. THEY ARE NOT FRIENDS, JUST AN UNHOLY ALLIANCE."

14. This statement contained false and defamatory statements, and painted Ms. Haygarth in a false light.

15. On or around November 5, 2022, Plaintiff Wilson, under username @lianashanti, stated in an Instagram "story" with a photo of Ms. Haygarth: "Jesus, we ask you to DELETE AND DESTROY all toxic lies from this satan servant – PAULA HAYGARTH – who is campaigning to invalidate truths of #childabuse to cover up her own misery. She is hateful and envious, and in her hatred and envy, she cannot bring herself to acknowledge the pain of all the children who have been harmed by their parents. She abandoned her own son Austin, and her guilt and shame have turned her into a soldier of satan."

16. This statement contained false and defamatory statements, and painted Ms. Haygarth in a false light.

17. On or around November 5, 2022, Plaintiff Wilson, under username @lianashanti, stated in an Instagram "story": "Not to mention our private investigators found out that one woman created multiple usernames and Instagram profiles and was commenting on threads as if she was different people, saying "Liana did x,y,z" then she would answer herself from a different username and say "omg thank you so much for telling me this, wow that's awful." [three laugh crying emojis] Can you imagine being that desperate? She's married to the ex husband of one of my students, and calls herself a "reiki healer" [face palm emoji]". Plaintiff Wilson has, on numerous occasions on Instagram using the username "lianashanti" called Ms. Haygarth a "failed reiki healer" and married to the ex-husband of one of her students.

18. This statement contained false and defamatory statements, and painted Ms. Haygarth in a false light.

19. On or about January 22, 2023, Plaintiff Wilson, under username @lianashanti, stated in an Instagram "story": "What WE are doing – this JESUS LED community calling out

THESE people … Paula Haygarth … This vile group of PEDOS PEDO SUPPORTERS PEDO ALIGNERS VICTIM BLAMERS … Paula Haygarth."

20. This statement contained false and defamatory statements, and painted Ms. Haygarth in a false light.

21. Upon information and belief, the website formerly entitled "Exposing Family Cults" (now entitled "Exposing Family Abuse") was created by or with Plaintiffs and has a stated purpose of being "a shared resource website where family members have a safe space to speak out publicly about their childhood abuse, childhood sexual abuse, domestic violence and narcissistic abuse trauma." On this website, Plaintiffs have published and/or republished (or caused to be published and/or republished) false and defamatory statements about Ms. Haygarth.

22. For example, on the website formerly entitled "Exposing Family Cults" (now entitled "Exposing Family Abuse"), Plaintiffs stated: "At the same time as the smear campaign against Haley began, Brian Winter and *Paula Haygarth* started an 'anonymous' Reddit hate account against Liana Shanti. Trying to create a narrative that Liana is a cult, in an attempt to damage Liana's outstanding ten year reputation, because Liana is a very vocal supporter of victim's rights, including Haley's."

23. This statement contained false and defamatory statements, and painted Ms. Haygarth in a false light.

24. Also on the website formerly entitled "Exposing Family Cults" (now entitled "Exposing Family Abuse"), Defendants are informed and believe that Plaintiffs recreated a Reddit post entitled "Evil in Saskatchewan" which is claimed to be "A synopsis written by someone in Canada who knows the backstory on these Family Cults and what their history and motives are." It goes on to state in part: "…A factual response to this sick, deranged, deceitful 'cult' story

concocted on this thread, on Instagram and on another forum. The creator of this slander, defamation and libel is PAULA LEE HAYGARTH, DOB 3/19/1976 currently living in Weyburn, Saskatchewan … Who is PAULA? A bitter aging woman with a bleak future, with a broke husband, desperate to get her claws into the BRADY'S wealth by gaining custody of her husband's children. WHO IS AUSTIN, THE SON SHE ABANDONED AS A BABY … But everyone in Weyburn and Regina and surrounding areas knowns Amanda and Drew very well, as thse are very small communities very close together where everyone knows everyone … BYRON PAYS FOR PAULA'S ATTORNEY IN EXCHANGE FOR A FALSIFIED AFFADAVIT [sic] Another interesting fact. Although Byron and Paula are not 'friends,' as we now know, they share a common destructive goal … In exchange for him paying for Paula and Wade's attorney, Byron got Wade to submit an affidavit in the custody case AGAINAST [sic] HALEY WINTER … We already know the motive for Paula is money … The snapshot of Paula? Washed up, failed energy 'healer,' who gave up custody of her own son, went through multiple relationships, and all of us who have seen her in action know that she cycles through friends like toilet paper. In every town she has lived in, she has cycled through so many friends because she is manipulative and dishonest, and people catch on quick … As criminals always do, the longer they are allowed to continue their activities, the more weight behind the force of their actual consequences…"

25. This statement contained false and defamatory statements, and painted Ms. Haygarth in a false light.

26. On the website entitled "Exposing Family Cults" (now entitled "Exposing Family Abuse"), Defendants are informed and believe that Plaintiffs state: "Paula Haygarth – Black Magic Practitioner. Paula Haygarth is a black magic and reiki practitioner who is a lead figure in the

defamation and smear campaign against a person she doesn't even know. She is partners with Wade Martin, the ex-husband of Malie (Amanda Brady)."

27. This statement contained false and defamatory statements, and painted Ms. Haygarth in a false light.

28. In addition to the statements described above, Plaintiffs have continued to post statements on the @lianashanti Instagram account which describe Ms. Haygarth as an abuser of children and supporter of pedophiles, among other things, exposing her to ridicule and scorn in her community.

**Factual Allegations Relating to Mr. Horvath**

29. Plaintiffs have been using online resources, including Plaintiff Wilson's @lianashanti account on Instagram and an online website entitled "Exposing Family Cults" and/or "Exposing Family Abuse" to post false and defamatory statements about Mr. Horvath.

30. Plaintiffs' false and defamatory statements have injured Mr. Horvath's reputation in Saskatchewan and beyond.

31. On or about November 7, 2022, Plaintiffs, under Plaintiff Wilson's username @lianashanti, stated in an Instagram "story": "So we have: 1, CPS reports against Byron for locking Isla in her room after Isla tells grandma, 2. Stalking and my family, and Malie, making death threat …"

32. This statement contained false and defamatory statements, and painted Mr. Horvath in a false light.

33. On or around November 10, 2022, Plaintiffs, under Plaintiff Wilson's username @lianashanti, stated in an Instagram "story," "WHEN SHANNON AND BYRON [Horvath] AND BRIAN AND PAULA AND ALL THE OTHER WETIKO INFECTED EVIDOERS STARTED

THEIR ATTACKS AND CONSPIRACY AGAINST ME AND MALIE AND DREW … THEY HAD ZERO FACTS. ZERO PROOF."

34. This statement contained false and defamatory statements, and painted Mr. Horvath in a false light.

35. On or around December 22, 2022, Plaintiffs, under Plaintiff Wilson's username @lianashanti, stated in an Instagram "story": "…PLEASE REMOVE ALL FOG AND UNCERTAINTY FROM THEIR SPACE SO THAT THEY IMMEDIATELY SEE THROUGH THE DARK LIES AND DECEPTIONS OF BYRON HORVATH AND HIS SINISTER SERVANTS."

36. This statement contained false and defamatory statements, and painted Mr. Horvath in a false light.

37. On or about December 16, 2022, Plaintiffs, under Plaintiff Wilson's username @lianashanti, stated in an Instagram "story": "… Their situation is dire. Isla is still with the man BYRON HORVATH who this little girl repeatedly says abused her in the recordings. Hit her. Locked her in a room for hours where she had to Pee on the floor. Wrestled this small child who has a serious heart condition into a panic attack."

38. This statement contained false and defamatory statements, and painted Mr. Horvath in a false light.

39. On or around January 4, 2023, Plaintiffs, under Plaintiff Wilson's username @lianashanti, stated in an Instagram "story": "This is what is being done to Haley and Isla through the sick abusive actions of #byronhorvath and #brianwinterfamilycult SADLY this is not uncommon."

40. This statement contained false and defamatory statements, and painted Mr. Horvath in a false light.

41. On or around January 5, 2023, Plaintiffs, under Plaintiff Wilson's username @lianashanti, stated in an Instagram "story": "… It has been heartbreaking to watch beautiful people like Malie and Drew receive such satanic vomit into their lives from Paula Haygarth; Brian Winter, Byron Horvath and others [sic]."

42. This statement contained false and defamatory statements, and painted Mr. Horvath in a false light.

43. On the website previously entitled "Exposing Family Cults" (now entitled "Exposing Family Abuse"), Plaintiffs stated: "Yet this loving and protective mother is now the subject of a gag order intended to SILENCE HER from any further disclosures about Byron's [Horvath] abuse of Isla."

44. This statement contained false and defamatory statements, and painted Mr. Horvath in a false light.

45. On the website previously entitled "Exposing Family Cults" (now entitled "Exposing Family Abuse"), Plaintiffs stated: "He [Byron Horvath] is at the center of the Saskatchewan Cult Evil as he is the father of Haley's daughter Isla."

46. This statement contained false and defamatory statements, and painted Mr. Horvath in a false light.

47. On the website previously entitled "Exposing Family Cults" (now entitled "Exposing Family Abuse"), Plaintiffs stated: "He [Byron Horvath] has engaged in death threats against four people, and is currently using his own child as a pawn to get back at his ex-wife."

48. This statement contained false and defamatory statements, and painted Mr. Horvath in a false light.

49. On the website previously entitled "Exposing Family Cults" (now entitled "Exposing Family Abuse"), Plaintiffs stated: "Byron Horvath and his wife, Stefanie Vogt, have been preventing Isla from seeing her protective loving mother. Byron has been REPEATEDLY reported to CPS by Haley and Elise and others, and no investigation has been done."

50. This statement contained false and defamatory statements, and painted Mr. Horvath in a false light.

51. In addition to the statements described above, Plaintiffs have continued to post statements on the @lianashanti Instagram account which describe Mr. Horvath as a violent man, a child abuser, a pedophiles, a stalker, and a drug addict, among other things, exposing him to ridicule and scorn in his community.

**Factual Allegations as to Ms. Vogt-Horvath**

52. Plaintiffs have been using online resources, including Plaintiff Wilson's @lianashanti account on Instagram and an online website entitled "Exposing Family Cults" and/or "Exposing Family Abuse" (exposingfamilyabuse.com) to post false and defamatory statements about Ms. Vogt-Horvath.

53. On the exposingfamilyabuse.com website, Plaintiffs state: "Stefanie Horvath is the 'new' wife of Haley Winter's Ex husband Byron Horvath. Stefanie has radically changed her appearance when she began dating Byron to appear more and more like Haley. According to what Haley has shared, this woman has been leading the charge to remove Haley's little girl, Isla from her."

54. Since before 2022 and continuing on to the present day, on the Instagram account @lianashanti, Plaintiffs have regularly posted false and inflammatory statements about Ms. Vogt-Horvath which are too numerous to repeat verbatim in this pleading. The false and inflammatory statements have included—but are not limited to—photographs ridiculing Ms. Vogt-Horvath about her appearance, suggesting her husband Mr. Horvath never loved her nor wished to marry her, stating that she and Mr. Horvath "only have sex when they are drunk," and stating that their child was conceived while under the influence of drugs and alcohol. Plaintiffs also post statements and photographs falsely stating and suggesting that Ms. Vogt-Horvath supports pedophiles and child abusers. Plaintiffs also post statements falsely stating that Ms. Vogt-Horvath has deliberately sought to infringe on the custody rights of Mr. Horvath's ex-wife, Haley Winter. These statements are false and defamatory and paint Ms. Vogt-Horvath in a false light.

55. For example, on or about September 25, 2024—as well as on multiple other occasions—Plaintiffs posted a "Story" on Plaintiff Wilson's @lianashanti Instagram account which stated: "As if it couldn't get any more twisted, sick and evil… Stefanie Horvath – the woman so desperate to become Haley by morphing herself to look as much like her as she could … moving into Haley's marital home and bed, and EVEN leaving Haley's wedding gift of a picture up on the wall, the woman whose OWN MOTHER said on the wedding video that Stefanie wanted desperately to be with Byron for THIRTEEN YEARS … and who Haley said was DEPRESSED when Byron fell madly in love with HALEY and chose HER not Stefanie …"

56. This statement contained false and defamatory statements, and painted Ms. Vogt-Horvath in a false light.

57. Also on or about September 25, 2024, Plaintiffs posted a "Story" on Plaintiff Wilson's @lianashanti Instagram account which stated, along with a photo of Mr. Horvath and

Ms. Vogt-Horvath: "Stefanie posts this PUBLIC photo on her Facebook page pretending to be a happy family when the reality is FAR from it because the little girl you see disclosed abuse, beatings, being locked in her room, and was FORCIBLY separated from her PRIMARY caregiver… her mother …" This statement contained false and defamatory statements, and painted Ms. Vogt-Horvath in a false light.

58. Also on or about September 25, 2024, Plaintiffs posted a "PROTECTKIDS" highlight reel "Story" on Plaintiff Wilson's @lianashanti Instagram account that included two photographs of Ms. Vogt-Horvath with the following statement overlaying it: "This cancerous cluster of abusers thought that the MASSIVE effort they put into writing false letters about me would work to silence the truth. But as Jesus ALWAYS DOES … he turned their shit to PURE GOLD in that every ounce of energy they put towards their false narrative only served to AMPLIFY and show everyone their sick abuses of women and children … It resulted in the REVELATION that these very sick and twisted families had DECADES of abuses behind them…" This statement contained false and defamatory statements, and painted Ms. Vogt-Horvath in a false light.

59. On or about September 4, 2024, Plaintiffs posted a "Story" on Plaintiff Wilson's @lianashanti Instagram account that states "The ONLY focus of Byron and Stefanie Horvath, and Denos Tiblis, and the other abusers was one thing: SILENCE THE VICTIMS." Plaintiffs repeated this statement on @lianashanti on Instagram on multiple occasions since that time. This statement contained false and defamatory statements, and painted Ms. Vogt-Horvath in a false light.

## FIRST CLAIM FOR RELIEF: DEFAMATION

60. Defendants reallege and incorporate by reference the allegations in the preceding paragraphs of this Counterclaim as though fully set forth herein.

61. Defendants are not public figures. They hold no public office and have not voluntarily injected themselves into a public controversy.

62. Plaintiffs have made defamatory and false statements and disseminated defamatory and false information about Defendants to third parties as described above, including but not limited to false statements which call into question the character and integrity of Defendants and suggest they are prone to criminal behavior.

63. At the time Plaintiffs made and disseminated such statements to third parties *vis-à-vis* the internet and social media accounts, Plaintiffs knew the statements were false and/or had no reasonable basis for believing them to be true, and knew the statements would harm Defendants reputation and standing in their respective communities, and deter others from dealing with or supporting Defendants. Such statements were willfully made in reckless disregard for the truth or falsity of the statements.

64. Plaintiffs' statements, as described herein, are not protected by any privilege recognized in the State of Hawai'i.

65. Plaintiffs' statements, as described herein, are defamatory and libelous *per se.* The statements are of the type that tend to expose a living person such as Ms. Haygarth, Mr. Horvath, and Ms. Vogt-Horvath to hatred, contempt, or ridicule, to deprive each of them of the benefit of public confidence or social intercourse, or to injure each of them in their respective business affairs and/or occupation.

66. Defendants have been harmed by Plaintiffs' statements which have harmed their business relationships and personal relationships and caused them emotional distress.

**SECOND CLAIM FOR RELIEF: FALSE LIGHT/INVASION OF PRIVACY**

67. Defendants reallege and incorporate by reference the allegations in the preceding paragraphs of this Counterclaim as though fully set forth herein.

68. In publicizing the statements described herein, Plaintiffs gave publicity to matters concerning Ms. Haygarth, Mr. Horvath, Ms. Vogt-Horvath, and their families (including minor children) that placed each of them in a false light before the public and invaded their privacy.

69. In publicizing the statements described herein, the false light in which Plaintiffs placed Ms. Haygarth, Mr. Horvath, and Ms. Vogt-Horvath (and their families) would be highly offensive to a reasonable person and harm Ms. Haygarth, Mr. Horvath, and Ms. Vogt-Horvath's reputation and standing in their respective communities, and deter others from dealing with or supporting Ms. Haygarth, Mr. Horvath, and Ms. Vogt-Horvath.

70. In publicizing the statements described herein, Plaintiffs had knowledge of, or acted in a reckless disregard to, the falsity of the statements they publicized about Ms. Haygarth, Mr. Horvath, and Ms. Vogt-Horvath (and their families) and the false light into which Ms. Haygarth, Mr. Horvath, and Ms. Vogt-Horvath would be placed.

WHEREFORE, Defendants prays for judgment in their favor and against Plaintiff and for relief as follows:

A. For an award of general and special damages in an amount to be proven at trial;

B. For an award of punitive damages;

C. That the Court order judgment in favor of Defendants and against Plaintiffs on all claims herein;

D. For costs of suit incurred herein, including reasonable attorneys' fees and costs;

E. An injunctive order compelling Plaintiffs to remove from Instagram, Facebook, exposingfamilyabuse.com, and any other social media or website all false and defamatory statements about Defendants and/or their family members;

F. An injunctive order prohibiting Plaintiffs from making any false and/or defamatory statements about Defendants and/or their family members on social media and/or the internet in the future; and

G. Such other and further relief as the Court deems just and/or proper.

DATED: Honolulu, Hawai‘i, July 14, 2025.

*/s/ Laura P. Moritz*
LOUISE K.Y. ING
LAURA P. MORITZ

Attorneys for Defendant/Counterclaimant
PAULA HAYGARTH, BYRON HORVATH
and STEPHANIE HORVATH

N THE CIRCUIT COURT OF THE FIFTH CIRCUIT

STATE OF HAWAI‘I

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>Plaintiff/Counterclaim Defendants,<br><br>v.<br><br>PAULA HAYGARTH, BYRON HORVATH, JANE DOES 1-10, and JOHN DOES 2-10,<br><br>Defendants/ Counterclaimants. | CIVIL NO. 5CCV-22-0000107<br>(Other Civil Action)<br><br>**DEMAND FOR JURY TRIAL** |

**DEMAND FOR JURY TRIAL**

Defendant/Counterclaim Plaintiff Stefanie Horvath, by and through her undersigned attorneys, hereby demands a jury trial on all triable issues herein.

DATED: Honolulu, Hawai‘i, July 14, 2025.

/s/ Laura P. Moritz
LOUISE K.Y. ING
LAURA P. MORITZ

Attorneys for Defendant/Counterclaimant
PAULA HAYGARTH, BYRON HORVATH
and STEPHANIE HORVATH

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a true and correct copy of *Defendants Paula Haygarth, Byron Horvath, and Stefanie Horvath's Answer to First Amended Complaint, filed July 3, 2025 (Dkt. 443); First Amended Counterclaim; Demand for Jury Trial*, was duly served electronically through the Judiciary Electronic Filing System (JEFS) on all parties registered to receive service:

JEFFREY S. PORTNOY, ESQ.
Cades Schutte Building
1000 Bishop Street, Suite 1200
Honolulu, Hawaii 96813

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC,
a Nevada limited liability company dba
LIANA SHANTI ENTERPRISES and
LIANE WILSON, also known in the community as LIANA SHANTI

DATED: Honolulu, Hawai‘i, July 14, 2025.

*/s/ Laura P. Moritz*
LOUISE K. Y. ING
LAURA P. MORITZ

Attorneys for Defendants/Counterclaimants
PAULA HAYGARTH, BYRON HORVATH
and STEPHANIE HORVATH

# NOTICE OF ELECTRONIC FILING

Electronically Filed
FIFTH CIRCUIT
5CCV-22-0000107
14-JUL-2025
05:13 PM
Dkt. 452 NEF

An electronic filing was submitted in Case Number 5CCV-22-0000107. You may review the filing through the Judiciary Electronic Filing System. Please monitor your email for future notifications.

**Case ID:** 5CCV-22-0000107

**Title:** LIFE MASTERY NETWORK LLC, a Nevada limited liability company, d/b/a LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI vs PAULA HAYGARTH, BYRON HORVATH, STEFANIE HAOVATH JANE DOES 2-10, and JOHN DOES 1-10,

**Filing Date / Time:** MONDAY, JULY 14, 2025 05:13:52 PM

**Filing Parties:** Louise Ing
Laura Moritz

**Case Type:** Circuit Court Civil

**Lead Document(s):**

**Supporting Document(s):** 451-Answer

**Document Name:** 451-DEFENDANTS PAULA HAYGARTH, BYRON HORVATH, and STEFANIE HORVATH'S ANSWER TO FIRST AMENDED COMPLAINT, FILED JULY 3, 2025 (DKT. 443); FIRST AMENDED COUNTERCLAIM; DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE

If the filing noted above includes a document, this Notice of Electronic Filing is service of the document under the Hawai`i Electronic Filing and Service Rules.

---

This notification is being electronically mailed to:
Troy Young *( tcyoung@cades.com )*
Jeffrey S. Portnoy *( jportnoy@cades.com )*
Laura Pavloff Moritz *( laura.moritz@dentons.com )*
Louise K.Y. Ing *( louise.ing@dentons.com )*
Kathleen N. A. Watanabe *( kathleen.n.watanabe@courts.hawaii.gov )*

The following parties need to be conventionally served:
Stefanie Horvath

---

This filing type incurs a fee of $200.00. You must pay by credit card or in person.