CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY 1211
TROY C. YOUNG 11317
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4212
Telephone: (808) 521-9200
Fax: (808) 521-9210
Email: jportnoy@cades.com
Email: tcyoung@cades.com

Attorneys for Plaintiffs
LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>Plaintiffs,<br><br>v.<br><br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10,<br><br>Defendants. | CIVIL NO. 1:25-cv-00297-JAO-RT<br><br>**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' MEMORANDUM IN OPPOSITION TO COUNTERCLAIMANTS' MOTION FOR RULE 54(b) CERTIFICATION OF (1) THE ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF 92); AND (2) THE SPECIAL VERDICT FORMS ENTERED ON AUGUST 14, 2026 (ECF 245, 247, 249, 251, 253, 255), FILED SEPTEMBER 11, 2026 [ECF 274];** |

**DECLARATION OF COUNSEL; CERTIFICATE OF SERVICE**

Judge: Hon. Jill A. Otake
Trial: August 3, 2026

**PLAINTIFFS/COUNTERCLAIM DEFENDANTS' MEMORANDUM IN OPPOSITION TO COUNTERCLAIMANTS' MOTION FOR RULE 54(b) CERTIFICATION OF (1) THE ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF 92); AND (2) THE SPECIAL VERDICT FORMS ENTERED ON AUGUST 14, 2026 (ECF 245, 247, 249, 251, 253, 255), FILED SEPTEMBER 11, 2026 [ECF 274]**

## I. INTRODUCTION

Plaintiffs/Counterclaim Defendants LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI (collectively, "**Plaintiffs**"), by and through their counsel, Cades Schutte LLP, hereby submit this Memorandum in Opposition to Defendants/Counterclaimants' Motion pursuant to Rules 7 and 54(b) of the Federal Rules of Civil Procedure, and this Court's order entered at ECF No. 273.[1] Plaintiffs request a hearing on the Motion. L.R. 7.1(c).

## II. RELEVANT BACKGROUND

On August 13, 2026, the United States District Court for the District of Hawaii entered Special Verdict Forms as to Defendants' Counterclaims against the

[1] " Motion" refers to the Defendants' Motion for Rule 54(b) Certification of (1) The Order Granting In Part Defendants' Motion for Summary Judgment (ECF 92); and (2) The Special Verdict Forms Entered On August 14, 2026 (ECF 245, 247, 249, 251, 253, 255), filed on September 11, 2026, at ECF No. 274.

Plaintiffs. ECF Nos. 251, 253, and 255. The jury awarded Paula Haygarth damages in the amount of $2,100,000.00 for defamation *per se*, $1,600,000.00 in general damages for her false light claims against the Plaintiffs, and $10,000,000.00 in punitive damages. ECF No. 251. The jury awarded Byron Horvath damages in the amount of $1,600,000.00 for defamation *per se*, $1,600,000.00 in general damages for his false light claims against the Plaintiffs, and $10,000,000.00 in punitive damages. ECF No. 253. The jury similarly awarded Stefanie Horvath damages in the amount of $1,600,000.00 for defamation *per se*, $1,600,000.00 in general damages for her false light claims against the Plaintiffs, and $10,000,000.00 in punitive damages. ECF No. 255.

On August 28, 2026, Defendants filed their Proposed Judgment in a Civil Case construed by this Court as a request for partial judgment under Rule 54(b) of the Federal Rules of Civil Procedure. ECF Nos. 272 and 273.[2] On August 31, 2026, this Court entered an order requiring the Defendants to file a motion for partial judgment by September 11, 2026. On September 11, 2026, Defendants filed the subject Motion requesting Rule 54(b) certification. ECF No. 274. Defendants intend to file a motion for equitable relief no later than September 31, 2026. ECF No. 275.

---

[2] Defendants' First Amended Counterclaim includes prayers for injunctive relief and equitable relief. *See* ECF No. 82 at Exhibit 5.

## III. OTHER JUDGES IN THE UNITED STATES DISTRICT COURT OF HAWAII HAVE DECIDED THAT RULE 54(b) CERTIFICATION IS NOT APPROPRIATE.

Under Rule 54(b) of the Federal Rules of Civil Procedure, a court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FRCP 54(b). "Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the clams or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.*

The United States District Court for the District of Hawaii has found in several instances that Rule 54(b) certification is not in the interest of sound judicial administration. *See Aana v. Pioneer Hi-Bred Int'l, Inc.*, No. CV 12-00231 LEK-BMK, 2015 WL 12912451, at *2 (D. Haw. June 4, 2015) (denying Rule 54(b) certification after noting that the prior rulings and remaining claims were inextricably intertwined and if the court were to certify a Rule 54(b) judgment and appeal was taken, the appeal would require the court to stay the remainder of the case and would unduly delay the resolution of the remaining claims); *Cabasug v. Co.*, No. CV 12-00313 JMS/BMK, 2014 WL 12573385, at *4 (D. Haw. May 20, 2014) (denying Rule 54(b) certification and explaining that the action involves

numerous overlapping issues). The "burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." *Imamoto v. Soc. Sec. Admin.*, No. CIV.08-00137JMS/KSC, 2008 WL 5025005, at *2 (D. Haw. Nov. 25, 2008) (internal citations omitted). The court must consider (1) whether the decision is final, i.e., an ultimate disposition of an individual claim entered in the course of a multiple claims action; and (2) if the claim is final, whether there is any just reason for delay. *Id.* Courts may also evaluate "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeal." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465 (1980). "Rule 54(b) certification should be used sparingly." *O'Hailpin v. Hawaiian Airlines, Inc.*, No. CV 22-00532 HG-WRP, 2025 WL 1726142, at *2 (D. Haw. June 20, 2025) (citing *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004)). "Similarity of legal or factual issues weighs heavily against entry of judgment pursuant to Fed. R. Civ. P. 54(b)." *O'Hailpin*, No. CV 22-00532 HG-WRP, 2025 WL 1726142, at *2 (citing *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).

In *Aana*, this Court issued an order inviting the parties to submit briefing on the issue of whether it should certify a Fed. R. Civ. P. 54(b) judgment in the case.

*Aana v. Pioneer Hi-Bred Int'l, Inc.*, No. CV 12-00231 LEK-BMK, 2015 WL 12912451, at *1 (D. Haw. June 4, 2015). The United States District Court for the District of Hawaii subsequently denied entry of a Rule 54(b) judgment based upon the judicial economies of the case. *Id.* at *2. There, the court recognized that resolution of the remaining plaintiffs' claims would be based on the substantive rulings previously issued in the case, and the outstanding factual issues relate only to the remaining plaintiffs' proof of damages. *Id.* Thus, the court found that the prior rulings and remaining Plaintiffs' claims were inextricably intertwined and an appeal likely would require the court to stay the remainder of the case, which would unduly delay the resolution of the remaining plaintiffs' claims. *Id.* The court further noted that resolution of the remaining plaintiffs' claims would take a relatively short amount of time, in comparison to the amount of time that the case had been pending. Accordingly, the court denied entry of a Rule 54(b) judgment. *Id.*

## IV. RULE 54(b) CERTIFICATION IS NOT APPROPRIATE HERE.

Defendants contend that Rule 54(b) certification is appropriate and argue that there are no issues connected with injunctive relief to delay the entry of a judgment. *See* ECF No. 274 at 8-9. Defendants rely on *Thomas J. Kline, Inc. v. Lorillard, Inc.*, 674 F.Supp. 183, 185 (D. Md. 1987), *order rev'd on other grounds*, 878 F.2d 791 (4th Cir. 1989). *See id.* In T*homas J. Kline, Inc.*, the United States District Court for the District of Maryland determined that the court had not yet entered an

injunction pursuant to 15 U.S.C. § 26, and viewed the demand for antitrust relief as not a claim for relief in the Rule 54 sense because it did not arise from a separate set of facts. *Thomas J. Kline, Inc. v. Lorillard, Inc.*, 674 F.Supp. 183, 185 (D. Md. 1987). Hence, the United States District Court of Maryland entered final judgment pursuant to Rule 54(b) on the jury's verdict claims for monetary damages for breach of contract and antitrust damages. *Id.*

*Thomas J. Kline, Inc.* is not applicable in this district court or the Ninth Circuit. As noted above, under Ninth Circuit precedent, "[s]imilarity of legal or factual issues weighs heavily against entry of judgment pursuant to Fed. R. Civ. P. 54(b)." *O'Hailpin*, No. CV 22-00532 HG-WRP, 2025 WL 1726142, at *2 (citing *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).

Defendants further argue that if they elected to waive their pursuit of equitable remedies, or if the Court finds injunctive relief inappropriate, "there is no question the matters already decided would warrant entry of a final judgment." ECF No. 274 at 9. But Defendants in fact "intend to file a motion for equitable relief[.]" ECF No. 275. Defendants, therefore, concede that entry of a final judgment is not appropriate at this time.

Finally, Defendants contend that this Court should enter judgment under Rule 54(b) because "[d]elay in being able to execute on the jury's Verdict carries the high potential to be economically prejudicial to [Defendants] . . . given Plaintiffs' history

and prior criminal conviction for unlawful concealment of assets." ECF No. 274 at 9. But Defendants have not offered evidence of Plaintiffs concealing assets during this case or conveying property that could jeopardize Defendants' collection efforts. *See United States v. Sandwich Isles Communications, Inc.,* No. CV 18-00145 JMS-RT, 2020 WL 544692, at *3 (D. Haw. Feb. 3, 2020) (noting desire to preserve party's ability to collect on a claim that the court already determined to be meritorious following representations of a bankruptcy proceeding and post-insolvency conveyances of property that could jeopardize collection efforts).

"Rule 54 requires a certifiable judgment finally to resolve at least one claim in a multiple-claim action or finally to adjudicate the position of at least one party to a multiple-party action. That is, claims must be multiple and at least one must have been adjudicated finally." *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1524 (9th Cir. 1987).[3] Here, neither condition is met. The injunctive relief sought relates to all of the counterclaims upon which Defendants prevailed as counterclaimants. Because the remaining injunction remedy makes up part of the counterclaims, the requisite finality is not present here.[4] There is not a single

---

[3] "The word 'claim' in Rule 54(b) refers to a set of facts giving rise to legal rights in the claimant[.]" *CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695, 697 (9th Cir. 1961).

[4] A request for an injunction is not a cause of action. *See, e.g., Atlas Ins. Agency, Inc. v. Ulmann*, No. CV 24-00391 JAO-KJM, 2024 WL 5344432, at *3 n.3 (D. Haw. Nov. 25, 2024) (Otake, J.) ("'injunctive relief' standing alone is not a cause

counterclaim that is resolved. Moreover, the injunctive relief still sought goes to all of the Plaintiffs as counterclaim defendants and in favor of all Defendants as counterclaimants. There is also not a final adjudication as to at least one party. Accordingly, there is no legal basis for a Rule 54(b) partial judgment.

Rule 54(b) certification is also not justified because the issues between the damages and equitable relief flowing from the liability for the same statements will necessarily involve factual and legal overlap. If a statement is not found as defamatory under the First Amendment, for example, then it will require reversal of the damages award and any injunctive relief founded on the same statement. The Ninth Circuit has explained that "[w]e particularly scrutinize a district judge's rule 54(b) certification ... to 'prevent piecemeal appeals in cases which should be reviewed only as single units." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 879 (9th Cir. 2005). There should be a single appeal from one final judgment resolving all of the legal and equitable claims based on the same challenged allegedly defamatory statements. Piecemeal appeals are simply not appropriate. *See Arizona State Carpenters Pension Tr. Fund v. Miller,* 938 F.2d 1038, 1040 (9th Cir. 1991) (seeking a different remedy under the same underlying claim is not a separate claim permitting Rule 54(b) certification).

---

of action"), *opinion clarified on other grounds*, 2025 WL 3554267 (D. Haw. Aug. 25, 2025).

The prior rulings and remaining claims for injunctive relief are clearly inextricably intertwined—they relate to Defendants' defamation and false light claims against the Plaintiffs as Defendants seek an injunction removing social media posts and an injunction prohibiting Plaintiffs from posting any statements on social media about the Defendants that were found to be defamatory. ECF No. 275. The request for injunctive relief arises from the same set of facts and would give rise to successive appeals that turn on identical facts and related issues. Accordingly, this Court should deny the Motion and Rule 54(b) certification.

## V. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Court deny the Motion.

DATED: Honolulu, Hawaii, September 18, 2026.

CADES SCHUTTE
A Limited Liability Law Partnership

*/s/ Jeffrey S. Portnoy*
JEFFREY S. PORTNOY, ESQ.
TROY C. YOUNG, ESQ.

Attorneys for Plaintiffs/Counterclaim Defendants
LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,<br><br>Plaintiffs,<br>v.<br>PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH; JANE DOES 2-10, and JOHN DOES 1-10,<br><br>Defendants. | CIVIL NO. 1:25-cv-00297<br>(Other Civil Action)<br><br>**DECLARATION OF COUNSEL** |

**<u>DECLARATION OF COUNSEL</u>**

STATE OF HAWAII )<br>
) SS.<br>
CITY AND COUNTY OF HONOLULU )

I, JEFFREY S. PORTNOY, being first duly sworn, deposes and says:

1. I am an attorney at Cades Schutte LLP, counsel for Plaintiffs/Counterclaim Defendants LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI (collectively, "**Plaintiffs**") named in the above-captioned civil matter docketed as *Life Mastery*

*Network LLC, et al. v. Paula Haygarth, et al.*; Civil No. 1:25-cv-00297, United States District Court for the District of Hawaii (the "**Subject Lawsuit**").

2. I submit this Declaration in support of the foregoing briefing filed in the above-captioned case.

3. On August 24, 2026, I had a meet and confer call with Defendants' counsel, Laura Moritz, Esq. and Louise Ing, Esq., wherein I explained the substance of this briefing and Plaintiffs' position with respect to Defendants' proposed judgment.

4. I was made aware by Defendants' counsel that Defendants intended to submit a proposed judgment for this Court's consideration which included a Rule 54(b) certification.

5. On August 24, 2026, I alerted Defendants' counsel that in order to grant Rule 54(b) certification, the Court must first make a determination as to whether Rule 54(b) certification is appropriate under the circumstances of this case and whether there is no just reason for delay.

6. I shared with Defendants' counsel that Defendants' draft of their proposed judgment included a statement that there are pending equitable claims for relief in this action, which Plaintiffs assert are inextricably intertwined with the defamation and false light claims.

7. This Court should avoid piecemeal appeals and find that the entry of a

judgment be delayed until this Court decides Defendants' equitable claims.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

DATED: Honolulu, Hawaii, September 18, 2026.

*/s/ Jeffrey S. Portnoy*
JEFFREY S. PORTNOY