LOUISE K.Y. ING 2394
LAURA P. MORITZ 7860
JOSEPH B. ADAMS 11434

DENTONS US LLP
1001 Bishop Street, Suite 1800
Honolulu, HI 96813
Telephone: 808 524 1800
Facsimile: 808 524 4591
Email: louise.ing@dentons.com
laura.moritz@dentons.com
joseph.adams@dentons.com

Attorneys for Defendants/Counterclaimants
PAULA HAYGARTH, BYRON HORVATH,
and STEFANIE HORVATH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LIFE MASTERY NETWORK LLC, a Nevada limited liability company dba LIANA SHANTI ENTERPRISES and LIANE WILSON, also known in the community as LIANA SHANTI,

Plaintiffs/Counterclaim Defendants,

v.

PAULA HAYGARTH, BYRON HORVATH, STEFANIE HORVATH, JANE DOES 2-10, and JOHN DOES 1-10,

Defendants/ Counterclaimants.

CIVIL NO. 1:25-cv-00297-JAO-RT

**COUNTERCLAIMANTS' REPLY IN SUPPORT OF THEIR *MOTION FOR EQUITABLE RELIEF REGARDING DEFAMATORY STATEMENTS*, FILED ON SEPTEMBER 21, 2026 [DKT. 278]; DECLARATION OF LAURA P. MORITZ; DECLARATION OF PAULA HAYGARTH; EXHIBITS "J"-"Q"**

**<u>Hearing:</u>**
Date: November 6, 2026
Time: 9:30 a.m.

Judge: Honorable Jill A. Otake
Trial: August 3, 2026

# **TABLE OF CONTENTS**

I. INTRODUCTION ....................................................................................1

II. ARGUMENT ..........................................................................................2

A. An Order to Remove Existing, Adjudicated Statements from Plaintiffs' Website is Not a Prior Restraint ..................................................2

B. There is No Constitutional Interest in Repeating Defamatory Statements .....4

C. A Collateral Attack on the Jury's Verdict Cannot Defeat the Motion ...........7

D. Plaintiffs' Actions Constitute a Continuing Harm & Inflict Continuing, Irreparable Injury Upon Counterclaimants ..........................................7

E. There is No Public Interest In Defamatory Speech ...................................10

F. Plaintiffs' Request for Certification to the *Hawai'i Supreme Court* ............11

III. CONCLUSION .......................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alberti v. Cruise*,
383 F.2d 268 (4th Cir. 1967) ....................................................10

*Alexander v. United States*,
509 U.S. 544 (1993)....................................................2, 5

*Arizona Dream Act Coalition v. Brewer*
757 F.3d 1053 (9th Cir. 2014) ....................................................9

*B2Gold Corp. v. Christopher*,
Case No. 1:18-cv-1202, 2020 WL 2846633 (E.D. Va. May 28, 2020) ....................................................4, 9, 10

*Bantam Books, Inc. v. Sullivan*,
372 U.S. 58 (1963)....................................................5

*Levine v. U.S. District Court for Central District of California*,
764 F.2d 590 (9th Cir. 1985) ....................................................5

*Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union*,
239 F.3d 172 (2d Cir. 2001) ....................................................6, 9

*Nebraska Press Ass'n v. Stuart*,
427 U.S. 539 (1976)....................................................10

*New Era Publications Int'l, ApS v. Henry Holt & Co., Inc.*,
695 F.Supp. 1493 (S.D.N.Y. 1988) ....................................................5

*Oakley, Inc. v. McWilliams*,
879 F.Supp.2d 1087 (C.D. Cal. 2012) ....................................................6

*Org. for a Better Austin v. Keefe*,
402 U.S. 415 (1971)....................................................5

*Saadi v. Maroun*,
No. 8:07-cv-01976-T-24-MAP, 2009 WL 3617788 (M.D. Fla. Nov. 2, 2009) ....................5, 9

*Sindi v. El-Moslimany*,
896 F.3d 1 (1st Cir. 2108)....................6

*Teutscher v. Woodson*,
835 F.3d 936 (9th Cir. 2016) ....................4, 7

*Tilton v. Cap. Cities/ABC Inc.*,
827 F.Supp. 675 (N.D. Okla. 1993)....................10

*Wagner Equipment Co. v. Wood*,
893 F.Supp. 1157 (D. NM 2012)....................5, 9

**State Cases**

*Balboa Island Village Inn v. Lemen*,
40 Cal.4th 1141, 56 P.3d 339 (2007)....................5, 9

*D'Ambrosio v. D'Ambrosio*,
45 Va. App. 323 (Va. App. 2005)....................9

*Demby v. English*,
667 So.2d 350 (Fla. Dist. Ct. App. 1995)....................6

*Kinney v. Barnes*,
443 S.W.3d 87 (Tex. 2014)....................3, 6

**Federal Rules of Civil Procedure**

Rule 54(b)....................11

**Constitutional Provisions**

Constitution of the United States, First Amendment....................1, 11

**Other Authorities**

*United States v. Liane Wilson*,
Case No. 1:19-cr-00105-HG....................3

**COUNTERCLAIMANTS' REPLY IN SUPPORT OF THEIR *MOTION FOR EQUITABLE RELIEF REGARDING DEFAMATORY STATEMENTS*, FILED ON SEPTEMBER 21, 2026 [DKT. 278]**

## I. INTRODUCTION

The problem with Plaintiffs' Opposition is that it ignores the fact that Counterclaimants' Motion does not seek to restrict protected speech. Speech that has been adjudicated as defamatory is not protected by the First Amendment, and Counterclaimants' Motion established that equitable relief is appropriate. Plaintiffs' Opposition argues against an order different than that proposed by Counterclaimants and mischaracterizes the nature of the relief sought. To summarize:

- An order to remove existing, adjudicated defamatory statements is not a prior restraint because it addresses the type of statements already made by Plaintiffs and already adjudicated as defamatory;
- There is no constitutional interest in protecting speech that has been adjudicated as defamatory, and the Motion seeks to curb such ***adjudicated*** speech, not Plaintiffs' speech generally;
- Plaintiffs may not defeat the Motion by attacking those portions of the verdict with which they disagree. The Court must accept the jury's findings in deciding whether equitable relief is appropriate;
- Damages for past defamation does not cure Plaintiffs' ongoing republication which continues to occur, and Ms. Wilson's declaration does not support her claim that there is "no continuing harm"; and
- Defamatory speech serves no public interest.

Plaintiffs' conduct since the Motion was filed confirms equitable relief is necessary. Since the Motion was filed—and in direct contradiction with Plaintiff Liane

Wilson's ("**Wilson**") self-serving declaration—Plaintiffs have continued to post defamatory statements about Counterclaimants which paint Mr. Horvath as a child abuser and sexual predator and allege that Ms. Horvath enables and supports child abuse. Equitable relief requiring Plaintiffs to remove adjudicated statements from the Internet and cease repeating them in the future is appropriate and supported by applicable case law.

## II. ARGUMENT

### A. An Order to Remove Existing, Adjudicated Statements from Plaintiffs' Website is Not a Prior Restraint

As Plaintiffs' own authority confirms, a prior restraint is an order that forbids certain communications "when issued ***in advance*** of the time that such communications occur." *Alexander v. United States*, 509 U.S. 544, 550 (1993) (emphasis provided). An order requiring Plaintiffs to remove statements already made on their website (www.exposingfamilyabuse.com), however, does not operate "in advance" of anything. The statements at issue have already been published on the website, have already been tried to a jury or adjudicated on summary judgment, and have already been found to be false and defamatory *per se*. ECF 92 at PageID.1857-58; ECF 251 at PageID.6588, 6591; ECF 255 at PageID.6637. Requiring Plaintiffs to take down speech already adjudicated to be unlawful is a remedy for wrongdoing which continues to the present day, not a constraint against future expression. The Opposition does not grapple with this distinction, and

Plaintiffs' own authority took no issue with an order to remove adjudicated defamatory statements from the Internet. *See Kinney v. Barnes*, 443 S.W.3d 87, 89 (Tex. 2014) (holding that an injunction which requires the "removal or deletion" or speech "does not enjoin future speech and thus is not a prior restraint").

Wilson's contention that she lacks control over the website is not credible and should not be a basis for denying the relief requested.[1] Her disavowal of the website is belied by other statements she has made before the District Court of the District of Hawaii in her criminal proceeding.[2] Wilson admitted and boasted about creating this website in statements she made before Judge Mollway in the Criminal Case (now presided over by Judge Gillmor). On August 2, 2023, Wilson submitted her *Redacted August 2, 2023 Position Statement* in the Criminal Case at Dkt. 125 where she stated that she created the website and submitted a screen shot of an intake form used on the website. *See* **Exhibit O**. In a separate filing in the Criminal Case (at Dkt. 123 therein), she discusses the reasoning behind her decision to create the website and states that "[t]here are volunteers who manage and run the EFA website." **Exhibit P**. The Court previously took judicial notice of the docket in the

---

[1] In her declaration, Ms. Wilson states simply "I neither own nor have any control over the www.exposingfamilyabuse.com website. In other words, I do not have the ability to remove posts from the www.exposingfamilyabuse.com website." ECF 281-1 at PageID.8499, ¶ 3.

[2] *United States v. Liane Wilson*, Case No. 1:19-cr-00105-HG, hereinafter referred to as the "**Criminal Case**."

Criminal Case;[3] these statements are not subject to dispute now and Wilson may not conveniently disavow herself of involvement to avoid responsibility. At trial, the jury agreed and found that Plaintiffs were responsible for the statements on the website (ECF 251 at PageID.6588, 6591; ECF 255 at PageID.6637); the jury did not believe testimony to the contrary and the Court is bound by that determination. *Teutscher v. Woodson*, 835 F.3d 936, 944 (9th Cir. 2016). Finally, it is notable that Wilson's declaration does not identify who owns or controls the site now, does not identify or explain the relationship of the current owner to Plaintiffs, and does not deny that the statements made in Trial Exhibits 1054 and 1106 remain online. Indeed, as of September 16, 2026, they did. ECF 278-2 ¶¶ 3-7, Exhibits C-F. These omissions and Wilson's lack of credibility matter. Plaintiffs cannot defeat Counterclaimants' Motion by simply lying about their involvement with the website, especially where these lies have been conclusively disproved.

### B. There is No Constitutional Interest in Repeating Defamatory Statements

Plaintiffs argue against prior restraints generally, but do not acknowledge nor make any effort to distinguish those cases which instruct that statements which have been adjudicated as defamatory are the proper subject of narrowly tailored injunctive relief. *See B2Gold Corp. v. Christopher*, Case No. 1:18-cv-1202, 2020 WL 2846633,

[3] *See* **Exhibit Q** (April 9, 2026 Transcript of Hearing on Various Motions).

*7 (E.D. Va. May 28, 2020); *Wagner Equipment Co. v. Wood*, 893 F.Supp. 1157 (D. NM 2012); *Saadi v. Maroun*, No. 8:07-cv-01976-T-24-MAP, 2009 WL 3617788 (M.D. Fla. Nov. 2, 2009); *Balboa Island Village Inn v. Lemen*, 40 Cal.4th 1141, 1155-56, 56 P.3d 339, 349 (2007). Plaintiffs ignore these authorities in their brief entirely; they cannot refute them or explain why they do not apply here. They do. The statements in question here were adjudicated to be defamatory (ECF 92 at PageID.1857-58; ECF 251 at PageID.6583-6588, 6591; ECF 253 at PageID.6608-6616; ECF 255 at PageID.6637-6645) and Counterclaimants seek specific, narrow relief enjoining Plaintiffs from republicizing those statements. ECF 278 at PageID.8351, 8368.

Plaintiffs' authorities, on the other had, are easily distinguished because almost all of them concern different forms of speech—not statements adjudicated as defamatory. *Alexander v. United States*, *supra*, did not concern adjudicated defamatory statements; it concerned forfeiture of assets used in activities prohibited by RICO. *Levine v. U.S. District Court for Central District of California*, 764 F.2d 590 (9th Cir. 1985) concerned a restraining order regarding trial publicity, not statements adjudicated to be defamatory. *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58 (1963) concerned regulation of obscenity, not statements adjudicated to be defamatory. *Org. for a Better Austin v. Keefe*, 402 U.S. 415 (1971) concerned "peaceful pamphleteering," not adjudicated statements. *New Era Publications Int'l,*

*ApS v. Henry Holt & Co., Inc.*, 695 F.Supp. 1493 (S.D.N.Y. 1988) concerned copyright infringement and fair use in a book about L. Ron Hubbard. In *Demby v. English*, 667 So.2d 350 (Fla. Dist. Ct. App. 1995), the question was whether to award attorneys' fees to defendant where plaintiff had dismissed a defamation claim voluntarily; no statements had been adjudicated as defamatory. *Metro. Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union*, 239 F.3d 172 (2d Cir. 2001) concerned a preliminary injunctive order found to be too vague and did not concern statements which had been adjudicated as defamatory.

*Kinney*, *supra*, is also distinguishable here. In that case, the Supreme Court of Texas found that permanently enjoining the defendant from making similar defamatory statements "in any form" in the future constituted an impermissible prior restraint. 443 S.W.3d at 93. *Oakley, Inc. v. McWilliams*, 879 F.Supp.2d 1087 (C.D. Cal. 2012) is also distinguishable because in that case, the plaintiff sought to prohibit general categories of statements. 879 F.Supp.2d at 1089. *Sindi v. El-Moslimany*, 896 F.3d 1 (1st Cir. 2108), as Plaintiffs acknowledge, concerned a case where the injunction sought swept "more broadly than necessary." Here, unlike these cases, the forward-looking injunctive relief sought by Counterclaimants is narrowly tailored. Because these authorities are readily distinguished and outside this jurisdiction in any event, the Court is free to direct the narrowly tailored injunctive relief requested here.

### C. A Collateral Attack on the Jury's Verdict Cannot Defeat the Motion

Plaintiffs may not defeat the Motion by attacking the jury's verdict. Plaintiffs argue the verdict included statements which "never should have been found defamatory" (ECF 281 at PageID.8488), but that is not for the Court to decide here because it is bound by the factual findings of the jury verdict. *Teutscher v. Woodson*, *supra*, citing *L.A. Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir. 1992). "Because the Seventh Amendment's second clause 'prohibit[s] … the courts of the United States to re-examine any facts tried by a jury' except as permitted under the narrow ['rules of the] common law,' the court then must abide by the jury's findings of fact in making any subsequent rulings." *Id.* Plaintiffs are free to challenge the jury's findings by an appropriate motion in due course, but for purposes of this Motion, the jury's verdict is the authority on whether or not Plaintiffs' statements were adjudicated to be defamatory.

### D. Plaintiffs' Actions Constitute a Continuing Harm & Inflict Continuing, Irreparable Injury Upon Counterclaimants

The Opposition argues Counterclaimants' reputational harm "has already occurred" and that because Wilson "does not intend to post any false statement about [Counterclaimants] in the future," "[t]here is … no continuing harm for an injunction to prevent." Opposition at 5-6 (ECF 281 at PageID.8486-87).

As discussed in Section II.A., above, the fact that adjudicated, defamatory statements remain on the www.exposingfamilyabuse.com website constitutes a continuing harm against Counterclaimants. Having broadcast these defamatory statements on the Internet, Plaintiffs cannot be permitted to just leave them there for anyone to rediscover by a simple Google search. Wilson's stated intention "not to post any false statement" about Counterclaimants, even taken at its word,[4] does not support the argument that she should be prohibited from repeating statements already found to be defamatory. Indeed, if she does not "intend" to repeat those statements already found to be defamatory, then Plaintiffs should take no issue with a Court order specifically prohibiting such conduct.[5] In reality, however, Wilson's

[4] Wilson's October 12, 2026 declaration stating that she "does not intend to post any false statement" about Counterclaimants in the future is false. ECF 281-1. Beginning as early as October 9, 2026, Wilson had already started posting about the trial and Counterclaimants on her @lianashanti Instagram account. In an October 9 post, Wilson talked about her intention to secure a new trial and to preserve alleged information she has about Byron Horvath's alleged abuse of his daughter, Isla. *See* **Exhibit J**. In another October 9 post, Wilson suggested that Stefanie Horvath is covering up child abuse, abusing drugs and alcohol, and may be involved in child trafficking. **Exhibit K**. On October 11, Wilson posted about Ms. Horvath again, saying that her kids will "know what their mother did" and that "[s]o much evidence [is] being collected, so much already collected…" **Exhibit L**. On October 14, Wilson's posts about the Horvaths continued in the form of posting a photo of their minor daughter Isla (without permission) where she suggested the Horvaths abused Isla while she was recovering from open heart surgery. *See* **Exhibit N**.

[5] Although not related to this Motion, it is worth mention that Plaintiffs have also resumed posting inflammatory comments about *witnesses* who testified at trial on Counterclaimants' behalf. Given Plaintiffs' stated goal to have a new trial following an appeal of this jury's verdict, Counterclaimants bring this conduct to the Court's attention. *See* **Exhibit J** ("During my defamation trial, BYRON HORVATH showed

true intention to repeat the adjudicated defamatory statements is shown by the qualifying language in her declaration: "I will not post in the future any statement about the [Counterclaimants] **that I know to be false** …" ECF 281-1, PageID.8500, ¶ 9 (emphasis added). Wilson has left herself an opening to feign ignorance of falsity about the adjudicated defamatory statements in order to justify republication. The Motion should be granted.

Plaintiffs argue that they have "the constitutional right to speak freely without censorship," (ECF 281 at PageID.8488) but that right does not extend to statements which have been adjudicated to be defamatory. *B2Gold Corp.*, *supra*; *Wagner Equipment*, *supra*; *Saadi*, *supra*; and *Balboa Island Village Inn*, *supra.* Again, Plaintiffs' authorities fail to support the result they urge here. *Arizona Dream Act Coalition v. Brewer* 757 F.3d 1053 (9th Cir. 2014) was not a defamation case; it concerned a community organization which challenged state policies regarding a DACA program. *Metro. Opera*, *supra*, concerned a preliminary injunction, not statements adjudicated to be defamatory. *D'Ambrosio v. D'Ambrosio*, 45 Va. App. 323 (Va. App. 2005) also did not concern any findings regarding defamation; the

---

the jury 3 'unfounded' reports from CPS as if that proved ANYTHING. It doesn't. But a jury uneducated on what is going on in family courts would think it's convincing. In the next trial, after appeal, ALL of the evidence WILL be shown. Mark my words…;" the post goes on to allege that Haley Winter failed to protect her daughter Isla from alleged child abuse); **Exhibit M** (posting inflammatory statements about Amanda Brady's home and young child).

plaintiff in that case had not yet pursued her remedy at law, unlike here, where Counterclaimants have prevailed on their substantive claims. Likewise, the decisions of *Alberti v. Cruise*, 383 F.2d 268 (4th Cir. 1967) and *Tilton v. Cap. Cities/ABC Inc.*, 827 F.Supp. 675 (N.D. Okla. 1993) did not have any specific findings of defamation, unlike here. These authorities do not support Plaintiffs' argument that Counterclaimants failed to establish irreparable and continuing harm, and the Motion should be granted.

**E. There is No Public Interest In Defamatory Speech**

The continued publication of defamatory statements serves no public interest and the public interest will not suffer from a narrowly tailored injunction prohibiting repetition of those statements already determined to be defamatory. *B2Gold Corp.*, *supra*, 2020 WL 2846633 at *7. The case cited by Plaintiffs, *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539 (1976) is not persuasive authority on the issue of public interest in this context. *Nebraska Press* concerned a prior restraint on pretrial publicity, not adjudicated defamatory statements. As discussed at length in the Motion and in this Reply, there is no protected interest in defamatory speech and defamatory statements serve no public interest. Failing to enjoin republication of the adjudicated statements, however, will surely result in repetitive litigation consuming the resources of the parties and the judicial system, all of which should be unnecessary given the fact that the statements in question have already been

adjudicated as defamatory. Requiring the parties to repeat their litigious efforts in the event of republication and use court resources serves no one's interest, and certainly not the public's interest.

**F. Plaintiffs' Request for Certification to the *Hawai'i Supreme Court***

Certification to the Hawai'i Supreme Court is unnecessary because this Court may make its determinations in accord with the First Amendment of the Constitution of the United States. In any event, although Counterclaimants take no position with respect to Plaintiffs' request for certification of the issue of whether adjudicated defamatory statements may be the subject of narrowly tailored injunctive relief, Counterclaimants oppose any such effort that would delay entry of final judgment of those issues already decided in this matter. Therefore, in the event the Court is inclined to so certify, Counterclaimants reiterate their request that Rule 54(b) certification of (1) the order granting in part Counterclaimants' Motion for Summary Judgment (ECF 92) and (2) the Special Jury Verdict Forms entered on August 14, 2026 (ECF 245, 247, 249, 251, 253, 255) as final.

## III. CONCLUSION

Accordingly, as discussed in the Motion and herein, Counterclaimants' request for an order (1) requiring that Plaintiffs permanently "de-publish" those statements identified in section II.A of the Motion within ten (10) days of the

issuance of the order on this motion, and (2) enjoining Plaintiffs from repeating such statements already found to be defamatory should be granted.

DATED: Honolulu, Hawaiʻi, October 22, 2026.

/s/ Laura P. Moritz
LOUISE K.Y. ING
LAURA P. MORITZ
JOSEPH B. ADAMS

Attorneys for Defendants/Counterclaimants
PAULA HAYGARTH, BYRON
HORVATH, and STEFANIE HORVATH